**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
Madeline P. Skitzki (Cal. Bar No. 318233)
mskitzki@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:    (213) 239-5100
Facsimile:     (213) 239-5199

Attorneys for Defendants
Apple Inc. and Apple Value Services, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BARRETT, et al., | Case No. 5:20-cv-4812-EJD |
| Plaintiff, | The Honorable Edward J. Davila |
| v. | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLE'S MOTION TO DISMISS** |
| APPLE INC. and APPLE VALUE SERVICES, LLC, | |
| Defendants. | |

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendants Apple Inc. and Apple Value Services, LLC (collectively "Apple") hereby request that the Court take judicial notice of the following exhibits submitted in connection with Apple's concurrently-filed Motion to Dismiss:

- Attached as **Exhibit 1** is a true and correct set of photographs of a $50 Apple gift card, which was purchased and photographed by Apple's counsel on August 18, 2020 from a Rite Aid drugstore in Los Angeles, California.

- Attached as **Exhibit 2** is a true and correct compilation of web pages from Apple's website, which were taken by Apple's counsel on October 1, 2020 and include the web pages a consumer would view if he or she purchased an Apple gift card from Apple's website.

- Attached as **Exhibit 3** is a true and correct copy of the web page "About Gift Card Scams," which is available on Apple's website.

- Attached as **Exhibit 4** is a true and correct copy of an October 2018 press release from the Federal Trade Commission titled "Paying Scammers with Gift Cards," which is available on the FTC's website.

- Attached as **Exhibit 5** is a true and correct copy of a November 24, 2010 press release from the Federal Trade Commission titled "FTC Has Gift Card Tips for Holiday Buying," which is available on the FTC's website.

- Attached as **Exhibit 6** is a true and correct copy of a December 2019 press release from the Federal Deposit Insurance Corporation titled "FDIC Consumer News: What You Should Know About Gift Cards," which is available on the FDIC's website.

## ANALYSIS

Federal Rule of Evidence 201 instructs that a court may take judicial notice of any fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, "[o]n a motion to dismiss, [a federal court] may take judicial notice of matters of public record outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *see also Hairston v. S. Beach Beverage Co.*, No. 12-1429, 2012 WL 1893818, at *2 (C.D. Cal. May 18, 2012) ("[A] court may consider material which

is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.").

First, in evaluating a Rule 12 motion, courts are entitled to consider "evidence on which the complaint 'necessarily relies,'" even if the evidence is not physically attached to the complaint. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (holding that a district court ruling on a motion to dismiss may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading"). Such documents may be introduced through a request for judicial notice. *See In re Northpoint Commc'ns Grp., Inc. Sec. Litig.*, 221 F. Supp. 2d 1090, 1095 (N.D. Cal. 2002) (permitting courts to take judicial notice of documents relied on in a complaint).

Here, Plaintiffs claim, *inter alia*, that the "packaging for iTunes gift cards contains minimal terms and conditions," that it "generally provides no warning to consumers on the outer retail packaging of its gift cards," and that it "says nothing on its outer packaging or even the iTunes gift cards themselves regarding scams." ECF No. 1 ("Compl.") ¶¶ 49, 84-85. Thus, the packaging of the Apple gift cards—which is attached as Exhibit 1—forms a basis for Plaintiffs' claims and is properly subject to judicial notice. *See*, *e.g.*, *Manchouck v. Mondelez Int'l Inc.*, No. 13-2148, 2013 WL 5400285, at *3 (N.D. Cal. Sept. 26, 2013) (taking judicial notice of cookie packaging "as the contents of these documents are 'not subject to reasonable dispute,' and are incorporated into the amended complaint by reference"); *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) (holding that "packaging labels for . . . products that the FAC specifically references and quotes" are "appropriate for judicial notice"). And because Apple gift cards are also available for sale through Apple's website, the portions of that website through which consumers purchase Apple gift cards—which are attached as Exhibit 2—are subject to judicial notice for the same reasons.

Moreover, Plaintiffs also extensively reference the Apple Gift Card Terms & Conditions throughout their complaint. *See, e.g.*, Compl. ¶¶ 49-51 (discussing the Terms & Conditions); *id.* ¶¶ 166-69 (discussing the purported legal effect and enforceability of the Terms & Conditions). When a plaintiff's

allegations implicate the terms and conditions applicable to a product or service, courts routinely take judicial notice of those terms and conditions in ruling on a motion to dismiss. *See, e.g.*, *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1001 n.4 (N.D. Cal. 2014) (taking judicial notice of Uber Terms & Conditions in ruling on motion for judgment on the pleadings); *Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1140 n.1 (N.D. Cal. 2013) (taking judicial notice of Apple iTunes Store, App Store, and iBookstore Terms of Sale and iTunes Store Terms and Conditions in ruling on motion to dismiss); *Williams v. Oberon Media, Inc.*, No. 09-8764, 2010 WL 1644888, at *1 n.1 (C.D. Cal. Mar. 4, 2010) (taking judicial notice of the "GameSaver Membership Terms and Conditions" in ruling on motion to dismiss lawsuit challenging alleged misrepresentations relating to GameSaver program). Because those terms and conditions are reflected on the Apple gift card packaging attached as Exhibit 1 and in the web pages attached as Exhibit 2, those documents are properly subject to judicial notice.

Additionally Plaintiffs' complaint repeatedly references the "About Gift Card Scams" page on Apple's website. *See* Compl. ¶¶ 4, 56, 68 n.30, 84, 171 n.35. Because Plaintiffs explicitly reference this website, and because their claims hinge in part on their allegation that the "About Gift Card Scams" website is an inadequate response to the alleged proliferation of scams involving Apple gift cards, this website—which is attached as Exhibit 3—is the proper subject of judicial notice as well. *See, e.g.*, *In re iPhone 4S Consumer Litig.*, No. 12-1127, 2013 WL 3829653, at *6 (N.D. Cal. July 23, 2013) (taking judicial notice of webpages and documents from Apple's website that the plaintiffs "specifically referred to" in their complaint); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1206 (N.D. Cal. 2014) (taking judicial notice of various web pages cited in the plaintiffs' first amended complaint).

Second, "information on government agency websites" has "often been treated as proper subjects for judicial notice." *Paralyzed Veterans of Am. v. McPherson*, No. 06-4670, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008); *see also Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-1166, 2009 WL 6597891, at *2 (S.D. Cal. Dec. 23, 2009) ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' This includes public records and government documents available from reliable sources on the Internet.") (citation omitted). Accordingly, this Court should take judicial notice of Exhibits 4, 5, and 6, which consist of documents that are available through the websites of the Federal Trade Commission and the Federal Deposit Insurance Corporation and whose

contents are not subject to reasonable dispute.

## **CONCLUSION**

For the foregoing reasons, this Court should take judicial notice of Exhibits 1-6 and consider those exhibits when ruling on Apple's motion to dismiss.

DATED:  October 8, 2020                              JENNER & BLOCK LLP

                                                By:   s/  Kate T. Spelman
                                                      Attorney for Defendants
                                                      Apple Inc. and Apple Value Services, LLC