UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL BARRETT, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE INC., et al.,<br><br>　　　　Defendants. | Case No.　5:20-cv-04812-EJD<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO STAY DISCOVERY PENDING RESOLUTION OF APPLE'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 36 |

　　　　This case arises out of a criminal scheme in which scammers have found a way of tricking victims into paying them large sums of money via iTunes gift cards. Plaintiffs brought this case on behalf of a proposed class of all victims of this scam against Defendants Apple Inc. and Apple Value Services, LLC (collectively "Apple"), seeking to hold Apple responsible for its alleged role in failing to prevent the scam.

　　　　On October 8, 2020, Apple filed a motion to dismiss the case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have not yet responded to that motion and it is not presently before the Court. One week after filing its motion to dismiss, Apple filed the present administrative motion pursuant to Civil Local Rule 7-11, seeking to stay discovery until the Court's ruling on the pending motion to dismiss or, in the alternative, the February 25, 2021 Case Management Conference. Dkt. No. 36. Plaintiff opposes a stay on discovery. Dkt. No. 37.

　　　　The Court has the "inherent power to control the disposition of the cases on its docket in a manner which will promote economy of time and effort for itself, for counsel and for litigants."

*Filtrol Corp. v. Kelleher*, 467 F.2d 242, (9th Cir. 1973).  In conjunction with that power, "[a] district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam).  "In the absence of a specific test from the Ninth Circuit, district courts generally consider two factors to determine the appropriateness of a discovery stay: (1) whether the pending motion is potentially dispositive of the entire case, and (2) whether the pending motion can be decided absent additional discovery." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-CV-06370-EJD, 2018 WL 1569811, at *1-2 (N.D. Cal. Feb. 16, 2018) (citing *S.F. Tech. v. Kraco Enters. LLC*, No. 5:11-cv-00355 EJD, 2011 WL 2193397, at *2 (N.D. Cal. June 6, 2011)).  "A protective order may issue if the moving party satisfies both prongs." *Id.*

Discovery stays are not automatic, however, and "the two-factor test is not satisfied by superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation."  *Id.*  Rather, "[t]he moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600 (C.D. Cal. 1995).  This requirement accounts for the fact that blanket stays of all discovery matters are an exception to the rules rather than enunciated in the rules.  *Id.* at 600-01 ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation" (citation and quotation marks omitted)).

Apple's motion to dismiss argues that all eleven of Plaintiff's claims are fatally flawed and cannot be cured by amended.  It is therefore *possible* that Apple's motion to dismiss could be dispositive of the entire case.  It is also possible that certain of the claims will survive or that certain claims will be dismissed with leave to amend such that the case will continue.  Apple has not demonstrated that the Complaint is "utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40

Case No.: 5:20-cv-04812-EJD
ORDER DENYING ADMINISTRATIVE MOTION TO STAY DISCOVERY PENDING RESOLUTION OF APPLE'S MOTION TO DISMISS

1  (N.D. Cal. 1990); *see also Optronic*, 2018 WL 1569811 at *1 (declining to stay discovery pending
2  a motion to dismiss where the defendants did not cite anything "outside of their own opinion of
3  the Amended Complaint's deficiencies" that rendered complete dismissal more likely than the
4  not).  In the absence of a clear showing that dismissal is likely, the Court declines to make a
5  premature determination on the merits of the motion to dismiss before Plaintiff has even filed its
6  response.  Thus, the mere possibility that the pending motion is dispositive of the suit only
7  "superficially satisfie[s]" the first factor.  *Id.*

8  On the second factor, Apple is correct that a motion to dismiss under Rule 12(b)(6) is
9  generally decided with reference only to the complaint.  This Court previously held, however, that
10 "granting a stay on such a basic notion is unwarranted" because "[t]he mere filing of a motion to
11 dismiss is not ordinarily sufficient to stop the discovery process."  *Id.* (citing *Gray*, 133 F.R.D. at
12 40).  Apple argues that without a stay, "it is likely that Apple will need to devote significant time,
13 money, and resources to responding to discovery in a case that will likely not survive the pleading
14 stage."  Motion at 4.  The resources required to respond to discovery are part of the "the traditional
15 burdens of litigation." *Optronic*, 2018 WL 1569811, at *1.  Apple does not explain why discovery
16 in this case would be any more burdensome than it is on parties to other civil lawsuits.  As this
17 Court noted in *Optronic*, "any interest Defendants may have in resisting discovery is outweighed
18 by the interests of Plaintiff, the public, and the court in maintaining an orderly and expeditious
19 schedule."  *Id.* at *2.  The Court finds that the same holds true in this case.

20 For these reasons, the motion to stay discovery pending resolution of the motion to dismiss
21 is **DENIED**.

22 **IT IS SO ORDERED.**

23 Dated: October 22, 2020

25 EDWARD J. DAVILA
United States District Judge

28 Case No.: 5:20-cv-04812-EJD
ORDER DENYING ADMINISTRATIVE MOTION TO STAY DISCOVERY PENDING
RESOLUTION OF APPLE'S MOTION TO DISMISS

3