**[Counsel Listed on Signature Pages Below]**

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

9
10

| | |
|---|---|
| CARL BARRETT, MICHEL POLSTON, NANCY MARTIN, DOUGLAS WATSON, ERIC MARINBACH, MICHAEL RODRIGUEZ, MARIA RODRIGUEZ, GUANTING QIU and ANDREW HAGENE, Individually, and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> APPLE INC., a California Corporation; APPLE VALUE SERVICES LLC; and DOES 1 Through 10, Inclusive, <br><br> Defendants. | Case Number: 5:20-cv-04812-EJD-VKD <br><br> **JOINT SUBMISSION OF COMPETING FACT DISCOVERY PLANS** |

Plaintiffs CARL BARRETT, MICHEL POLSTON, NANCY MARTIN, DOUGLAS WATSON, ERIC MARINBACH, MICHAEL RODRIGUEZ, MARIA RODRIGUEZ, GUANTING QIU and ANDREW HAGENE (collectively, "Plaintiffs") and Defendants APPLE INC. and APPLE VALUE SERVICES LLC (collectively, "Defendants" or "Apple") jointly submit the following competing discovery plans ("Discovery Plans") pursuant to Judge

DeMarchi's February 2, 2022 Order Re January 28, 2022 Discovery Dispute (the "Order"). (ECF No. 84).

The Parties met and conferred in good faith via Zoom teleconference on February 7, 2022 and again by telephone on February 14 and 18, 2022 regarding a fact discovery plan. The Parties were able to reach agreement on some deadlines but not others, as reflected in the chart below:

| Event | Plaintiffs' Proposed Deadlines | Apple's Proposed Deadlines |
|---|---|---|
| Apple to produce to Plaintiffs first tranche of responsive documents for the specific custodians and search terms to which the Parties agreed, as reflected in Plaintiffs' October 27, 2021 letter to Apple and Apple's November 1, 2021 email to Plaintiffs (the "Custodial Documents"). | February 28, 2022 | Agreed. |
| Apple to substantially complete production of the Custodial Documents to Plaintiffs. | Agreed. | April 15, 2022 |
| Apple to identify all databases containing data responsive to Request for Production No. 23 and either produce sample data or declare impasse with respect to each such database. | April 28, 2022 | Apple agrees to produce samples related to data on which the parties can reach agreement pursuant to current meet and confer efforts or declare impasse by April 28, 2022. Apple does not agree to identify "all databases containing data responsive" to RFP No. 23, as this request is, among other grounds, overbroad, vague, and burdensome, and because Plaintiffs first proposed this as a deadline the day this submission was due, without meeting and conferring with Apple. Apple has objected to RFP No. 23 in its entirety and |

| Event | Plaintiffs' Proposed Deadlines | Apple's Proposed Deadlines |
|---|---|---|
| | | reserves all rights to maintain its objection to specific requests for data (in sample form or otherwise) or to seek Court intervention with respect to specific requests for data in response to Request for Production No. 23. |
| Rule 30(b)(6) deposition completion date. | May 27, 2022 | Apple has filed a motion for a protective order with respect to Plaintiffs' request for a Rule 30(b)(6) deposition and requests that the Court not set this deadline until Judge Davila resolves that motion. |
| Individual fact witness deposition completion date. | November 18, 2022 | Apple objects to setting an interim deadline for the completion of individual fact witness depositions. |
| Last day to serve written discovery requests. | December 19, 2022 | Apple objects to setting an interim deadline for serving written discovery requests. |
| Substantial completion of fact discovery, including 30(b)(6) and individual fact witness depositions. | April 28, 2023 | Agreed. |
| Close of fact discovery | To be determined by the parties and the Court following a ruling on class certification. | Agreed. |

I.      **Plaintiffs' Position on Disputed Scheduling Issues.**

Plaintiffs sought the Court's assistance in this discovery dispute because Apple refuses to provide Rule 30(b)(6) deposition dates prior to receiving the District Court's ruling on the pending motion to dismiss.[1] After the Court issued its Order (ECF No. 84) Apple filed a Motion for Protective Order to Stay 30(b)(6) Deposition (ECF No. 85) which is set for hearing on September 8, 2022.

The remaining disputes relate to Apple's apparent desire to delay the timing of further discovery.  Apple asks that a deadline for its Rule 30(b)(6) deposition not be set until Judge Davila rules on its pending motion for a protective order, but declining to set such a deadline while Apple is refusing to proceed would amount to an effective stay of the Rule 30(b)(6) deposition.  Indeed, given Judge Davila's first available hearing date of September 8, 2022, such an effective stay— which would be contrary to Judge Davila's ruling on Apple's prior motion for a stay—could be in place for a significant period of time.

Moreover, Apple's attempt to dictate the sequence of Plaintiffs' discovery by insisting on "simultaneous" Rule 30(b)(6) and Rule 30(b)(1) depositions is improper and inconsistent with Rules 1 and 26 of the Federal Rules of Civil Procedure. The Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "[M]ethods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3)(A)-(B); *see Brady v. Grendene USA, Inc.*, 2014 WL 4925578, at *4 (S.D. Cal. Sept. 26, 2014) ("[T]here is no rule of deposition priority' …"); *Stein v. Tri-City Healthcare Dist.*, 2014 WL 458021, at *1 (S.D. Cal. Feb. 4, 2014) (1970

---

[1]     Apple suggests that the filing date of this dispute suggests a lack of urgency on Plaintiffs' part.  Plaintiffs would have brought this dispute to the Court sooner had they known Apple had no intention of scheduling Rule 30(b)(6) deposition dates. That only became clear on a December 21, 2021 telephone conference, after an exchange of letters and months of meeting and conferring. During that call Apple stated definitively for the first time that it would stand on its objection and not identify witnesses or provide deposition dates before Judge Davila rules on its motion to dismiss. The parties agreed to submit the dispute to the Court after the holidays, and held the required meeting of lead counsel on Apple's first available date in January.

amendment to Rule 26 "eliminate[d] any fixed priority in the sequence of discovery."). Further, in light of Apple's foot-dragging in discovery to date, its resistance to interim deadlines appears likely to generate more delay. Plaintiffs will work with Apple in good faith to select deposition dates that are convenient for all witnesses and to otherwise cooperate in discovery, but believe the proposed interim deadlines for depositions, including the Rule 30(b)(6) deadline, are necessary to prevent further delay.

Apple cites *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, No. 17-147, 2020 WL 8266015, at *5 (E.D.N.Y. July 6, 2020) for its argument that "it is more efficient for the fact and 30(b)(6) depositions to proceed simultaneously." But the cited language from the *Uni-Systems* case has no precedential value—it is unique to the facts of that case and has never been cited elsewhere for that proposition. In fact, Apple's argument about "minimizing burden" is another attempt to further delay discovery. If this Court were to permit Apple to insist on simultaneous Rule 30(b)(6) and Rule 30(b)(1) depositions, and Apple were to receive either an effective stay of the Rule 30(b)(6) deposition from this Court or an order of stay from Judge Davila, then Apple would have effectively achieved a stay of *both* types of depositions.

Plaintiffs believe an interim deadline for identification of databases and either: (1) production of samples; or (2) declaration of impasse, regarding electronic data is also necessary. Plaintiffs sought certain structured electronic data in their initial Requests for Production served on October 15, 2020, and after meeting and conferring, made a more comprehensive request for structured electronic data by serving RFP 23 on June 1, 2021. To date, Apple has provided sample data from two databases,[2] and it anticipates producing a sample from a third database this month. However, it is clear that some of the data sought by RFP 23 is not housed in any of those databases, and Apple has been dragging its feet for months on identifying the remaining

---

[2]   Apple insisted on producing one sample in static .pdf format, and Plaintiffs continue to seek a non-static sample from that database. The parties continue to meet and confer on the parameters of the "full pull" from the other database.

databases.[3] An interim deadline for identifying databases[4] and producing samples or, in the alternative, declaring impasse, will be helpful in keeping data discovery moving.

## II. Apple's Position on Disputed Scheduling Issues.

Following their meet-and-confer efforts, the Parties have agreed on a February 28, 2022 deadline for Apple to make its first production of custodial documents responsive to Plaintiffs' first set of requests for production, which Apple collected using the custodians, search terms, and date parameters the Parties negotiated, and have agreed on an April 15, 2022 deadline for Apple to substantially complete the production of such custodial documents. The Parties have also agreed that the deadline for the substantial completion of fact discovery should be April 28, 2023. The Parties' outstanding disagreements relate to three sets of topics: (1) deposition scheduling; (2) whether the Court should set interim deadlines for written discovery and depositions of fact witnesses before the April 28, 2023 deadline for the substantial completion of fact discovery; and (3) Apple's obligations with respect to Plaintiffs' Request for Production No. 23.

With respect to depositions, it is Apple's position that the Parties should schedule Apple's Rule 30(b)(6) deposition and any Rule 30(b)(1) depositions after Judge Davila rules on Apple's pending motion for a protective order to stay Plaintiffs' requested Rule 30(b)(6) deposition.[5]

---

[3] For example, Plaintiffs have repeatedly asked Apple to identify the databases which reflect the flow of payments relating to its gift cards, and particularly what becomes of funds which are paid by consumers and received by Apple, but not ultimately paid out by Apple to content developers due to fraud or a suspicion of fraud. Plaintiffs believe, based on their investigation, that such funds are likely retained by Apple in an account set up for such purposes, but Apple has failed to identify the relevant databases, much less any such account.

[4] The "identification of databases" component of the proposed deadline was added as part of the meet-and-confer process occurring through repeated exchanges of drafts, and was shared with Apple before 9:00 am Pacific on the due date of this submission. It was an offer of compromise designed to allow Apple simply to identify a database and declare impasse by a date certain with respect to some data, rather than submitting samples of *all* data by that date. Apple declined to accept the compromise, and objects, so Plaintiffs include it as a part of their competing proposal to this Court.

[5] Apple noticed this motion for hearing on September 8, 2022, which was the first hearing date on which Judge Davila was available. If Judge Davila issues an order on Apple's pending motion to dismiss before that time, that ruling may moot the parties' disagreement as to the scheduling of the Rule 30(b)(6) deposition.

Though Plaintiffs now express urgency in moving forward with depositions, they waited six months after serving their Rule 30(b)(6) notice before bringing this issue to the Court's attention. They did so despite Apple's repeated statements—including in the written objections it served on August 23 and November 4, 2021, a letter it sent to Plaintiffs on November 1, 2021, and oral statements in numerous meet-and-confer calls—that it objected to proceeding with such depositions prior to Judge Davila's decision on Apple's pending motion to dismiss and the substantial completion of document production. Plaintiffs' request that the Court order the Parties to proceed with Apple's 30(b)(6) deposition despite Apple's pending motion for protective order would effectively decide the issue currently before Judge Davila and runs contrary to this Court's directive that the motion "must be addressed to the presiding judge." ECF No. 84.

Further, given that Plaintiffs will likely seek to depose the individuals Apple designates as its corporate representatives for the Rule 30(b)(6) deposition in their individual capacities as well, Apple maintains that these depositions should be scheduled so as to minimize the burden that requiring these individuals to appear for two separate depositions would impose. *See, e.g.*, *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, No. 17-147, 2020 WL 8266015, at *5 (E.D.N.Y. July 6, 2020) ("[I]t is more efficient for the fact and 30(b)(6) depositions to proceed simultaneously."). Waiting for Judge Davila's ruling on Apple's Motion for Protective Order will facilitate the Parties' ability to do so. Though it is true there is no "fixed priority in the sequence of discovery," as Plaintiffs state, it is equally true that this Court has "wide discretion in controlling discovery," including to reduce burden and increase efficiency. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Apple's request that the Court require Plaintiffs to coordinate the depositions of the same witnesses in multiple capacities is not a delay tactic; it is a straightforward request to avoid unnecessary imposition on these witnesses' time.

It is also not necessary for the Court to set interim deadlines for the depositions of individual fact witnesses or for service of written discovery—particularly because the Parties have agreed to an April 28, 2023 deadline for substantial completion of fact discovery (which is over fourteen months away). Contrary to Plaintiff's suggestion, Apple does not oppose such interim deadlines to "generate" delay. Rather, Apple objects to the fact that the interim deadlines

Plaintiffs propose would have the effect of requiring the Parties to complete fact depositions and written discovery more than five months and four months, respectively, before the deadline for substantial completion of fact discovery, which shortens the discovery period considerably. Given the absence of deadlines for class certification, dispositive motion, or trial, there is no need to compress the fact discovery period, particularly for individual fact witness depositions (including Apple's depositions of the nine named Plaintiffs). Moreover, the Parties may need additional merits discovery in the event the class is certified.

Finally, Plaintiffs have proposed a deadline of April 28, 2022 for Apple to identify all databases containing responsive data and produce samples of such data, or to otherwise declare impasse, in response to Plaintiff's Request for Production No. 23.[6] Apple has no objection to this deadline for producing sample data about which the Parties have reached or can shortly reach agreement, or for otherwise declaring impasse. However, Apple has objected in full to Plaintiff's Request for Production No. 23, which is substantially overbroad, vague, and burdensome, and it should not be required to identify "all databases" containing data that it has objected to producing. Indeed, the Parties have had extensive negotiations over what data Apple is obligated to produce (either in sample form or otherwise) in response to Request for Production No. 23, and Apple anticipates that the Parties may not be able to reach agreement on all issues relating to Request for Production No. 23.[7] Apple expressly reserves the right to maintain its objections to specific

---

[6]   Although Plaintiffs previously proposed a deadline of April 28, 2022 for Apple to produce sample data in response to Request for Production No. 23, they revised their portion of the statement on February 22, 2022—the day this submission was due—to request that the Court set a deadline for Apple to identify all databases containing responsive data, whether Apple objects to the production of data stored in those databases or not. While Plaintiffs characterize this as a "compromise" proposal designed to alleviate the burden on Apple, requiring Apple to identify every database that might include data potentially responsive to Request for Production No. 23—regardless of whether Apple objects to the production of that data—would simply magnify the significant and unnecessary burden that Request for Production No. 23 already imposes on Apple.

[7]   For example, Apple has offered to produce certain customer records in static .pdf format because the "non-static" format Plaintiffs have insisted on is cumbersome and makes it extraordinarily difficult and burdensome for Apple to redact its customers' personally identifying information. *See supra* at 5 n.2. Apple has also objected to Plaintiffs' vague and overbroad

requests for data in Request for Production No. 23 (in sample form or otherwise) and to seek Court intervention with respect to any such requests, should the Parties reach an impasse.

DATED:  February 22, 2022

By: /s/ Alex M. Outwater
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Christopher M. Burke (Bar No. 214799)
Alex M. Outwater (Bar No. 259062)
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
cburke@scott-scott.com
aoutwater@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (pro hac vice)
The Helmsley Building
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
jguglielmo@scott-scott.com

By: /s/ Kate T. Spelman[8]
**JENNER & BLOCK LLP**
Kate T. Spelman (CA Bar No. 269109)
Alexander M. Smith (CA Bar No. 295187)
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: 213-239-5100
Facsimile:  213-239-5199
kspelman@jenner.com
asmith@jenner.com

*Attorneys for Defendants Apple Inc. and Apple Value Services, LLC*

---

demand to identify all databases reflecting the "flow of payments relating to its gift cards," but it has identified at least two databases that contain transactional data related to gift cards. *See supra* at 6 n. 3. In any event, the absence of a deadline for Apple to identify "all databases" that may contain information responsive to Request for Production No. 23 will not prevent Plaintiffs from raising these disputes with the Court.

[8]  Pursuant to Civil Local Rule 5-1(i)(3), I, Kate T. Spelman, hereby attest that concurrence in the filing of this document has been obtained from Alex M. Outwater, counsel for Plaintiffs.

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Anthony F. Fata (*pro hac vice*)
Nyran Rose Rasche (*pro hac vice*)
Nickolas J. Hagman
150 S. Wacker, Suite 3000
Chicago, IL 60606
Telephone: 312-782-4880
Facsimile:  318-782-4485
afata@caffertyclobes.com
nrasche@caffertyclobes.com
nhagman@caffertyclobes.com

*Attorneys for Plaintiffs and the Putative Class*