UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL BARRETT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC., et al.,<br><br>    Defendants. | Case No. 20-cv-04812-EJD (VKD)<br><br>**ORDER RE FACT DISCOVERY PLAN**<br>Re: Dkt. No. 86 |

At the Court's direction, the parties have submitted proposed plans for the completion of fact discovery. Dkt. No. 86. They agree on some aspects of the plan but disagree on others. The principal disagreements concern the scheduling of depositions and Apple's obligations in responding to plaintiffs' Request for Production No. 23. *Id.*; *see also* Dkt. No. 83.

**1.     Depositions**

With respect to depositions, Apple reports that it has moved for a protective order preventing plaintiffs from obtaining Rule 30(b)(6) deposition discovery of Apple pending Judge Davila's resolution of Apple's motion to dismiss the amended complaint. Dkt. No. 85. Apple objects to setting any deadlines for Rule 30(b)(6) depositions until its protective order motion is resolved. Dkt. No. 86 at 6-7. Plaintiffs propose May 27, 2022 as the date for completion of Rule 30(b)(6) depositions, arguing that there is no justification for delay and observing that Judge Davila denied Apple's earlier motion for a stay of discovery. *Id.* at 3. Plaintiffs also object to any requirement that the parties coordinate the individual and corporate designee depositions of individual witnesses, as Apple proposes. *Id.* at 5, 7.

The Federal Rules do not require that discovery occur in a particular order or that one

party's discovery must be contingent on another party's discovery. All parties must use the authorized discovery procedures to secure the just, speedy, and inexpensive determination of the action, and must confer with each other on a discovery plan. *See* Fed. R. Civ. P. 1, 26(f); *see also Russell v. Maman*, No. 18-cv-06691-RS (AGT), 2020 WL 5943844, at *4 (N.D. Cal. Oct. 7, 2020) ("There is no legal precedent giving a party the right to demand discovery in a certain order . . . . The Federal Rules of Civil Procedure do not permit a party to make unilateral decisions regarding the sequence and timing of depositions during discovery."). As the parties recognize, the Court has authority to manage discovery and to require coordination in the interest of justice. *See* Fed. R. Civ. P. 26(d)(3); Fed. R. Civ. P. 26(b)(2)(c) and advisory committee's note to 1993 amendment ("The revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery . . . . The revision also dispels any doubt as to the power of the court to impose limitations on the length of depositions under Rule 30 or on the number of requests for admission under Rule 36."); *Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998) (describing trial court's broad discretion to dictate the timing sequence of discovery and limit the time, place, and manner of discovery).

With respect to the timing of their Rule 30(b)(6) deposition of Apple, plaintiffs do not explain why the deposition should proceed before the substantial completion of document production; rather, they focus solely on the fact that they served a notice for this deposition last summer. *See* Dkt. No. 83 at 2-4; Dkt. No. 86 at 4-5. The Court is not persuaded that requiring Apple to produce a witness or witnesses to testify on behalf of the company now serves any of the interests identified in Rule 1, particularly given that very little progress has been made in the production of documents that might inform a corporate designee's testimony. For this reason, the Court will not require Apple to provide Rule 30(b)(6) testimony before the substantial completion of document production relating to class certification issues. However, the Court *will* require that Apple proceed more expeditiously with that document production.

2. **Plaintiffs' Request for Production No. 23**

The parties also disagree regarding Apple's obligations with respect to plaintiffs' Request for Production No. 23 and further disagree about a plan for resolving that dispute. The Court will

1  not micromanage the resolution of discovery disputes but reminds the parties of the need to confer
2  in good faith to resolve such disputes. Those they cannot resolve may be submitted to the Court
3  for resolution using the expedited discovery procedures set out in Judge DeMarchi's Standing
4  Order for Civil Cases (available at https://cand.uscourts.gov/wp-content/uploads/judges/demarchi-
5  vkd/Standing-Order-for-Civil-Cases-February-2022.pdf).

### 3. Discovery Plan

In the circumstances presented, the Court believes the following discovery plan will best serve the interests of justice and efficiency in this action:

| Discovery Event | Deadline |
|---|---|
| Apple to produce first tranche of responsive documents for the specific custodians and search terms to which the parties agreed, as reflected in plaintiffs' Oct. 27, 2021 letter to Apple and Apple's Nov. 1, 2021 email to plaintiffs ("Custodial Documents") | February 28, 2022 |
| Apple to substantially complete production of Custodial Documents | April 15, 2022 |
| Deadline for substantial completion of document production re class certification issues | August 26, 2022 |
| Deadline for completion of fact discovery, including depositions, re class certification issues | February 24, 2023 |

The Court encourages the parties to coordinate the scheduling of individual and Rule 30(b)(6) depositions to avoid imposing unnecessary burdens on individual witnesses; however, the Court does not require that witnesses be deposed in both capacities on the same day. The parties may take *party* depositions before the deadline for substantial completion of document production if they so agree. Otherwise, the Court expects the parties to schedule *party* depositions to occur after August 26, 2022. If any party believes a compelling reason justifies taking a party deposition before August 26, 2022, and that party cannot obtain the opposing parties' agreement regarding the timing of such deposition, the parties may submit their dispute regarding the deposition in

3

1 question to the Court for resolution using the expedited discovery procedures set out in Judge
2 DeMarchi's Standing Order for Civil Cases.
3     Judge Davila has not set a case management schedule in this case, and the undersigned
4 does not intend the foregoing discovery plan to preempt or interfere with any case management
5 deadlines the presiding judge may set in the future.
6 **IT IS SO ORDERED.**
7 Dated: February 25, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

4