CHRISTOPHER M. BURKE (CA Bar No. 214799)
ALEX M. OUTWATER (CA Bar No. 259062)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
cburke@scott-scott.com
aoutwater@scott-scott.com

*Attorneys for Plaintiffs and the Class*

[Additional Counsel on Signature Page]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CARL BARRETT, MICHEL POLSTON, NANCY MARTIN, MICHAEL RODRIGUEZ, MARIA RODRIGUEZ, and ANDREW HAGENE individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California Corporation; APPLE VALUE SERVICES LLC; and DOES 1 Through 10, inclusive,<br><br>Defendants. | Case No. 5:20-cv-04812--EJD<br><br>CLASS ACTION<br><br>**PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL**<br><br>Date: February 16, 2023<br>Time: 9:00 a.m.<br>Courtroom: 4 (San Jose)<br>Judge: Hon. Edward J. Davila |

# TABLE OF CONTENTS

MEMORANDUM OF LAW ........................................................................................................ 2

I.    INTRODUCTION............................................................................................................. 2

II.   DISCUSSION ................................................................................................................... 3

      A.   Rule 23(g)(3) Authorizes the Court to Appoint Interim Class Counsel to Act
           on Behalf of the Class Before Class Certification.................................................... 3

      B.   Appointing Plaintiffs' Counsel as Interim Co-Lead Class Counsel is in the
           Best Interests of the Class ...................................................................................... 3

           1.   Rule 23(g)(1)(A)(i): Plaintiffs' Counsel Has Performed Extensive
                and Unique Work Identifying and Investigating the Claims of this
                Action ........................................................................................................ 4

           2.   Rules 23(g)(1)(A)(ii) and (iii): Plaintiffs' Counsel Has Substantial
                Experience and Extensive Knowledge of the Law Governing Class
                Action Litigation, and Specifically, Consumer Fraud Litigation................ 5

                i.     *Cafferty Clobes Meriwether & Sprengel LLP* ................................ 6

                ii.    *Kirby McInerney LLP*..................................................................... 9

                iii.   *Scott + Scott Attorneys at Law LLP* ............................................. 12

           3.   Rule 23(g)(1)(A)(iv): Plaintiffs' Counsel Has Ample Resources to
                Commit to Proper Representation of the Class ......................................... 15

      C.   Rule 23(g)(1)(B): Discretionary Factors Weigh in Favor of Appointing
           Plaintiffs' Counsel As Interim Co-Lead Class Counsel........................................ 16

III.  CONCLUSION ............................................................................................................... 18

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Anderson v. Behr Process Corp.*,
    No. 1:17 Civ. 08735 (N.D. Ill. Dec. 19, 2018)............................................................. 7

4

5

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
    No. 12-2358, 2012 WL 5833604, (D. Del. Nov. 16, 2012) ........................................ 15

6

7

*In re Ins. Brokerage Antitrust Litig.*,
    2007 WL 542227 (D.N.J. Feb. 16, 2007)..................................................... 5, 8, 14, 17

8

9

*In re Mun. Derivatives Antitrust Litig.*,
    252 F.R.D. 184 (S.D.N.Y. 2008) ................................................................................. 3

10

*NYU v. Ariel Fund Ltd.*,
    No. 603803/08 (N.Y. Sup. Ct. Feb. 22, 2010) .......................................................... 13

11

12

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998)................................................................................... 15

13

*Sharp v. Watts Regulator Co.*,
    No. 8:16 Civ. 00200, 2017 WL 1373860 (D. Neb. Apr. 13, 2017) ............................. 8

14

15

*In re Stubhub Refund Litig.*,
    No. 20-md-02951-HSG, 2020 WL 8669823 (N.D. Cal. Nov. 18, 2020)................. 3, 4, 16

16

17

*Traxler v. PPG Indus., Inc.*,
    No. 15 Civ. 00912, ECF No. 74 (N.D. Ohio Aug. 23, 2017)....................................... 7

18

**Rules**

19

Fed. R. Civ. P. 23(g)(1)(A) ............................................................................... 3, 4, 5, 15

20

Fed. R. Civ. P. 23(g)(1)(B)..................................................................................... 4, 16

21

Fed. R. Civ. P. 23(g)(3) ............................................................................................. 1, 3

22

Fed. R. Civ. P. 23(g) advisory committee's note to 1937 adoption ................................. 4

23

24

**Other Authorities**

25

Bolch Jud. Inst., Guidelines and Best Practices for Large and Mass-Tort MDLs,
    DUKE LAW SCH. (2d ed. 2018) ................................................................................. 16

26

27

FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) ... 3, 4, 17

28

ii

## NOTICE OF MOTION AND MOTION

To all Parties and their Counsel of Record:

Please take notice that at 9:00 a.m. on February 16, 2023, or as soon thereafter as the matter may be heard, Plaintiffs Carl Barrett, Michel Polston, Nancy Martin, Michael Rodriguez, Maria Rodriguez, and Andrew Hagene ("Plaintiffs"), through their undersigned counsel, will and hereby do move this Court, the Honorable Edward J. Davila, at the United States District Court for the Northern District of California, located at Robert F. Peckham Federal Building, 280 South 1st Street, 5th Floor, San Jose, California 95113, for an Order appointing Cafferty Clobes Meriwether & Sprengel LLP ("Cafferty Clobes"), Kirby McInerney LLP ("Kirby McInerney"), and Scott+Scott Attorneys at Law LLP ("Scott+Scott") (together, "Plaintiffs' Counsel") as Interim Co-Lead Class Counsel for the proposed class.

This motion is made pursuant to Federal Rule of Civil Procedure 23(g)(3), and on the grounds that the appointment of interim co-lead class counsel is appropriate at this time.  Fed. R. Civ. P. 23(g)(3).  Plaintiffs' Counsel meet all of the requirements for appointing interim lead counsel and have broad and nationally recognized experience leading complex class actions.  Plaintiffs' Counsel have the necessary resources to prosecute the litigation in a timely manner and will work cooperatively with defense counsel to manage the litigation efficiently and effectively, as they have done for two years in this case and have repeatedly done in other cases.  This case will benefit from the appointment of the three firms—who have decades of consumer fraud class action experience and who brought Defendants' conduct to light—to serve as Interim Co-Lead Class Counsel.

This motion is supported by the Joint Declaration of Nyran Rose Rasche, Anthony F. Fata, and Joseph P. Guglielmo ("Joint Decl."), the exhibits thereto and any additional arguments and evidence permitted by the Court.

## STATEMENT OF ISSUE TO BE DECIDED

Whether, pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs' Counsel should be appointed Interim Co-Lead Class Counsel.

## MEMORANDUM OF LAW

### I.  INTRODUCTION

This case arises from Apple's role in  formulaic "false pretenses" gift card scams from which Apple knowingly profits.   Plaintiffs' Counsel, who have worked together from the outset, investigated the claims, developed the legal theories, and, on July 17, 2020, filed the only currently known action addressing Apple's role in false pretense gift card scams.  *See* Compl., ECF No. 1. The Court dismissed the initial complaint with leave to amend. On April 14, 2021, Plaintiffs' Counsel further developed the factual and legal theories and filed an amended complaint.  *See* First Am. Compl., ECF No. 59 ("Amended Complaint").  On June 13, 2022, the Court granted in part and denied in part Defendants' motion to dismiss the Amended Complaint.  *See* Amended Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the First Amended Complaint, ECF Nos. 96-97 ("MTD Order").   The Court's dismissal decision received significant media attention, increasing the likelihood of copycat litigation.[1]

Plaintiffs' Counsel have invested significant time and resources to developing and prosecuting the Class's claims.  Currently engaged in extensive discovery with upcoming expert deadlines, Plaintiffs' Counsel stand ready to expend additional resources to advance the interests of the proposed class.   Given the possibility of copycat litigation, Plaintiffs' Counsel respectfully submit that the case is ripe for an interim leadership appointment.  The Class's interests will best be

---

[1]      *See, e.g.,* Mike Peterson, *Apple Will Have to Face Claims that it Benefitted from iTunes Gift Card Scams*, Apple Insider (June 15, 2022), https://appleinsider.com/articles/22/06/15/apple-will-have-to-face-claims-that-it-benefitted-from-itunes-gift-card-scams; Matthew Renda, *Judge Finds Apple May Have Benefitted from Gift Card Theft Scheme*, Courthouse News Service (July 28, 2022), https://www.courthousenews.com/judge-finds-apple-may-have-benefited-from-gift-card-theft-scheme.

served by the appointment of the three law firms and the attorneys who brought the Defendants' scheme to light, have litigated the case since its inception, and have the consumer and financial class action experience needed to bring this case to a successful conclusion.

## II.      DISCUSSION

### A.      Rule 23(g)(3) Authorizes the Court to Appoint Interim Class Counsel to Act on Behalf of the Class Before Class Certification

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  Designation of interim counsel serves the proposed class by clarifying who has "responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."  MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11 (2004).

Here, appointment of interim co-lead counsel is necessary for the efficient prosecution of this action, and to protect the interests of the absent members of the Class.  This Court's Order denying, in part, Apple's motion to dismiss the First Amended Complaint has been published on various news platforms.[2]  Appointment of Plaintiffs' Counsel as Interim Co-Lead Counsel will avoid any confusion or delays should copycat lawsuits be filed.

### B.      Appointing Plaintiffs' Counsel as Interim Co-Lead Class Counsel is in the Best Interests of the Class

When appointing interim class counsel, "courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)."  *In re Stubhub Refund Litig.*, Case No. 20-md-02951-HSG, 2020 WL 8669823, at *1 (N.D. Cal. Nov. 18, 2020); *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (same).  The relevant factors are "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims

---

[2]      *See* footnote 2, *supra*.

asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]"  *In re Stubhub*, 2020 WL 8669823, at *1 (citing Fed. R. Civ. P. 23(g)(1)(A)).  None of these considerations are individually determinative; rather, they provide a framework under which the court may analyze and determine whether counsel can fairly and adequately represent the class.  *See* Fed. R. Civ. P. 23(g) advisory committee's note to 1937 adoption.  The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  *In re Stubhub*, 2020 WL 8669823, at *1 (citing Fed. R. Civ. P. 23(g)(1)(B)).  Such considerations include whether proposed interim class counsel have worked cooperatively with opposing counsel and courts, and whether counsel commands the respect of colleagues.  *See* Manual § 10.224.

Each of the above-identified factors weighs firmly in favor of appointing Plaintiffs' Counsel as Interim Co-Lead Class Counsel.

### 1.   Rule 23(g)(1)(A)(i): Plaintiffs' Counsel Has Performed Extensive and Unique Work Identifying and Investigating the Claims of this Action

The first factor under Rule 23(g)(1)(A) weighs overwhelmingly in favor of the appointment of Plaintiffs' Counsel as Interim Co-Lead Class Counsel.  As discussed in the Joint Declaration, the investigation of Plaintiffs' Counsel into Defendants' gift card scam has already involved a substantial expenditure of resources and produced valuable results for Plaintiffs and the proposed class.  The investigation of Plaintiffs' Counsel has involved: (i) consultations with Plaintiffs regarding the false pretense scams to which they fell victim, their communications with Apple and other entities, and their losses as a result of Apple's conduct; (ii) collecting and reviewing substantial amounts of publicly available information concerning Apple's role in false pretense scams; (iii) obtaining and reviewing information produced in response to FOIA requests; (iv) negotiating multiple sets of document requests made on Apple and reviewing documents produced in response; (v) planning, meeting and conferring with Apple on upcoming depositions of Apple's witnesses; and (vi) planning for expert reports and expert discovery.

**2.     Rules 23(g)(1)(A)(ii) and (iii): Plaintiffs' Counsel Has Substantial Experience and Extensive Knowledge of the Law Governing Class Action Litigation, and Specifically, Consumer Fraud Litigation**

The second and third factors under Rule 23(g)(1)(A) weigh strongly in favor of appointing Plaintiffs' Counsel as Interim Co-Lead Counsel for the proposed class.  For several decades, Cafferty Clobes, Kirby McInerney, and Scott+Scott, have led and litigated some of the largest class actions in the country, including cases involving California consumer claims and complex financial scenarios.  This extensive experience has given each firm considerable and demonstrated knowledge of the applicable law.  Joint Decl. ¶¶ 7-10, Exs. A-C.

Equally important, these three firms have a track record of working together for several decades and know how to efficiently manage the litigation given their respective skillsets.  For example, Nyran Rose Rasche (who is leading Cafferty Clobes' efforts) and Joseph P. Guglielmo (who is leading Scott+Scott's efforts) worked closely together on the *In re Ins. Brokerage Antitrust Litig.,* MDL No. 1663 (D.N.J.), for several years beginning in 2005 and have worked together on many other cases since that time.  Anthony F. Fata (who is leading Kirby McInerney's efforts) and Ms. Rasche were partners for several years, and their firms are continuing to work together on several major cases.  The three firms are currently working together in court-appointed leadership capacities in several cases, including *In re Cattle Antitrust Litig.* (co-led by Cafferty Clobes and Scott+Scott, with Kirby McInerney on the executive committee), *In re Deutsche Bank* (co-led by Kirby McInerney, with Scott+Scott and Cafferty Clobes on the executive committee), and *In re Andersons* (co-led by Kirby McInerney, with Scott+Scott and Cafferty Clobes as supporting class counsel).

The proposed leadership also has a track record of successfully prosecuting claims against Apple. In *In re Apple iPhone/iPod Warranty Litig.*, Mr. Fata (then at Cafferty Clobes, now at Kirby McInerney) developed the first case against Apple involving warranty policies and co-led efforts to prosecute and settle the Class' claims for $53 million.  In *In re Apple Device Performance Litig.*, this Court appointed Mr. Fata to serve as Co-Chair of the Damages and Settlement Committee, and he assisted the leadership's efforts in the case, which settled for $325 million.

Finally, as explained more fully below, the three firms seeking appointment are highly experienced in multi-firm leadership structures, mindful of avoiding overlap and skilled at dividing work to achieve the necessary outcomes efficiently and on short time-frames.

### i. *Cafferty Clobes Meriwether & Sprengel LLP*

Cafferty Clobes—the originating firm which performed the initial investigation and development of this lawsuit—is a national leader in managing and litigating complex class actions and has recovered billions of dollars for consumers since its founding in 1992.  Joint Decl. ¶ 8, Ex. A.  The depth and breadth of the firm's experience in leading national class actions, as set forth in detail in the Cafferty Clobes firm resume attached to the Joint Declaration, clearly positions the firm to serve as interim co-lead counsel in this case.  *Id.*   Cafferty Clobes has served in leadership roles in dozens of consumer class actions.  *Id.*  For example:

- ***In re Cattle Antitrust Litig.***, No. 19 Civ. 01222 (D. Minn.).  Cafferty Clobes was appointed interim co-lead class counsel and has worked with Scott+Scott and Kirby McInerney, representing cattle producers and cattle future traders alleging that the "Big 4" meatpacking firms conspired to suppress prices for fed cattle and manipulated live cattle futures traded on the Chicago Mercantile Exchange. Together, interim co-lead counsel have defeated the defendants' motions to dismiss and are actively pursuing discovery on behalf of the class.
- ***In re Insurance Brokerage Antitrust Litig.***, MDL No. 1663 (D.N.J.).  Cafferty Clobes was appointed Co-Lead Counsel in this class case alleging that insurance brokers and insurers conspired in a complicated scheme to maximize their own revenues at the expense of class members.  Settlements exceeded $300 million, and Judge Cecchi observed that "Class Counsel are highly skilled attorneys . . . The substantial Settlement amount negotiated by Class Counsel further evidences their competence." *In re Insurance Brokerage Antitrust Litig.,* MDL No. 1663, 2007 WL 1652303, at *6 (D.N.J. June 5, 2007).
- ***In re Automotive Parts Antitrust Litig.***, No. 12-md-02311 (E.D. Mich.).  Cafferty Clobes serves on the indirect purchaser Executive Committee in this coordinated class action against more than 100 manufacturers for bid-rigging components for numerous automobiles.  These suits have, to date, resulted in settlements totaling in excess of $1.2 billion.
- ***In re: General Motors Corp. Air Conditioning Marketing and Sales Practices Litig.***, 406 F.Supp.3d 618 (E.D. Mich).  Cafferty Clobes serves as Co-Lead Counsel in this class action brought on behalf of consumers who purchased vehicles with a faulty refrigerant hose that costs consumers upwards of $1,500 to repair.
- ***Squires v. Toyota Motor Corp.***, No. 18 Civ. 00138 (E.D. Tex.).  Cafferty Clobes investigated, originated, and filed the first and only consumer class action brought on

behalf of owners of multi-model year Toyota Prius vehicles that suffer from a defect that causes windshields to crack and fail in ordinary driving conditions.

Cafferty Clobes has litigated many class actions in this District.  Such cases include:

- ***Kamakahi v. American Society for Reproductive Medicine***, No. 11 Civ. 01781 (N.D. Cal.).  Cafferty Clobes was appointed Co-Lead Counsel in a cutting edge case challenging the legality of ethical guidelines promulgated by two professional associations that limited the compensation for women providing donor services for in-vitro fertilization.  Without the benefit of a parallel government case or investigation, Cafferty Clobes achieved a groundbreaking settlement that required defendants to eliminate the compensation caps.
- ***In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litig.***, No. 4:14-md-02541 (N.D. Cal.).  Cafferty Clobes represented a former Division 1 college basketball player in this antitrust litigation challenging the cap imposed by the NCAA on grant-in-aid packages.  The efforts of the firm and its co-counsel resulted in certification of an injunctive class and a settlement of $209 million.
- ***In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Prod. Liability Litig.***, MDL No. 2672 (N.D. Cal.).  Cafferty Clobes worked closely with lead counsel and other class counsel in this class case challenging unlawful actions by the manufacturer defendants to mask the actual diesel emission levels in various vehicle makes and models.  Judge Breyer approved a class settlement with defendants worth billions of dollars.
- ***Gonzalez v. Mazda Motor Corp., et al.***, No. 16 Civ. 02087 (N.D. Cal.).  Cafferty Clobes is lead counsel in a consumer class action brought on behalf of owners of Model Year 2010-15 Mazda3 vehicles with defective clutch assemblies that cause them to prematurely fail.  Plaintiffs allege that Defendants have breached express and implied warranties, and have violated the consumer protection statutes of various states.  *See, e.g., Gonzalez v. Mazda Motor Corp*., No. 16 Civ. 02087-MMC, 2017 WL 345878 (N.D. Cal. Jan. 5, 2017) (denying and granting in part Defendants' motion to dismiss).
- ***Lax v. Toyota Motor Corp.***, No. 14 Civ. 01490 (N.D. Cal.).  Cafferty Clobes served as class counsel in an action brought on behalf of owners of certain Toyota-brand vehicles that contained a defect which caused vehicles to consume oil at accelerated rates, often resulting in catastrophic engine failure.  Following extensive discovery and mediation, the parties reached a private settlement following Toyota's implementation of an extended warranty and reimbursement program for affected vehicles.  ECF No. 82.

In the last few years alone, Cafferty Clobes has led and settled multiple consumer class actions that provided consumers with substantial relief. *See*, *e.g.*, *Anderson v. Behr Process Corp*., No. 1:17 Civ. 08735, (N.D. Ill. Dec. 19, 2018) (granting final approval of multifaceted settlement); *Traxler v. PPG Indus., Inc*., No. 15 Civ. 00912, ECF No. 74 (N.D. Ohio Aug. 23, 2017) (granting

7

final approval of $6.5 million settlement); *Sharp v. Watts Regulator Co.*, No. 8:16 Civ. 00200, 2017 WL 1373860, at *3 (D. Neb. Apr. 13, 2017) (granting final approval of $10 million settlement). Joint Decl. ¶ 8, Ex. A.

Cafferty Clobes is well suited for appointment as Interim Co-Lead Counsel here. In addition to the experience outlined above, Cafferty Clobes has been actively prosecuting this case for more than two years. Nyran Rose Rasche, together with Anthony F. Fata (then a partner at Cafferty Clobes), spearheaded the investigation and development of Plaintiffs' claims, and has assumed primary responsibility for discovery and motion practice.

Ms. Rasche brings ample experience to these tasks. She has spent more than a decade of her 23-year legal career as a partner with Cafferty Clobes, specializing in representing consumer classes. Joint Decl. ¶ 8, Ex. A. For example, in *In re Ins. Brokerage*, MDL No. 1663, when the firm was appointed co-lead counsel in what was then one of the largest antitrust class actions ever prosecuted in the United States, Ms. Rasche was heavily involved in every aspect of the case. *Id.* She led teams seeking discovery from more than 30 defendant groups, and helped negotiate well over $300 million in settlements. *Id.* The court found that co-lead counsel were "clearly 'well qualified and experienced class action attorneys.'" *In re Ins. Brokerage*, 2007 WL 542227, at *14 (D.N.J. Feb. 16, 2007). Prior to joining Cafferty Clobes, Ms. Rasche served as a law clerk to the Honorable George A. Van Hoomissen of the Oregon Supreme Court, and she is a frequent speaker on discovery issues.

The Cafferty Clobes team also includes Nickolas J. Hagman, who has been involved in this case since its inception. Joint Decl. ¶ 8, Ex. A. Mr. Hagman served as a law clerk for multiple judges in the Milwaukee County Circuit Court. *Id.* In his nearly 10-year legal career, Mr. Hagman has assisted in securing millions of dollars of relief for class members throughout the nation in a wide variety of consumer cases. *Id.* Mr. Hagman has also served on the board of the Chicago Bar Association Class Action Committee. *Id.*

ii.      *Kirby McInerney LLP*

Kirby McInerney, with offices in New York, Chicago, and California, has over seventy years of experience representing plaintiffs in antitrust, commodities, securities, structured finance, whistleblower, health care, consumer, and other fraud litigation.   Joint Decl. ¶ 9, Ex. B.   Kirby McInerney attorneys have substantial experience in class action litigation, including consumer fraud litigation.  *Id.*  The attorneys at Kirby McInerney have served in leadership positions in numerous complex consumer fraud class actions, including:

- *In re Apple Device Performance Litigation*, 18-md-002827 (N.D. Cal.).  Anthony F. Fata was appointed by this Court to Co-Chair the Damages and Settlement Committee.
- *In re Cattle Antitrust Litig.*, No. 19 Civ. 01222 (D. Minn.).  Kirby was appointed Executive committee member and class counsel, representing cattle producers and cattle future traders alleging that the "Big 4" meatpacking firms conspired to suppress prices for fed cattle and manipulated live cattle futures traded on the Chicago Mercantile Exchange.  Anthony F. Fata, who is leading Kirby's efforts in this case, helped lead efforts to develop and organize the case at the outset.
- *In re Libor-Based Financial Instruments Antitrust Litig.*, No. 11-md-2262 (S.D.N.Y.).  Kirby filed the first private litigation relating to LIBOR manipulation and served as court appointed co-liaison counsel for all class actions in the muti-district litigation and co-lead counsel for the exchange-based clients.  Kirby's efforts have led to more than $185 million in settlements, the largest ever futures exchange recovery under the Commodity Exchange Act.
- *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917 (N.D. Cal.).  Kirby represented indirect purchasers and end-users alleging manufacturers of cathode ray tubes conspired to fix, raise, maintain, and/or stabilize prices.  The litigation has resulted in a settlement of $576 million.
- *In re Ductile Iron Pipe Fittings (DIPF) Indirect Purchaser Antitrust Litig.*, No. 12 Civ. 00169 (D.N.J.).  Kirby is co-lead counsel for the indirect purchaser plaintiffs, which allege the raising and fixing of prices in the market for ductile iron pipe fittings.
- *Rothstein v. GMAC Mortgage, LLC*, No. 12 Civ. 03412 (S.D.N.Y.).  Kirby was lead counsel in a class action representing residential mortgage loan borrowers who were allegedly overcharged for the cost of lender-placed insurance in connection with loans serviced by GMAC Mortgage, LLC.  The case resulted in a $13 million settlement against GMAC Mortgage in *In re Residential Capital, LLC, et al.*, No. 12 BK 12020 (Bankr. S.D.N.Y. 2016).
- *In re BP Propane Indirect Purchaser Antitrust Litig.*, No. 06 Civ. 03521 (N.D. Ill.).  Kirby was co-lead counsel for indirect purchaser plaintiffs, which resulted in a $15 million settlement on behalf of propane purchasers.
- *In re Reformulated Gasoline (RFG) Antitrust and Patent Litig. and Related Actions*, MDL No. 05-1671 (C.D. Cal.).  Kirby acted as lead counsel in an antitrust class action pertaining to Unocal's alleged manipulation of the standard-setting process for low-

9

emissions reformulated gasoline in California, which resulted in a $48 million settlement for indirect purchasers.

- ***Cardoso v. IDT Corporation***, No. 03 Civ. 00375 (D.N.J.).  Kirby was lead counsel in a class action against IDT Corporation, IDT Telecom, Inc., and Union Telecard Alliance, LLC.  The case alleged defendants failed to inform customers sufficiently about the appliable rates and charges for its prepaid and rechargeable calling cards, and thereby violated various state consumer protection acts and other laws.  The case resulted in a settlement of up to $20 million in Refund PINs (representing free domestic telephone minutes), $2 million in charitable donations, and additional relief consisting of enhanced disclosures of calling card charges.

- ***Reynolds. v. Beneficial National Bank***, No. 98 Civ. 02178, (N.D. Ill.).  Kirby was co-lead counsel in a class action against H&R Block and HSBC for the benefit of almost two million taxpayers who had obtained Refund Anticipation Loans.  The case alleged that H&R Block and Beneficial National Bank made misrepresentations and charged people undisclosed fees on the loans.  After years of litigation and appeals, the case resulted in a settlement of $39 million in cash.

- ***In re Visa Check/MasterMoney Antitrust Litigation***, No. 96 Civ. 05238 (E.D.N.Y.).  Kirby acted as one of the firms primarily responsible for bringing this case on behalf of a class of retailers in connection with Visa and MasterCard policies pertaining to debit card fees.  The litigation resulted in a settlement of over $3 billion for the class and landmark injunctive relief.

- ***In re Microsoft Corp. Antitrust Litig. Cases***.  Kirby acted as lead counsel to classes of indirect purchasers in connection with antitrust proceedings against Microsoft.  The cases resulted in settlements totaling nearly a billion dollars for consumers in the state of New York, Florida, Tennessee, West Virginia, and Minnesota, where the litigation proceeded to trial.  Kirby is presently helping lead a similar effort on behalf of consumers and government entities in Canada.

- ***In re Digital Advertising Litig***. No. 20 Civ. 03556.  Kirby served as court-appointed Executive committee member and class counsel representing publishers alleging Google monopolized and suppressed competition in online display advertising.

Anthony F. Fata is a partner at Kirby McInerney and opened its Chicago office.  Mr. Fata has more than twenty years' experience litigating complex matters achieving favorable results for consumers and businesses. Joint Decl. ¶ 9, Ex. B at 11-14.  As noted, Mr. Fata has been appointed to leadership positions in the Northern District of California in cases involving Apple's policies and procedures. These cases include *In re Apple iPhone/iPod Warranty Litigation,* No. 10 Civ. 01610 (N.D. Cal.), where he developed the first-filed case, served as State Plaintiffs' Liaison Counsel in the consolidated litigation, and co-led efforts to secure a $53 million settlement.  In addition, in *In re Apple Inc. Device Performance Litigation*,  he was appointed by this Court to serve as Co-Chair of the Damages and Settlement Committee in a case that settled for $325 million. Joint Decl. ¶ 9,

Ex. B at 12.  Mr. Fata is currently leading Kirby McInerney's efforts in several financial cases, including *In re Cattle Antitrust Litig.*, which he developed while at his previous firm, Cafferty Clobes, and which alleges the "Big 4" meatpacking firms conspired to suppress prices for fed cattle and live cattle futures.  Joint Decl. ¶ 9, Ex. B at 12.  Mr. Fata is leading several other financial cases in which Kirby McInerney is serving as co-lead counsel, including *In re Deutsche Bank*, 20 Civ. 03638 (N.D. Ill.) and *In re NatWest*, 21 Civ. 06816 (N.D. Ill.).  A passionate advocate for consumers, Mr. Fata has developed and successfully settled many proprietary cases that have resulted in significant recovery for consumers, including *In re Apple iPhone/iPod Warranty Litigation* (discussed above), *In re Midway Moving Sales Practice Litig.* (following contested class certification, case settled, with 100% of claimed damages returned to the class) and *eWork Inc. Sales Practices Litigation* (after defeating defendants' motion to dismiss, and with the court's assistance, a settlement was reached in which 100% of defendants' cash and liquid assets were turned over to the class).  Joint Decl. ¶ 9, Ex. B at 12.

For several years, Mr. Fata has served as an adjunct professor at Seton Hall University School of Law where he teaches J.D., M.S.J., and LL.M candidates in a wide range of law courses with subject matter applicable to this case, which involves the Apple  iTunes financial system. These courses include Financial Crimes Compliance, Financial Privacy, Regulating Depository Banks, Global Corruption Regulation and Compliance, Securities Regulation, Regulating Funds and Investment Advisors, Regulating Broker Dealers, Corporate Finance and Corporate Governance. Joint Decl. ¶ 9, Ex. B at 13.  Mr. Fata is also deeply familiar with how corporations internally investigate and address misconduct having served as a recurring speaker for the Practicing Law Institute's Internal Investigations Seminar for several years.  Mr. Fata was recently nominated to the Board of Managers of the Chicago Bar Association, serves on the Editorial Board of the *CBA Record* and Co-Chairs the CBA Securities Law Committee.  Joint Decl. ¶ 9, Ex. B at 13.

Mr. Fata is being assisted by Sarah Flohr, who has a wealth of experience in class action litigation.  Joint Decl. ¶ 9, Ex. B. Ms. Flohr now focuses on representing plaintiffs in consumer fraud, antitrust and securities regulation.  Joint Decl. ¶ 9, Ex. B at 32.  Prior to joining Kirby

11

McInerney, she represented Fortune 500 companies throughout the country in mass tort and other litigation.  *Id.*

### iii.    *Scott + Scott Attorneys at Law LLP*

Scott+Scott is a nationally recognized class action law firm headquartered in Connecticut with offices in New York, Arizona, California, Ohio, Texas, Virginia, Amsterdam, Berlin, and London.  Joint Decl. ¶ 10, Ex. C.  The firm was founded in 1975 and now has over one hundred attorneys dedicated to complex and class action litigation, representing individuals, businesses, and public and private pension funds that have suffered from corporate fraud and wrongdoing.  *Id.*  As detailed in the attached résumé, Scott+Scott, which is ranked by U.S. News & World Report for 2021 as a "Best Law Firm," was recently recognized by Law360 as a Ceiling Smasher for their representation of women in their equity partnership.  *Id.*  The firm has a proven record of successfully handling complex consumer, antitrust, securities, ERISA, and civil rights litigation in both federal and state courts.  *Id.*

Scott+Scott's Consumer Practice Group consists of some of the premier advocates in the area of consumer protection.  *Id.*  Scott+Scott's Consumer Practice Group has been at the forefront in litigating and securing some of the most significant consumer protection settlements on behalf of its clients, resulting in hundreds of millions of dollars to class members.  *Id.*  Joseph P. Guglielmo is the Chair of the Consumer Practice Group and, over the past 25 years, has extensive experience litigating complex consumer class actions.  *Id.*  Mr. Guglielmo has been appointed to numerous leadership positions in prominent consumer class actions and has achieved significant recoveries, including:

- *In re Equifax, Inc. Customer Data Security Breach Litigation*, No. 1:17-md-02800 (N.D. Ga.) (co-lead counsel on behalf of class of financial institutions, settlement in excess of $32.5 million);
- *In re The Home Depot, Inc., Customer Data Security Breach Litig.*, No. 1:14-md-02583 (N.D. Ga.) (co-lead counsel on behalf of financial institutions, $27.25 million settlement on behalf of financial institutions nationwide where Mr. Guglielmo was co-lead counsel);
- *First Choice Federal Credit Union v. The Wendy's Co.*, No. 2:16 Civ. 00506 (W.D. Pa.) ($50 million settlement on behalf of financial institutions involving the

12

breach of personal and financial information of millions of credit and debit cards);

- ***In re Target Corporation Customer Data Security Breach Litig.***, No. 0:14-md-02522 (D. Minn.) ($59 million settlement);
- *I**n re Pre-Filled Propane Tank Marketing & Sales Practices Litig.***, MDL No. 2086 (W.D. Mo.) ($37 million settlement);
- ***Winsouth Credit Union v. Mapco Express Inc.***, No. 3:14 Civ. 01573 (M.D. Tenn.) (largest dollar-per-payment-card recovery in a data breach action brought on behalf of a class of financial institutions); and
- ***Veridian Credit Union v. Eddie Bauer LLC***, No. 2:17 Civ. 00356 (W.D. Wash.) (co-lead counsel, $9.8 million settlement).

Mr. Guglielmo, along with other attorneys at Scott+Scott, was recognized for his efforts representing New York University in obtaining a monumental temporary restraining order of over $200 million from a Bernard Madoff feeder fund. Joint Decl. ¶ 10, Ex. C. Specifically, New York State Supreme Court Justice Richard B. Lowe III stated, "Scott+Scott has demonstrated a remarkable grasp and handling of the extraordinarily complex matters in this case. The extremely professional and thorough means by which NYU's counsel has litigated this matter has not been overlooked by this Court." *NYU v. Ariel Fund Ltd.*, No. 603803/08, Order at 9-10 (N.Y. Supr. Ct. Feb. 22, 2010).

Mr. Guglielmo has been extensively involved in complex class actions and MDL litigation. Joint Decl. ¶ 10, Ex. C. Mr. Guglielmo has achieved significant victories and obtained numerous settlements for his clients. *Id.* He was one of the principals involved in the litigation and settlement of *In re Managed Care Litigation*, MDL No. 1334 (S.D. Fla.), which included settlements with Aetna, CIGNA, Prudential, Health Net, Humana, and WellPoint, providing monetary and injunctive benefits exceeding $1 billion. *Id.* Additional cases in which Mr. Guglielmo played a leading role and obtained substantial recoveries for his clients include: *Love v. Blue Cross and Blue Shield Ass'n*, No. 03 Civ. 21296 (S.D. Fla.), which resulted in settlements of approximately $130 million and injunctive benefits valued in excess of $2 billion; and *In re Ins. Brokerage*, with settlements in excess of $300 million. *Id.*

Recently, Mr. Guglielmo has been appointed to leadership positions in the following consumer class actions:

13

- ***Forth v. Walgreen Co, Inc.***, No. 1:17 Civ. 02246 (N.D. Ill.) (class action on behalf of consumers and third-party union benefit funds alleging unlawful overcharges for medically necessary prescription drugs);
- ***Stafford v. Rite Aid Corp***., 3:17 Civ.01340-AJB-JLB (S.D. Cal.) (class action on behalf of consumers who were overcharged for prescription drug claims);
- ***McPherson v. American Bank Sys., Inc.***, 20 Civ. 01307 (W.D. Ok.) (co-lead counsel on behalf of class of consumers arising out of data breach);

Mr. Guglielmo most recently served as co-lead counsel and trial counsel in *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-02626 (M.D. Fla.), an MDL where the district court certified several horizontal and vertical nationwide antitrust classes, and where settlements totaling $118 million were obtained on the eve of trial.  Joint Decl. ¶ 10, Ex. C.

Mr. Guglielmo lectures on electronic discovery.  Since 2003, Mr. Guglielmo has been a Member of the Sedona Conference®, an organization devoted to providing guidance and information concerning discovery and production issues, as well as antitrust law, complex litigation, and intellectual property.  From 2014-2018, he served as a member of the Steering Committee of Working Group 1 of the Sedona Conference.  Additionally, Mr. Guglielmo was a member of the editorial team for *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production* (2017).  Mr. Guglielmo is currently a Board Member for the Advanced eDiscovery Institute at Georgetown University Law Center.

Mr. Guglielmo was also recognized for his achievements in litigation by his selection to The National Law Journal's "Plaintiffs' Hot List."  Mr. Guglielmo was recognized again this year by Super Lawyers as a top Antitrust lawyer in the New York metro area, was named a Leading Practitioner-E-Discovery (2022) by Who's Who Legal Litigation, and was named one of the 500 Leading Plaintiff Financial Lawyers by Lawdragon.

The team of attorneys who have been and will continue to lead this litigation have the experience, knowledge, and drive to aggressively represent the interests of the proposed class. Accordingly, the Court should appoint Plaintiffs' Counsel as Interim Co-Lead Class Counsel.

### 3.     Rule 23(g)(1)(A)(iv): Plaintiffs' Counsel Has Ample Resources to Commit to Proper Representation of the Class

Rule 23(g)(1)(A)(iv) also weighs in favor of appointing Plaintiffs' Counsel as Interim Co-Lead Class Counsel.  Plaintiffs' Counsel have been drawing on, and will continue to draw on, a deep well of resources—including attorneys with decades of experience litigating the issues involved in this case, financial resources, and more—to prosecute this action zealously on behalf of the proposed class.  Joint Decl. ¶ 11, Exs. A-C.  A litigation of this magnitude "justifies the pooling of resources and experience."  *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, No. 12-2358-SLR, 2012 WL 5833604, at *1 (D. Del. Nov. 16, 2012) (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998)).

Plaintiffs' Counsel have demonstrated the financial, professional, investigative, and technological resources required to prosecute the claims in this matter.  All three firms have already dedicated substantial time and resources in this litigation and are well-capitalized and prepared to advance significant labor and financial resources on behalf of the class and their clients going forward.  Joint Decl. ¶ 11, Exs. A-C.

Cafferty Clobes invested years of time, effort and financial resources into obtaining the more than $300 million in settlements discussed above in the *Ins. Brokerage* litigation, and Scott+Scott invested the resources necessary to achieve over $2.3 billion in settlements in *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No 13 Civ.07789 (LGS) (S.D.N.Y) where Scott+Scott serves as co-lead counsel.  In that case, the firm has expended tens of millions of dollars and thousands of hours of attorney time since 2013.  The firm has obtained final approval of settlements with 15 of the 16 defendants and continues to litigate against the remaining defendant with trial scheduled for fall 2022.

Similarly, Kirby McInerney has expended years of time and millions of dollars for experts and consultants, the undertaking of international discovery, the use of advanced software systems for analyzing electronic documents, and the commitment of numerous investigative and attorney professionals needed to advance complex claims and adequately represent plaintiffs against highly

qualified defense counsel.  Joint Decl. ¶ 9.  For example, in *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262 (S.D.N.Y.), Kirby McInerney served as court-appointed Co-Liaison Counsel for all class actions in the multi-district litigation and Co-Lead Counsel for the exchange-based class alleging price fixing of a benchmark interest rate.  Kirby McInerney obtained partial settlements of $187 million, which represent (combined) the largest recovery in a "futures-only" commodities class action litigation, and the case is still proceeding more than 11 years later.  Joint Decl. ¶ 9, Ex. B.

In *Alaska Electrical Pension Fund v. Bank of America, N.A.*, No. 14 Civ. 7126 (JMF) (S.D.N.Y.) ("ISDAfix"), Scott+Scott served as co-lead counsel in an antitrust class action that alleged 14 major banks and a broker conspired to manipulate the ISDAfix rate, a global reference rate value for a broad range of interest rate derivatives and other financial instruments.  The firm expended tens of millions of dollars and thousands of hours of attorney time to obtain settlements totaling $504 million to the class.

If approved by the Court as Interim Co-Lead Class Counsel, Plaintiffs' Counsel will commit the necessary time and resources to zealously pursue this litigation to its conclusion; will prosecute this case efficiently, effectively, and in a manner that minimizes costs; and will consistently meet their obligations owed to the proposed class and this Court.

### C.    Rule 23(g)(1)(B): Discretionary Factors Weigh in Favor of Appointing Plaintiffs' Counsel As Interim Co-Lead Class Counsel

In considering the appointment of interim counsel, courts also may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  *In re Stubhub*, 2020 WL 8669823, at *1 (citing Fed. R. Civ. P. 23(g)(1)(B)).  For example, it is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs."  Bolch Jud. Inst., Duke Law Sch., *Guidelines and Best Practices for Large and Mass-Tort MDLs*, 31-32 (2d ed. 2018) at 43 (Best Practice 4C(iii)).  Selecting lawyers who have previously worked together has a number of benefits.  They have developed working relationships, know of complimentary talents,

and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id.* at 43 (Best Practice 4C(iii), commentary).

As explained in more detail above, Plaintiffs' Counsel have worked together harmoniously and efficiently in many cases over the course of two decades. For example, Ms. Rasche and Mr. Guglielmo worked together intensively on *In re Ins. Brokerage* and on *In re Disposable Contact Lens Antitrust Litig.*, and Ms. Rasche and Mr. Fata worked together as law partners at Cafferty Clobes for many years, including on this case, before Mr. Fata joined Kirby McInerney. See ECF 93, Anthony Fata Notice of Change of Address and Firm Affiliation. Indeed, all three firms prosecuting this case are also working together cooperatively and efficiently on the *Cattle* litigation and other financial cases. The trust and efficiencies developed over time will inure to the benefit of the Class here.

Finally, given the complexity of this case, the size of the proposed class and the scope of potential damages, this is a case that requires designated lead counsel. *See* Manual § 21.272. Where proposals for leadership are fair and recommend qualified class counsel, efforts to coordinate are something to be encouraged and given significant deference. *See* Manual § 10.22.

Here, the proposed leadership consists of three firms. Courts have approved much larger structures in cases involving Apple, a significant defendant. In *In re Apple iPhone/iPod Warranty Litig.*, the Court appointed two firms as co-leads, a third firm as state plaintiffs' liaison counsel, and three firms on an executive committee. *See In re Apple iPhone/iPod Warranty Litig.*, No. 10 Civ. 01610, ECF No. 088, Stipulation and Order to Appoint Interim Co-Lead Class Counsel., attached hereto as Exhibit 1. In *In re Apple Device Performance Litig.*, this Court appointed a leadership team consisting of two co-lead firms and 23 executive committee firms, each tasked with discrete responsibilities, as well as a separate steering committee. *See In re Apple Device Performance Litigation*, ECF No, 099 Order Consolidating Related Actions and Appointing Interim Co-Lead Plaintiffs' Counsel and Executive and Steering Committees, attached hereto as Exhibit 2.

The factual complexity, legal theories, potential damages and case schedule readily

17

1  justifies the inclusion of three firms in the leadership structure in this case.  Indeed, three firms are

2  necessary to ensure the effective but efficient representation of the class.  The proposed co-lead

3  firms have already begun to "organize, simplify and streamline the handling" of this case on

4  behalf of the class "consistent with the fair administration of justice." *See* Ex. 2, at 2.  The firms

5  have undertaken and will continue to undertake "discrete tasks" to avoid duplication of effort

6  across firms. *Id.*  The firms have also implemented a monthly time reporting protocol, hourly rate

7  caps for document review, and travel expense guidance.  If directed to do so, they will submit

8  monthly time and expense reports to the Court for *in camera* review.  *See id.*, at 8.

9  **III.   CONCLUSION**

10         For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Cafferty

11  Clobes Meriwether & Sprengel LLP, Kirby McInerney LLP, and Scott+Scott Attorneys at Law LLP

12  as Interim Co-Lead Class Counsel.

13

14  Dated: August 31, 2022                    Respectfully submitted,

15

16                                            **CAFFERTY CLOBES MERIWETHER**
                                              **& SPRENGEL LLP**
17                                            *s/ Nyran Rose Rasche*_____
                                              Nyran Rose Rasche (*pro hac vice*)
18                                            Nickolas J. Hagman (*pro hac vice* forthcoming)
                                              135 South LaSalle Street, Suite 3210
19                                            Chicago, IL 60603
                                              Telephone: 312-782-4880
20                                            nrasche@caffertyclobes.com
                                              nhagman@caffertyclobes.com
21
                                              **KIRBY MCINERNEY LLP**
22                                            *s/ Anthony F. Fata*_____
                                              Anthony F. Fata (*pro hac vice*)
23                                            Sarah E. Flohr (*pro hac vice*)
                                              211 West Wacker Drive, Suite 550
24                                            Chicago, IL 60606
                                              Telephone: 312-767-5180
25                                            afata@kmllp.com
                                              sflohr@kmllp.com
26

27

28
                                              18

1

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
*s/ Joseph P. Guglielmo*
Joseph P. Guglielmo (*pro hac vice*)
The Helmsley Building
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: 212-223-6444
jguglielmo@scott-scott.com

Alex M. Outwater (CA Bar No. 259062)
Christopher M. Burke (CA Bar No. 214799)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
cburke@scott-scott.com
aoutwater@scott-scott.com

*Attorneys for Plaintiffs and the Putative Class*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Joseph P. Guglielmo, certify that on August 31, 2022 the foregoing document entitled **PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL** was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" as service through CM/ECF to registered e-mail addresses of parties of record in this case.

*s/ Joseph P. Guglielmo*
JOSEPH P. GUGLIELMO

20