**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (*pro hac vice*)
The Helmsley Building
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com

*Attorneys for Plaintiffs and the Class*

[Additional Counsel on Signature Page]

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CARL BARRETT, MICHEL POLSTON, NANCY MARTIN, MICHAEL RODRIGUEZ, MARIA RODRIGUEZ, and ANDREW HAGENE, Individually, and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California Corporation; APPLE VALUE SERVICES LLC; and DOES 1 Through 10, Inclusive. <br><br> Defendants. | Case No. 5:20-cv-04812-EJD <br><br> <u>CLASS ACTION</u> <br><br> **JOINT TRIAL SETTING CONFERENCE STATEMENT** <br><br> Conference Date: April 13, 2023 <br> Time: 11:00 a.m. <br> Courtroom: 4 (San Jose) <br> Judge: Hon. Edward J. Davila |

## I. INTRODUCTION

Counsel for Plaintiffs Carl Barrett, Michel Polston, Nancy Martin, Michael Rodriguez, Maria Rodriguez, and Andrew Hagene (collectively, "Plaintiffs") and Defendants Apple Inc. and Apple Value Services LLC ("Defendants" or "Apple," and collectively with Plaintiffs, "the Parties") hereby submit this Joint Trial Setting Conference Statement pursuant to Your Honor's Standing Order for Civil Cases IV(C)(2), the Court's Scheduling Order dated January 5, 2023, and in advance of the trial setting conference set for April 13, 2023 at 11:00 a.m. (ECF No. 119).

## II. JURISDICTION

Plaintiffs allege that the Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332, because: (1) there are 100 or more (named or unnamed) class members; (2) there is an alleged aggregate amount in controversy exceeding $5,000,000, exclusive of interest or costs; and (3) there is minimal diversity because at least one Plaintiff and Defendants are citizens of different states. Plaintiffs further allege that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. Defendants have not asserted any counterclaims.

## III. SUBSTANCE OF THE ACTION

### Plaintiffs' Statement

Plaintiffs Carl Barrett, Michel Polston, Nancy Martin, Michael Rodriguez, Maria Rodriguez, and Andrew Hagene are victims of scams involving Apple gift cards. They allege that Apple, a technology company which maintains an online platform providing digitals products, knowingly facilitates and profits from scams involving Apple gift cards. Apple acknowledges on its website that these scams follow a "formula" wherein the scammers, using high-pressure tactics to instill a sense of panic and urgency in the intended victim, convince the victim to purchase Apple gift cards and to provide the codes on the cards to the scammer. ¶¶63-65.[1] The scammer then redeems the fraudulently obtained gift card numbers to an Apple ID account controlled by the scammer. ¶67. The scammer uses the funds from the stolen gift cards to purchase digital products (such as

---

[1] All "¶_" and "¶¶__" refer to the First Amended Class Action Complaint (ECF No. 59).

applications or "apps") within Apple's ecosystem.  ¶¶66-69.  Apple then distributes the money stolen from victims to the Apple Developers, less Apple's 30% commissions, even where Apple receives direct notification of the scam from the victim.  ¶71.  Further, in some instances, including when victims report the scam to Apple or Apple identifies fraud through internal data analysis, Apple freezes the stolen gift cards or suspends the scammers' Apple ID accounts, and will retain 100% of the proceeds of the scam for itself.  ¶¶6, 77, 88.  Plaintiffs seek monetary relief and declaratory judgment on behalf of Class Members.

**Apple's Statement**

Plaintiffs are individuals who allege that they purchased Apple's iTunes and App Store gift cards, provided the redemption code(s) to an unknown third party under false pretenses.  Plaintiffs seek monetary relief and declaratory judgment, but Apple maintains that Plaintiffs are entitled to no relief of any kind.

Apple sells, among other things, gift cards which can be used to purchase digital content available on the App Store and iTunes.  Apple takes extensive measures to identify, prevent, and remediate gift card fraud.  In addition to implementing industry-leading protocols for detecting and stopping gift card fraud, Apple collaborates with retailers, integrators, and government agencies to prevent gift card fraud in a multitude of ways.

The principal factual issues in dispute include:  whether each Plaintiff and putative class member was a victim of a victim-assisted gift-card scam involving an iTunes and App Store gift card; the identification of the specific property that is the subject of Plaintiffs' conversion and Section 496 claims; whether Apple was ever in receipt of or exercised dominion over any property that had the character of being stolen; whether Apple had the requisite actual knowledge that it was in possession of property that had the character of being stolen; whether Plaintiffs or putative class members contacted Apple and, if so, the content of those communications; whether Plaintiffs or putative class members received refunds from an entity other than Apple or otherwise mitigated their damages; whether the scammer in a given incident was in fact "unknown" to the Plaintiff and acting under false pretenses; whether any Plaintiffs in fact were "discouraged" from contacting Apple because of Apple's disclaimer; and whether that disclaimer was material.

## IV. LEGAL ISSUES

### Plaintiffs' Statement

Plaintiffs' claims concern Apple's denial of refunds for scams involving Apple or iTunes gift cards. The scams affected thousands of consumers who, during the class period running from January 1, 2015 through July 31, 2020 (the "Class Period"), purchased one or more gift cards redeemable on iTunes or the App Store, provided redemption codes to people unknown to them who sought the codes under false pretenses, and were not refunded the value of the gift cards by Apple (the "Nationwide Class"). Additionally, any consumer who is part of the Nationwide Class is also part of a proposed subclass if they contacted Apple regarding the scam and were not refunded the value of the gift cards by Apple (the "Contact Subclass"). Plaintiffs assert the following claims on behalf of the Nationwide Class: (1) unfair practices in violation of California Consumers Legal Remedies Act, Cal. Civil Code §1750 ("CLRA"); (2) unfair practices in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 ("UCL"); (3) unlawful practices in violation of the CLRA; (4) unlawful practices in violation of the UCL; and (5) a claim for declaratory judgment. Plaintiffs further assert the following claims on behalf of the Contact Subclass: (1) civil claims for violations of California Penal Code §496(a) arising from Apple's *concealment or withholding* of stolen property; and (2) a common law claim of conversion. Plaintiffs have also filed a motion for partial reconsideration, in which they seek to assert civil claims for violations of California Penal Code §496(a) arising from Apple's *receipt* of stolen property on behalf of the Nationwide Class.

### Apple's Statement

For the reasons explained in Apple's opposition to Plaintiffs' motion for partial reconsideration (ECF No. 153), Plaintiffs' attempts to revive their §496 claims on behalf of the Nationwide Class should be rejected as substantively incorrect and procedurally improper.

The remaining legal issues include: whether the Class and or Subclass can be certified under Federal Rule of Civil Procedure 23; whether the applicable statute(s) of limitation bar any of Plaintiffs' claims; whether Apple is liable to Plaintiffs and the putative class and subclass; whether the mere acceptance of payment for a product or service by an innocent third-party intermediary can

create liability for conversion; whether store credit is cognizable property under Cal. Penal Code §496 or conversion under California common law; whether an "innocent purchaser" defense applies to Apple's payment of funds in connection with the redemption of store credit; whether Apple's disclaimer of liability is unconscionable; whether consumers who did not contact Apple (and thus have no claims against Apple other than those in connection with the disclaimer) can prove any damages flowing from Apple's allegedly unconscionable disclaimer; whether Apple made any material misstatements or omissions in connection with the disclaimer; and whether Apple's gift cards are "goods" or "services" as those terms are used in the CLRA.

## V.   MOTIONS

### Prior Dispositive Motions

On June 13, 2022, this Court issued an Amended Order granting in part and denying in part Defendants' Motion to Dismiss the First Amended Complaint (ECF No. 96).

### Pending Dispositive Motions

There are two motions presently pending before the Court. First, as noted above, Plaintiffs filed a Motion for Partial Reconsideration (ECF No. 134), which the Parties expect to be fully briefed by April 3, 2023 (ECF No. 155), and which is set for hearing on July 20, 2023. Second, Plaintiffs filed a Motion to Dismiss Plaintiff Carl Barrett (ECF No. 135), which the Parties expect to be fully briefed by March 31, 2023; this motion is not currently set for hearing (*id.*).

### Anticipated Motions

Plaintiffs anticipate filing a motion for class certification, which Apple will oppose. Apple also anticipates filing a motion for summary judgment, and reserves its right to file additional motions.

## VI.   DISCOVERY

The deadline for fact discovery was February 24, 2023. Expert discovery is ongoing.

The Court granted the Parties' stipulation to defer negotiation and production of certain categories of discovery until after class certification (ECF No. 152).

On March 28, 2023, the Parties presented oral argument concerning the ongoing discovery disputes presently before the Court (ECF Nos. 138, 141, 143, 145, and 147).

The Parties are continuing to work cooperatively to complete certain agreed-upon outstanding discovery, including but not limited to, the production of certain documents by both Apple and Plaintiffs, the deposition of Carl Barrett, and the deposition of one Apple employee. The Parties anticipate that such outstanding discovery will be completed by early May.

### VII.    SETTLEMENT & ADR

The Parties are actively seeking to schedule a mediation prior to briefing class certification.

### VIII.    BIFURCATION & SEPARATE TRIAL OF ISSUES

The Parties do not seek bifurcation or a separate trial of specific issues.

### IX.    TRIAL

**Plaintiffs' Statement**

Plaintiffs believe that they will be ready for trial following: (1) a decision on Plaintiffs' forthcoming Motion for Class Certification, which motion is currently due May 25, 2023; (2) resolution of deferred discovery disputes and production of resulting discovery; and (3) decision on any motions for Summary Judgment the parties may file. Plaintiffs intend that all issues be tried together in a single trial by jury. Subject to the Court's guidance and rulings, Plaintiffs will present testimony from the named Plaintiffs, Plaintiffs' experts, certain current and former Apple employees, and other witnesses. Plaintiffs anticipate that trial can be completed in approximately 10 court days, excluding jury selection, with Plaintiffs and Apple splitting their time equally.[2]

**Apple's Statement**

Apple believes that no class should be certified in this action. At this stage, the Parties do not yet know whether any class will be certified, the scope of any class or, if a class is certified, how long the process of providing notice and opportunity to opt out will take. Accordingly, Apple maintains that it is premature and impractical to propose when it will be ready for trial and how long the trial will last. At this time, however, Apple anticipates that it will present testimony from Apple employees, Apple's expert(s), certain named Plaintiffs, and other witnesses.

---

[2]    This estimate assumes cross examinations and Defendants' case are of reasonable length.

## X. SCHEDULING

The Parties do not propose any modification to the Case Management Schedule (ECF No. 105).

| EVENT | DEADLINE |
|---|---|
| Motion for Class Certification and Accompanying Expert Disclosures | May 25, 2023 |
| Deadline for Filing Opposition to Motion for Class Certification and Accompanying Rebuttal Expert Disclosures | August 4, 2023 |
| Deadline for Filing Reply in Support of Motion for Class Certification | October 5, 2023 |
| Deadline(s) for Filing Discovery Motions | *See* Civil Local Rule 37-3 |
| Hearing on Anticipated Motion for Class Certification | 9:00 a.m. on October 19, 2023 |

**Apple's Statement**

Apple disputes that any class should be certified in this action. At this stage, the Parties do not yet know whether any class will be certified, the scope of any class or, if a class is certified, how long the process of providing notice and opportunity to opt out will take. Accordingly, Apple maintains that it is premature and impractical to propose dates for the Final Pretrial Conference and Trial.

## XI. OTHER MATTERS

Plaintiffs are not presently aware of any other matters that would facilitate the just, speedy, and inexpensive disposition of the matter.

Plaintiffs intend to reach an agreement with Apple on issues affecting the conduct of trial. This will include matters such as a proposed order outlining stipulations regarding the conduct of the trial, joint trial exhibits, the authenticity and admissibility of documents produced by the parties, a joint set of proposed jury instructions, a joint proposed verdict form, and a joint statement of the

case to be read to the jury.  Plaintiffs anticipate that they will be able to reach an agreement regarding these matters which will streamline the trial in this case.

Dated:  March 30, 2023                                  Respectfully submitted,

| **SCOTT+SCOTT ATTORNEYS AT LAW LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| *s/ Joseph P. Guglielmo* | *s/ David R. Singh* |
| Joseph P. Guglielmo (*pro hac vice*) | David R. Singh (Bar No. 300840) |
| Amanda M. Rolon (*pro hac vice*) | Morgan D. MacBride (Bar No. 301248) |
| The Helmsley Building | Amy Le (Bar No. 341925) |
| 230 Park Ave., 17th Floor | 201 Redwood Shores Parkway, 6th Floor |
| New York, NY 10169 | Redwood Shores, CA 94065-1134 |
| Telephone: 212-223-6444 | Telephone: (650) 802-3000 |
| Facsimile:  212-223-6334 | Facsimile: (650) 802-3100 |
| jguglielmo@scott-scott.com | david.singh@weil.com |
| arolon@scott-scott.com | morgan.macbride@weil.com |
|  | amy.le@weil.com |
| **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |  |
| Alex M. Outwater (Bar No. 259062) | **WEIL, GOTSHAL & MANGES LLP** |
| 600 W. Broadway, Suite 3300 | Sarah Coyne *(pro hac vice)* |
| San Diego, CA  92101 | Robert Niles-Weed *(pro hac vice)* |
| Telephone: 619-233-4565 | 767 Fifth Avenue |
| Facsimile:  619-233-0508 | New York, NY 10153 |
| aoutwater@scott-scott.com | Telephone: (212) 310-8000 |
|  | Facsimile: (212) 310-8007 |
| **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP** | sarah.coyne@weil.com |
|  | robert.niles-weed@weil.com |
| Nyran Rose Rasche *(pro hac vice)* |  |
| Nickolas J. Hagman *(pro hac vice)* | *Attorneys for Defendants Apple Inc. and Apple Value Services, LLC* |
| 135 South LaSalle Street, Suite 3210 |  |
| Chicago, IL 60603 |  |
| Telephone: 312-782-4880 |  |
| Facsimile:  318-782-4485 |  |
| nrasche@caffertyclobes.com |  |
| nhagman@caffertyclobes.com |  |

**KIRBY MCINERNEY LLP**
Anthony F. Fata (*pro hac vice*)
Sarah E. Flohr (*pro hac vice*)
211 West Wacker Drive, Suite 550
Chicago, IL 60606
Telephone: 312-767-5180
afata@kmllp.com
sflohr@kmllp.com

*Interim Co-lead Counsel for Plaintiffs and the Putative Class*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

I, Joseph P. Guglielmo, am the ECF User whose ID and password are being used to file the foregoing. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that all signatories concurred in this filing, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated: March 30, 2023              s/ *Joseph P. Guglielmo*
                                   Joseph P. Guglielmo

**CERTIFICATE OF SERVICE**

I, Joseph P. Guglielmo, certify that on March 30, 2023 the foregoing document entitled **JOINT TRIAL SETTING CONFERENCE STATEMENT** was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" as service through CM/ECF to registered e-mail addresses of parties of record in this case.

                                                        s/ *Joseph P. Guglielmo*
                                                         Joseph P. Guglielmo