UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL BARRETT, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>APPLE INC., et al.,<br><br>   Defendants. | Case No.   20-cv-04812-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS PLAINTIFF CARL BARRETT PURSUANT TO FED. R. CIV. P. 41(A)(2)**<br><br>Re: ECF No. 135 |

Pending before the Court is Plaintiffs' Motion to Dismiss Plaintiff Carl Barrett Pursuant to Federal Rule of Civil Procedure 41(a)(2) (the "Motion"). ECF No. 135 ("Mot."). Based on the parties' submissions and oral argument heard on April 13, 2023, the Court GRANTS the Motion as described below.

**I.    BACKGROUND**

Carl Barrett, Eric Marinbach, Nancy Martin, Michel Polston, Michael Rodriguez, Maria Rodriguez, and Douglas Watson filed this putative class action against Defendants Apple Inc. and Apple Value Services LLC (together, "Defendants") on July 17, 2020. ECF No. 1. The same seven individuals, joined by Guanting Qui and Andrew Hagene, filed an Amended Complaint against Defendants on April 14, 2021. ECF No. 59 ("Am. Compl."). Defendants moved to dismiss the Amended Complaint. ECF No. 61. Following the Court's order granting in part and denying in part Defendants' motion to dismiss, Plaintiffs Eric Marinbach, Guanting Qui, and Douglas Watson provided notice of their voluntary dismissal of all claims in this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF Nos. 97, 100. At present, the remaining

1   plaintiffs in this action are Carl Barrett, Andrew Hagene, Nancy Martin, Michel Polston, Michael

2   Rodriguez, and Maria Rodriguez (together, "Plaintiffs"). *See id.* Broadly speaking, Plaintiffs

3   allege that Defendants wrongfully withheld, concealed, and converted funds lost by victims of gift

4   card scams involving Apple gift cards. *See* Am. Compl.

5         On March 10, 2023, counsel for Plaintiffs filed the present Motion requesting that the

6   Court dismiss with prejudice Mr. Barrett's individual claims against Defendants. Mot. at 1. It

7   appears that Mr. Barrett informed his counsel on November 2, 2022, that he no longer desired to

8   participate in this action. ECF No. 135-1 ("Hagman Decl.") ¶ 2. Counsel for Plaintiffs have been

9   unable to reach Mr. Barrett since that day, despite—as described by counsel at oral argument—

10  multiple attempts to contact him by phone, email, and expedited mail.

11        On December 27, 2022, counsel for Defendants noticed the deposition of each named

12  plaintiff, including Mr. Barrett. Hagman Decl. ¶ 6. On January 31, 2023, counsel for Plaintiffs

13  informed counsel for Defendants of Mr. Barrett's stated desire to cease his participation in this

14  action, and subsequently informed them of the numerous, unsuccessful attempts to contact Mr.

15  Barrett. *Id.* ¶ 7. Counsel for Plaintiffs requested that Defendants stipulate to Mr. Barrett's

16  dismissal. *Id.* Defendants did not so stipulate, and instead filed an unopposed motion before

17  Judge DeMarchi to compel Mr. Barrett to fulfill his discovery obligations. *Id.* ¶ 8; *see* ECF No.

18  136. On March 13, 2023, Judge DeMarchi granted Defendants' motion and ordered Mr. Barrett to

19  verify his interrogatory responses by March 20, 2023, and to sit for a deposition by Defendants.

20  ECF No. 146 ("Order") at 1. Defendants noticed Mr. Barrett's deposition for April 6, 2023. *See*

21  ECF No. 156 ("Opp.") at 1. As stated by counsel for the parties at oral argument on this Motion,

22  Mr. Barrett has not complied with either component of Judge DeMarchi's Order.

23  **II.     LEGAL STANDARD**

24        A plaintiff who wishes to voluntarily dismiss an action following the defendant's service

25  of an answer to the complaint or a motion for summary judgment, and who has not obtained a

26  stipulation of dismissal signed by all parties, must petition the court for a dismissal order. Fed. R.

27  Civ. P. 41(a)(2); *see id.* 41(a)(1). "A district court should grant a motion for voluntary dismissal

28  Case No.: 20-cv-04812-EJD
    ORDER GRANTING PLTFS.' MOT. TO DISMISS BARRETT
    2

under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "'Legal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). Legal prejudice may ensue when, for example, the dismissal "would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense" or "would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud." *Westlands Water Dist.*, 100 F.3d at 97 (citations omitted). Legal prejudice does not result merely because a plaintiff might gain a tactical advantage from the dismissal. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982).

## III.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs seek a court order dismissing Mr. Barrett from this action with prejudice. In their limited opposition to the Motion, Defendants do not contest Mr. Barrett's eventual dismissal from this action, but instead request that the Court condition the dismissal on Defendants' completion of—or decision not to pursue—remedies related to Mr. Barrett's failure to comply with his discovery obligations. Opp. at 1. Defendants contend that Mr. Barrett's testimony "bears on the Rule 23 requirements for class certification, including whether individualized issues predominate over common issues." *Id.* at 3. Further, Defendants argue that dismissal of Mr. Barrett, a resident of Maryland, could deprive the Court of its jurisdiction over Mr. Barrett and therefore its ability to enforce Judge DeMarchi's Order or any subsequent orders related to Mr. Barrett's non-compliance. *Id.* at 4. Defendants did not include a discussion of prejudice in their opposition to the Motion, *see generally id.*, but counsel argued at the hearing that they would be prejudiced if the dismissal order prevented Defendants from evaluating and potentially seeking appropriate remedies. As an example, counsel for Defendants noted the possibility of serving on Mr. Barrett requests for admission under Federal Rule of Civil Procedure 36, which if unanswered would be deemed admitted—a course of action only available if Mr. Barrett remains a party to the action.

Case No.: 20-cv-04812-EJD
ORDER GRANTING PLTFS.' MOT. TO DISMISS BARRETT
3

Plaintiffs assert that Defendants would not suffer any legal prejudice from Mr. Barrett's dismissal. Mot. at 3–4; ECF No. 163 ("Reply") at 3. They argue that there is no unique deposition testimony that Mr. Barrett could provide bearing on class certification, and that regardless they do not object to Defendants' taking Mr. Barrett's deposition following his dismissal—*i.e.*, they will not seek a protective order should Defendants serve Mr. Barrett with a deposition subpoena. *Id.* Counsel for Plaintiffs also argued that serving requests for admission on an individual who has clearly expressed a desire to be removed from the action, and who is almost certain not to respond, would not constitute a fair remedy.

The Court is troubled by the concept of Defendants obtaining admissions by serving discovery on Mr. Barrett to which he doubtless will not respond. As a tactical disadvantage does not constitute legal prejudice, it follows that the loss of a tactical advantage—which Defendants' proposal would surely create—also does not constitute legal prejudice barring Mr. Barrett's dismissal. *See Hamilton*, 679 F.2d at 145. Further, the Court is not persuaded by Defendants' suggestion, made without citations to case law, that Mr. Barrett's dismissal "may deprive this Court of its power to enforce [Judge DeMarchi's] Order" because Mr. Barrett resides in Maryland. Opp. at 4. Courts in this district have granted dismissals under Rule 41(a)(2) of out-of-state plaintiffs who remained subject to existing discovery orders. For example, in *Fraley v. Facebook, Inc.*, the court granted plaintiffs' motion to dismiss named plaintiff Fraley—a resident of Seattle, Washington—from a putative class action without conditioning the dismissal on prior compliance with a magistrate judge's order requiring Fraley's deposition appearance. *Fraley v. Facebook, Inc.*, 2012 WL 893152, at *4 (N.D. Cal. Mar. 13, 2012); *see* Second Amended Class Action Complaint ¶ 6, *Fraley v. Facebook, Inc.*, No. 11-cv-01726 (N.D. Cal. June 6, 2011). The court there reasoned that plaintiffs had an independent duty to comply with the discovery order. *Id.*; *see also Dang. v. Cross*, 2002 WL 31548738, at *1 (C.D. Cal. June 18, 2002) (assessing monetary sanctions against plaintiff who contravened discovery orders by refusing to appear for further deposition or respond to written discovery and noting that plaintiff's "mere decision to dismiss could not vitiate the orders"). Similarly, Mr. Barrett's mere desire to dismiss the case did not, and

Case No.: 20-cv-04812-EJD
ORDER GRANTING PLTFS.' MOT. TO DISMISS BARRETT
4

does not, abrogate his duty to comply with his discovery obligations and court orders.

Accordingly, the Court will dismiss Mr. Barrett from this action, and will not condition the dismissal on prior compliance with Judge DeMarchi's Order. Mr. Barrett is already in violation of both the deposition and written discovery prongs of the Order, and the dismissal does not protect Mr. Barrett from the consequences of his non-compliance. The Court therefore refers the resolution of any remaining discovery disputes and/or related sanctions to Judge DeMarchi.

The only remaining question is whether the dismissal should be with or without prejudice. In determining whether dismissal should be with or without prejudice, courts typically consider: (1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss. *Burnette v. Godshall*, 828 F. Supp. 1439, 1443–44 (N.D. Cal. 1993). Five putative class representatives remain in this action and the parties have indicated that the case will move forward with mediation and class certification briefing. There has been no excessive delay, and a dismissal without prejudice does not render futile the efforts of the parties to date. Taking these considerations into account, along with the lack of legal prejudice to Defendants and the acknowledgment by counsel for Plaintiffs that Mr. Barrett has not himself confirmed the request for dismissal with prejudice, the Court dismisses Mr. Barrett's claims without prejudice so that he may become an absent class member should the putative class be certified. *See Fraley*, 2012 WL 893152, at *3–*4.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff Carl Barrett's claims are DISMISSED WITHOUT PREJUDICE; and
2. The parties are referred to Judge DeMarchi for resolution of the violation of the March 13, 2023 Order in this action.

**IT IS SO ORDERED.**

Dated: April 18, 2023

EDWARD J. DAVILA
United States District Judge