UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL BARRETT, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>APPLE INC., et al.,<br><br>   Defendants. | Case No. 20-cv-04812-EJD (VKD)<br><br>**ORDER RE MARCH 10, 2023 DISCOVERY DISPUTE RE LAW ENFORCEMENT TRACKING DATA**<br><br>Re: Dkt. No. 143<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

Plaintiffs and defendants Apple Inc. and Apple Value Services LLC ("Apple") ask the Court to resolve their dispute concerning plaintiffs' request that Apple produce samples of the data it maintains about requests for information it receives from law enforcement. Dkt. No. 143; *see also* Dkt. No. 187. The Court held a hearing on this dispute on March 28, 2023, after which it ordered the parties to confer further. *See* Dkt. No. 159 at 2. Having considered the parties' most recent submission, the Court directs Apple to disclose some limited information regarding its law enforcement request tracker and orders further proceedings, as set forth below.

**I. BACKGROUND**

Plaintiffs served a request for production, RFP 23, asking Apple to produce "Structured Data reflecting or relating in any way to transactions involving Gift Cards sold at retail during the Relevant Time Period, efforts to identify those gift cards involved in fraud, and the identified of fraud victims, including . . . g) any fields, flags, codes, calculations, or other indicators used by Apple to analyze, determine or identify which cards, Apple ID accounts and/or Apple Developer accounts were or may have been involved in Gift Card Scams; h) any flags, codes or other indicators of law enforcement inquiry, investigation or involvement of any kind with a card; and i)

1  any date or time information which would indicate . . . when and how any analysis, determination
2  or identification of fraud took place." Dkt. No. 143-1 (RFP No. 23).  According to plaintiffs,
3  Apple receives requests from law enforcement agencies for information related to specific
4  financial identifiers, including specific gift card numbers, and such requests "generally seek details
5  of suspected fraudulent transactions." Dkt. No. 143 at 2.[1]  Plaintiffs say that Apple maintains
6  records of these requests in a "law enforcement database," which they believe likely contains
7  information identifying gift cards involved in scams. *Id.* at 2-3.  Plaintiffs argue that Apple's law
8  enforcement request records are relevant to establishing that Apple had actual knowledge of the
9  scams.  *See* Dkt. No. 176 at 63:5-8; 64:13-65:22; Dkt. No. 187 at 4 (referring to information
10 showing knowledge may be imputed to Apple).

11 Apple acknowledges that it maintains records of requests for information it receives from
12 law enforcement. Dkt. No. 143 at 4.  It describes those records as follows:



This internal tracker is the only "structured data" related to law enforcement requests Apple maintains.  There is no law enforcement database with results of investigations into allegations of gift card fraud by law enforcement or anything else to compel.

. . . ▮▮▮▮ Second, the law enforcement agency (not Apple) determines whether a crime was committed, and the agency rarely (if ever) informs Apple about the conclusion of an investigation or any determinations the agency made.  Third, ▮▮▮ And as explained below, the subpoenas do not

---

[1] Plaintiffs rely on Apple's own "transparency report" concerning law enforcement requests. *See, e.g.*, Apple Transparency Report: Government and Private Party Requests, January 1–June 30, 2019, https://www.apple.com/legal/transparency/pdf/requests-2019-H1-en.pdf.

> ordinarily include information that would enable anyone to
> determine any connection to victim-assisted fraud.

*Id.* Apple explains that its internal team responsible for responding to law enforcement requests ███████████████████████████████████████████████████████████████ Dkt. No. 187 at 4. Apple acknowledges that, on occasion, ███████████████████████ ███████████████████████████████████████████ However, Apple argues that the information in the law enforcement request tracker is not relevant because ███████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ███████████████ *Id.* at 4-5-6; Dkt. No. 143 at 6-7. Apple also objects to producing records from its law enforcement request tracker because the tracker necessarily encompasses records relating to gift cards that are involved in investigations entirely unrelated to plaintiffs' claims, and Apple has no way of knowing which of the gift cards that are the subject of law enforcement inquiries might involve the type of gift card scam at issue in this case. *Id.*; Dkt. No. 187 at 4-5. Finally, Apple objects that the records are not responsive to plaintiffs' RFP 23, are duplicative of other discovery plaintiffs have already obtained, and likely include privileged information. Dkt. No. 143 at 6, 7.

## II. DISCUSSION

As described by the parties, Apple's law enforcement request tracker appears to be responsive to the portion of plaintiffs' RFP 23 that asks for "Structured Data reflecting or relating in any way to transactions involving Gift Cards sold at retail during the Relevant Time Period . . . including . . . indicators of law enforcement inquiry, investigation or involvement of any kind with a card." And while this information may overlap with some information Apple has already produced regarding ████████████████████████ it is drawn from an entirely different data source that is maintained for a different purpose—*i.e.,* responding to requests from law enforcement. Thus, the law enforcement request tracker records are unlikely to be entirely cumulative of information Apple has already produced.

However, the Court is skeptical that the records Apple maintains in its law enforcement

3

1  request tracker contains information relevant to plaintiffs' claims or Apple's defenses. Plaintiffs'
2  thesis is that law enforcement inquiries (and Apple's responses to those inquiries) put Apple "on
3  notice" that a particular gift card is implicated in the type of gift card scam at issue in this case,
4  whether Apple chooses to act on that information or not. Apple insists that the law enforcement
5  request tracker does not contain any information that could possibly support plaintiffs' thesis
6  because ████████████████████████████████████████
7  ████████████████████████████████████ Plaintiffs do not point to any evidence to the
8  contrary, but they suspect that Apple *could* use this and other information it has to make an
9  assessment if it chose to do so.
10      So far, Apple has declined to share with plaintiffs any information about the data fields it
11 maintains in the law enforcement request tracker and has also declined to produce a sample of the
12 records the tracker contains. The Court finds it impossible to resolve this dispute without this
13 additional information. Accordingly, the Court orders as follows:

14  1. Apple must disclose to plaintiffs the portion of the law enforcement request tracker
15     spreadsheet that shows the names of the data fields in the spreadsheet, such as the top
16     (header) row of the spreadsheet showing the names of the columns.
17  2. Apple must also disclose to plaintiffs the data maintained in the tracker for one
18     representative law enforcement request involving a gift card(s), for each year during
19     the period January 1, 2012 to December 31, 2022 (or for whatever shorter period Apple
20     maintains the tracker); Apple need not produce the law enforcement requests
21     themselves.
22  3. If Apple contends that any of the information required to be disclosed to plaintiffs is
23     subject to the attorney-client privilege or other protection, it may redact that
24     information and identify it in a privilege log or by other suitable means. *See* Fed. R.
25     Civ. P. 26(b)(5).
26  4. Apple shall disclose the information (and its privilege claims, if any) to plaintiffs by
27     **May 12, 2023.**
28  5. If after reviewing the information Apple provides, plaintiffs still believe the contents of

Apple's law enforcement request tracker is relevant to a claim or defense, the parties shall file a further status report no later **May 19, 2023**, advising the Court of their respective positions and attaching a copy of Apple's disclosure from the tracker. If that disclosure is redacted due to a claim of privilege or other protection, Apple must lodge an unredacted copy of the disclosure for in camera review by the Court.

**IT IS SO ORDERED.**

Dated: May 5, 2023



VIRGINIA K. DEMARCHI
United States Magistrate Judge