UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL BARRETT, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>APPLE INC., et al.,<br><br>   Defendants. | Case No. 20-cv-04812-EJD (VKD)<br><br>**REDACTED**<br>**ORDER RE DISCOVERY DISPUTE RE APPLE'S RESPONSES TO PLAINTIFFS' INTERROGATORIES NOS. 9-11**<br><br>Re: Dkt. Nos. 138, 201 |

After conferring further at the Court's direction, plaintiffs and defendants Apple Inc. and Apple Value Services LLC ("Apple") ask the Court to resolve their dispute concerning Apple's responses to plaintiffs' Interrogatories Nos. 9-11. Dkt. Nos. 138, 201.

In response to plaintiffs' Interrogatory No. 9,[1] Apple gave the following answer (subject to certain objections):



---

[1] Interrogatory No. 9 asks: "Identify and describe all methods known to Apple which are used by scammers to obtain the funds paid by victims for Gift Cards subject to a Gift Card Scams[sic], including but not limited to resale of the PINs on the secondary markets, royalty fraud, and purchase/resale of in-app currency." Dkt. No. 201, Ex. A.

▇▇▇▇

Dkt. No. 201, Ex. A. Relying on their Interrogatory No. 11,[2] plaintiffs have asked Apple to quantify these methods of monetization used by scammers. Dkt. No. 201 at 1-3. At the very least, plaintiffs say that Apple should explain further why it believes (1) ▇▇▇▇ ▇▇▇▇ is the "primar[y]" means by which scammers monetize Gift Cards and Gift Card PINs; (2) ▇▇▇▇ happens "on some occasions"; and (3) ▇▇▇▇ is "exceedingly unpopular" as a method of monetization. *Id.* at 1. Apple responds that it does not maintain any data that would permit it to quantify, or even estimate, the kinds of information plaintiffs seek in Interrogatory No. 11. *Id.* at 3, Ex. A. Specifically, Apple explains that it is unable to reliably distinguish whether ▇▇▇▇ ▇▇▇▇ is legitimate or fraudulent. *Id.* at 4.

    The Court is not persuaded Apple has data that permits it to provide the quantitative information Interrogatory No. 11 calls for or that Apple is simply refusing to investigate this issue. Plaintiffs refer to gift card activity patterns that may suggest suspicious activity, and to the fact that ▇▇▇▇ fraudulent gift card activity likely are known to the "hundreds of people" at Apple who work on gift card scam issues. *See id.* at 2-3. To the extent plaintiffs suggest that Rule 33 requires Apple to undertake an investigation of suspicious activity or poll its hundreds of employees who work on these matters in order to attempt to quantify instances of each method of monetization, where it does not actually record or quantify that information in the ordinary course of business, the Court disagrees that such an effort is contemplated by the Rule or that it is proportionate to the needs of the case. To the extent plaintiffs argue that Apple ▇▇▇▇ ▇▇▇▇, the Court understands that Apple has produced those records.[3]

---

[2] Interrogatory No. 11 asks: "For each method of monetization described in response to Interrogatory No. 9 above, identify the Gift Cards subject to Gift Card Scams which were monetized, the amounts paid by consumers for those Gift Cards, any amounts refunded to consumers for those Gift Cards, any amounts cashed out to consumers for those Gift Cards, and any amounts retained by consumers for those Gift Cards." Dkt. No. 201, Ex. A.

[3] Plaintiffs do not explain what they mean when they say Apple ▇▇▇▇ ▇▇▇▇ or how this

For this reason, the Court denies plaintiffs request for an order requiring Apple to provide further information in response to Interrogatory No. 11.

The parties shall provide a status report regarding their efforts to resolve their dispute about Interrogatory No. 7 by **May 23, 2023**. That status report must comply with the formatting requirements of Civil L.R. 3-4(c)(2).

**IT IS SO ORDERED.**

Dated: May 19, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

information is responsive to plaintiffs' request for quantification. *See* Dkt. No. 201 at 2.

3