UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL BARRETT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC., et al.,<br><br>    Defendants. | Case No. 20-cv-04812-EJD (VKD)<br><br>**REDACTED ORDER**<br><br>**ORDER RE DISCOVERY DISPUTE RE DEFENDANTS' PRODUCTION OF NAMED PLAINTIFFS' DATA**<br><br>Re: Dkt. Nos. 141, 201 |

On March 28, 2023, the Court held a hearing on four discovery-related disputes, including the parties' dispute regarding defendants' production of structured data relating to the named plaintiffs' gift cards sold at retail during the class period. *See* Dkt. Nos. 141, 158. Following the hearing, the Court ordered the parties to confer further regarding "the categories of information plaintiffs seek and what data sources defendants maintain that contain that information," and to provide a status report regarding their efforts to resolve their dispute. Dkt. Nos. 159, 165, 192.

On May 12, 2023, the parties provided a status report and asked the Court to resolve three remaining issues involving the following data sources maintained by defendants: (1) ▮▮▮ data source, (2) ▮▮ database, and (3) ▮▮. Dkt. No. 201 at 5-15. The Court held a further hearing on the matter on May 23, 2023. Dkt. No. 213. Having considered the parties' submissions and the oral argument presented, the Court orders as follows:

1.  ▮▮▮▮▮▮▮ **data source**

The Court understands that defendants have agreed to produce data from the ▮▮▮ data source for all data fields used by defendants' fraud team in connection with gift card fraud associated with the named plaintiffs' gift card numbers. As discussed at the hearing, defendants

|   |   |
|---|---|
| 1 | must investigate whether the data they have now produced from ▮ includes all of the |
| 2 | input data fields reflected in defendants' list of ▮ that come from |
| 3 | ▮. In addition, as discussed at the hearing, defendants must share with plaintiffs, on an |
| 4 | informal basis, an explanation of what information is contained in any "new" data fields—i.e. the |
| 5 | "▮" referenced in Dkt. No. 201 at 4-6 as well as any additional fields sourced from |
| 6 | ▮ in the list of ▮. |

Defendants must complete this production and disclosure as soon as possible, but no later than **June 2, 2023**.

2. ▮ **database**

In their original discovery dispute submission, plaintiffs explained that they seek information reflecting the timing of payments to Apple for gift cards that were purchased in connection with fraud and the resulting payments by Apple to Apple developers associated with those cards. Dkt. No. 141 at 2. Specifically, they relied on Request for Production No. 23 which asks for "Structured Data reflecting or relating in any way to transactions involving Gift Cards sold at retail during the Relevant Time Period, efforts to identify those gift cards involved in fraud, and the identities of fraud victims, including . . . (f) the disposition of any value paid for or stored on each card, including amounts that were retained by Apple, as a commission, fee, charge, or other compensation to Apple, any amounts that were refunded to the purchaser or paid to Apple Developers, and any commissions or other amounts retained by or paid to the selling merchant; [and] (i) any date or time information which would indicate when any of the above information was received by Apple, when and how funds flowed in connection with each card (*i.e.*, from the purchaser to the retailer to Apple to an Apple Developer), and when and how any analysis, determination or identification of fraud took place." Dkt. No. 141-2. During the March 28, 2023 hearing, plaintiffs advised the Court that they wanted defendants to produce structured financial data reflecting Apple's payments to third-party integrators. *See* Dkt. No. 176 at 44:17-20, 48:14-49-24, 55:23-56:10.

Plaintiffs now explain that defendants maintain the relevant financial information they seek in an ▮ database. Dkt. No. 201 at 9-10. At plaintiffs' request, defendants produced "sample

United States District Court
Northern District of California

1  data" from this ▮ database on April 29, 2023. *Id.* at 8-9. Apparently, that data reflects that the

2  ▮ database contains information about "credit memos" Apple sends to integrators. *Id.* at 9. For

3  purposes of this dispute, plaintiffs ask the Court to order defendants to provide answers, on an

4  informal basis, to the following questions: (1) Are the credit memos sent to integrators limited to

5  deactivations? (2) Are there any other functions of credit memos sent to integrators? (3) Can the

6  credit memos resulting from deactivation be identified in the ▮ database, and if so, how? *Id.*

7  Defendants object to providing this information on several grounds, but their principal objection is

8  that this is the kind of substantive information plaintiffs should be required to obtain by deposition

9  and defendants should not be required to provide the information on an informal basis through

10 counsel.

11  The Court agrees that the information plaintiffs seek is the kind of information a party is

12 expected to obtain through formal discovery. Plaintiffs insist that the parties agreed to provide

13 this information informally. They refer the Court to section 7 of the stipulated ESI Order (Dkt.

14 No. 72), which states in relevant part: "To the extent any request calls for the production of data

15 maintained or stored in a database, the parties shall meet and confer in an attempt to agree upon

16 the form of production, including the specific fields, tables and other information that will be

17 produced. The parties agree to identify the specific databases, by name, that contain the relevant

18 and responsive information that parties produce and will meet and confer over the scope of

19 additional information that may be requested regarding such databases." Dkt. No. 72 at 4. This

20 provision requires the parties to share information that identifies relevant databases and related

21 sources of information, but nothing in section 7 requires a party to provide substantive information

22 about the function of credit memos or how those memos are reflected in the ▮ database.[1]

23  Plaintiffs suggest that they were deprived of an opportunity to take the necessary

24 deposition discovery because defendants did not produce the ▮ sample data until April 23, 2023

25 and defendants' witnesses, Lara Bennett and Neesha Thakkar, could not answer plaintiffs'

26

27
[1] To the extent plaintiffs rely on a separate agreement between the parties, there is nothing in the
28 record that documents the agreement that the Court could properly enforce. *See* Civil L.R. 7-12
(discussing stipulations filed with the court).

United States District Court
Northern District of California

questions about the credit memos. Dkt. No. 201 at 10. Defendants respond that neither witness was required to be prepared to answer these questions, as they were not Rule 30(b)(6) corporate representatives. *Id.* at 11 n.10. Defendants point out, without contradiction, that plaintiffs never served a Rule 30(b)(6) deposition notice on this topic during the class certification discovery period, even though plaintiffs were aware of defendants' use of credit memos based on documents produced "well before the depositions of Apple employees that occurred in the fall of 2022." *Id.* at 11.

While it is troubling that defendants appear to have produced relevant and responsive data from the ▮ database only after the deadline to complete class certification fact discovery, the underlying dispute at Dkt. No. 141 concerns plaintiffs' requests for documents, not deposition testimony. The Court is not persuaded that plaintiffs are entitled to obtain informally from defendants' counsel the substantive information that they now say they need when there is no dispute about production of the underlying documents. For this reason, the Court denies plaintiffs' request for an order requiring defendants to answer the three questions about credit memos, described above.

3. ▮

The Court will resolve the parties' dispute about the ▮ data source after the Court receives the declaration(s) the Court has ordered defendants to provide. *See* Dkt. No. 215.

**IT IS SO ORDERED.**

Dated: May 24, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge