UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL BARRETT, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>APPLE INC., et al.,<br><br>       Defendants. | Case No.   20-cv-04812-EJD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF ORDER ON MOTION TO DISMISS**<br><br>Re: ECF No. 134 |

Pending before the Court is Plaintiffs' Motion for Partial Reconsideration ("Motion") of the Court's Amended Order Granting in Part and Denying in Part Defendants' Motion to Dismiss First Amended Complaint ("Prior Order"), issued on June 13, 2022. *See* ECF Nos. 97 ("Prior Order"); 134 ("Mot."). Specifically, Plaintiffs request that the Court reconsider its holding that Plaintiffs did not state a claim for Apple's receipt of stolen funds in violation of California Penal Code § 496. Mot. 1. The Court heard oral argument on the Motion on June 8, 2023. Having considered the parties' written and oral arguments, the Court DENIES the Motion for the reasons discussed below.

I.   **BACKGROUND**

   A.   **Factual Background[1]**

Defendant Apple Inc. is a California corporation with its principal place of business in Cupertino, California. FAC ¶ 16. Defendant Apple Value Services, LLC (with Apple Inc,

---

[1] The Court here reiterates relevant portions of the factual background described in its Prior Order. *See* Prior Order 2–6.

Case No.: 20-cv-04812-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION
1

1  "Defendants" or "Apple"), is a Virginia corporation with its principal place of business in

2  Cupertino, California. *Id*. ¶ 17. Plaintiffs are residents of Oregon, Florida, California, and

3  Missouri, all of whom fell victim to scams involving the purchase of Apple's App Store & iTunes

4  gift cards. *Id.* ¶¶ 7–15, 112–177.

5  According to Plaintiffs, the scam works as follows: The scammer contacts an individual.

6  *Id*. ¶¶ 63–71. The scammer induces panic or urgency in the individual or otherwise induces the

7  individual to give money to the scammer. *Id*. The scammer may, for example, tell the individual

8  that the individual has a time-sensitive opportunity to receive a vaccine for COVID-19. *Id*. The

9  scammer tells the individual that the individual can transfer money to the scammer by using

10  iTunes gift cards. *Id*. The scammer tells the individual to go to a nearby retailer to buy one or

11  more gift cards. *Id*. The scammer tells the individual to give to the scammer the unique code(s)

12  located on the back of the gift card(s). *Id*. If the individual complies, the scammer may ask the

13  individual to purchase more gift cards and share their codes as well. *Id*.

14  Once the scammer is in possession of a gift card code, the scammer is in possession of the

15  value associated with the gift card—at least until the individual who was the victim of the scam or

16  someone else with access to the code uses up that value. *Id*. At this point, the scammer does one

17  of two things. *Id*. The scammer may sell the code to a third party in exchange for money. *Id*.

18  Alternatively, the scammer may input the code into an Apple ID account controlled by the

19  scammer. *Id*. If the scammer inputs the code into their Apple ID account, the scammer can use

20  the value of the gift card as if it were their own and carry out transactions in either the iTunes

21  Store or the App Store. *Id*. For example, the scammer may purchase songs or movies on iTunes,

22  or they may spend the money on or within applications ("apps") controlled by a third party. *Id*.

23  Some apps are free but some cost money to download; moreover, some apps allow or induce users

24  to pay money within the app itself—for example, to get access to special features of the app. *Id*.

25  In a typical version of the scam, however, the scammer will not spend the gift card value in

26  the iTunes Store or on or within third-party apps. *Id*. Instead, scammers spend the value on or

27  within an app that the scammer controls. *Id*. The scam, or at least one cycle of the scam, is

28  Case No.: 20-cv-04812-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION
2

United States District Court
Northern District of California

complete when the Apple Developer-scammer receives their payment from Apple. The scammer has at this point effectively converted gift card codes into money.

Plaintiffs allege that Apple has control of its iTunes and App Stores such that it knew or should have known about specific iTunes gift card scams as they were occurring or soon after they occurred. *See, e.g.*, *id*. ¶ 25. Plaintiffs allege that Apple knew or should have known: which Apple IDs had uploaded the codes of stolen gift cards; which iTunes Store or App Store purchases had been made with the value uploaded from stolen gift cards; and which Apple Developer accounts were associated with purchases made with the value uploaded from stolen gift cards. *See, e.g.*, *id*. ¶ 73. More generally, Plaintiffs allege that Apple knew or should have known how the iTunes gift card scam works, and that it is a widespread and impactful phenomenon. *See, e.g.*, FAC ¶ 63. Plaintiffs allege that Apple could have used its knowledge and control of its online stores to suspend Apple ID accounts and Apple Developer accounts associated with suspicious activity, to refuse to pay Apple Developer accounts that seemed to be involved with scams, and to refund to scam victims Apple's 30% commission on purchases associated with scams (if not the full 100% loss of the stolen gift card value). *Id*. ¶¶ 97–98. Plaintiffs point out that in 2012 Apple started producing gift cards in $500 denominations, potentially increasing the impact of individual scams. *Id*. ¶ 106. Plaintiffs allege that Apple's actions or failures to act indicate that Apple is aiding and abetting the scams, or is otherwise violating California fair competition statutes by knowingly paying scammers and keeping funds received because of the scams. *See, e.g.*, *id*. ¶¶ 108–110.

Plaintiffs bring this action individually and also on behalf of a proposed nationwide class of persons in the United States who were victims of the iTunes gift card scam and who did not receive a refund from Apple. *Id*. ¶¶ 181–302. Plaintiffs propose one subclass that includes scam victims who contacted Apple following the scam (the "Contact Subclass"). *Id*. The FAC described nine named Plaintiffs, all of whom fell victim to a typical version of the scam as described above. *Id*. ¶¶ 112–177. Five of those Plaintiffs—Plaintiffs Polston, Martin, Maria Rodriguez, Michael Rodriguez, and Andrew Hagene—remain in the action, as described below.

Case No.: 20-cv-04812-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION
3

*See infra*, at Section I.B. n.2.  Two of the remaining named Plaintiffs contacted Apple after being scammed, one contacted the police, and two contacted both the police and a district attorney.  FAC ¶¶ 112–177.  According to the FAC, the individual Plaintiffs who did not contact Apple "[were] informed that once the scammers redeemed the iTunes gift card there [was] nothing that Apple would do for them."  *Id*.  Those who contacted Apple were informed that after the cards had been redeemed, "there was nothing Apple could do."  *Id*.

### B. Procedural History

Plaintiffs Michel Polston, Nancy Martin, Michael Rodriguez, Maria Rodriguez, and Andrew Hagene ("Plaintiffs")[2] bring a putative class action against Defendants Apple, Inc. and Apple Value Services LLC (collectively, "Apple").  In their First Amended Complaint ("FAC"), Plaintiffs asserted the following claims: (1) unfair practices in violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.; (2) unfair practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (3) unlawful practices in violation of the CLRA; (4) unlawful practices in violation of the UCL; (5) deceptive practices in violation of the CLRA; (6) deceptive practices under the UCL; (7) violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500; (8) receiving, retaining, withholding, or concealing stolen property in violation of California Penal Code § 496; (9) conversion; (10) aiding and abetting intentional torts; and (11) declaratory judgment under 28 U.S.C. § 2201.  First Am. Class Action Compl. ("FAC"), ECF No. 59.

Defendants filed a motion to dismiss the FAC, which the Court granted in part and denied in part.  *See* Prior Order.  At issue here is the Court's holding on Plaintiffs' claim for violations of California Penal Code § 496, namely, that although those Plaintiffs who had contacted Apple following their discovery of the scam had stated a § 496 claim for *withholding* stolen property, no

---

[2] The First Amended Complaint included Carl Barrett, Eric Marinbach, Douglas Watson, and Guanting Qiu as plaintiffs.  *See* ECF No. 59.  Following the Court's issuance of the Prior Order, plaintiffs Eric Marinbach, Douglas Watson, and Guanting Qiu voluntary dismissed all of their claims against Apple.  *See* ECF No. 100.  On April 18, 2023, the Court granted Plaintiffs' motion to dismiss plaintiff Carl Barrett from this action.  *See* ECF No. 182.

Case No.: 20-cv-04812-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION
4

Plaintiff had stated a claim that Apple violated § 496 by *receiving* stolen property. *Id.* at 9–13.

The Prior Order was issued on June 13, 2022. About five weeks later, on July 21, 2022, the California Supreme Court issued an opinion in *Siry Investment, L.P. v. Farkhondehpour*, 13 Cal. 5th 333 (2022). Plaintiffs subsequently requested leave to file a motion for partial reconsideration with respect to the Court's decision on Plaintiffs' claim for Apple's receipt of stolen property in violation of § 496, on the ground that *Siry* constituted a clarification of the law on the meaning of "receipt" under § 496. ECF No. 108. The Court granted leave, ECF No. 125, and the instant Motion followed.[3]

## II.   LEGAL STANDARD

Reconsideration of a final judgment, order, or proceeding is appropriate if (1) at the time of the motion for leave to file a motion for reconsideration, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if new material facts emerge or a material change of law occurs after the time of the interlocutory order. N.D. Cal. Civ. L.R. 7-9(b); see also Fed. R. Civ. P. 59(e). Absent these three things, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted). Improper use of Rule 59(e) includes relitigating old matters or raising arguments or presenting evidence that could have been raised prior to the entry of judgment. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

## III.   DISCUSSION

As stated in the Prior Order:

---

[3] Because the Court did not grant Plaintiffs leave to move for reconsideration of the holding on Plaintiffs' conversion claim, the Court does not here consider those arguments, notwithstanding the brief discussion of the question at a prior hearing.

Case No.: 20-cv-04812-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION
5

> California Penal Code § 496 provides a civil cause of action to "[a]ny person who has been injured" by a defendant "who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained." Cal. Penal Code § 496(a), (c). A criminal conviction is not necessary for civil liability to attach. *Switzer v. Wood*, 247 Cal. Rptr. 3d 114, 121 (2019). To state a claim for a violation of section 496(a), Plaintiffs must plead that: (1) the property was stolen or obtained in a manner constituting theft, (2) the defendant knew the property was stolen or so obtained, and (3) the defendant received or had possession of the stolen property. *Id.* For the purposes of section 496(a), stolen property extends to property that has been stolen by conversion or false pretense, and the same allegations giving rise to Plaintiffs' conversion claim may suffice to state a claim under section 496. *Casamassima v. Cuadra*, No. 20-cv-04071-JSC, 2020 WL 7482214, at *4 (N.D. Cal. Nov. 16, 2020) (citing *Bell v. Feibush*, 212 Cal. App. 4th 1041, 1048 (2013); *Sustainable Pavement Techs., LLC v. Holiday*, No. 2:17-cv-02687-WBS-KJN, 2019 WL 2483294, at *3 (E.D. Cal. June 14, 2019)).

Prior Order 9–10. Plaintiffs seek reconsideration of the Court's holding that the FAC did not state a claim for Defendants' receipt of stolen property in violation of California Penal Code § 496. Mot. 1. Plaintiffs argue that reconsideration is warranted because the Prior Order's reasoning depended on one branch of a split in the California appellate courts' authority, but *Siry* effectively resolved the split in the other direction. *Id.* 7–9.

### A. The Prior Order

In its motion to dismiss the FAC, Apple argued that Plaintiffs had not stated a § 496 claim because the claim applies only to property that has already been stolen or obtained in a manner constituting theft. *See* Prior Order 10. In analyzing this argument, the Court noted that California courts were "split on the question of whether the property in question must already be stolen before it is received, concealed, or withheld." *Id.* The Court agreed with those courts holding that the property must be stolen before receipt, "[b]ased on a plain reading of the statute's use of past tense." *Id.* at 10–11; *see* Cal. Penal Code § 496(a) ("Every person who buys or receives any property that *has been stolen* . . . .") (emphasis added). Therefore, the Court reasoned, the question at hand was "whether Plaintiffs have adequately pled that the property was stolen before Apple received it." Prior Order 11. After reviewing the relevant allegations in the FAC, the Court

1   concluded that, as alleged in the FAC, "the theft is not complete until the scammers obtain the
2   redemption codes and redeem the funds for their own purposes," so that Plaintiffs had not pled
3   that the property was stolen before Apple received the funds. *Id.*  As such, Plaintiffs had not
4   stated a claim for Apple's receipt of stolen property under § 496.

### B. *Siry v. Farkhondehpour*

In *Siry*, the California Supreme Court addressed two questions:  "(1) whether a party in default has standing to file a motion for a "new trial" asserting legal error relating to calculation of damages and (2) whether a trial court may award treble damages and attorney's fees under Penal Code section 496, subdivision (c)[] in a case involving, not trafficking of stolen goods, but instead, fraudulent diversion of a partnership's cash distributions."  13 Cal. 5th at 339.  The Court answered in the affirmative as to both questions.  *Id.*  In evaluating the second question, the Court noted that although § 496 was the result of a bill intended to eliminate markets for stolen property by reducing the incentive to hijack cargo from trucks and other common carriers, the penal code section permitted recovery "when property has been obtained in any manner constituting theft."  *Id.* at 348, 361.  The Court then held that fraudulent diversion of partnership funds could constitute theft such that liability under § 496 was proper.  *Id.* at 361–62.

In reaching its conclusion, the Court reviewed a series of decisions issued by the California Court of Appeals on § 496, including the opinion in *Lacagnina v. Comprehend Systems, Inc.*, 25 Cal. App. 5th 955 (2018).  *See Siry*, 15 Cal. 5th at 352–53.  In *Lacagnina*, the Court of Appeal affirmed the trial court's grant of a nonsuit on a § 496 claim brought by an employee against an employer based on the alleged "theft" of the employee's labor.  *Id.* at 352.  The appellate court based its decision on the conclusion that labor is not property for the purposes of § 496, and then stated in dictum an alternative basis for its holding, namely, that "even assuming 'labor' qualifies as property under the statute, the statute would require that any such labor have already been '"stolen" at the time [the defendant] allegedly defrauded him out of the disputed commission.'"  *Id.* at 353 (quoting *Lacagnina*, 25 Cal. App. 5th at 971).  The California Supreme Court noted that this dictum "appear[ed] to be erroneous."  *Id.*  The Court expanded on this point in a footnote,

Case No.: 20-cv-04812-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION
7

1    pointing to the language in § 496 that permits the principal of the actual theft of the property to be
2    convicted pursuant to § 496—provided that the individual could not be convicted for both theft
3    and violation of § 496—and stating that, "[s]o viewed, the statutory language is inconsistent with
4    the assertion in *Lacagnina*'s dictum that [§] 496(a) contemplates that property must already have
5    been stolen when it comes into the defendant's hands." *Id.* at 353 n.15.

### C.     Reconsideration Analysis

The Court finds that *Siry* does not constitute either a "material difference in . . . law . . . from . . . that which was presented to the Court before entry" of the Prior Order or a "material change of law occurs after the time" of the Prior Order.[4]  N.D. Cal. Civ. L.R. 7–9(b).  The footnote in *Siry* on which Plaintiffs base their Motion states only that, as written in the statute itself, a principal in the theft of the property may be liable for receiving stolen property in violation of § 496, so long as the individual is not convicted of both crimes.  *Siry*, 15 Cal. 5th at 353 n.15; Cal. Penal Code § 496(a).  Put another way, where the same individual is responsible for both theft of a property and violation of § 496 with respect to that property, the property at issue need not have been *already* stolen before the individual's theft.  The assertion in *Lacagnina* that "appeared [] erroneous" to the Supreme Court was that a defendant alleged to have performed the initial theft could not be liable under § 496 because the property did not "already have the character of having been stolen." *Siry*, 15 Cal. 5th at 353; *Lacagnina*, 25 Cal. App. 5th at 971 (quoting *Grouse River Outfitters Ltd v. NetSuite Inc.*, 2016 WL 5930273, at *14 (N.D. Cal. Oct. 12, 2016)).  As noted by the Court, such an assertion is directly "inconsistent" with the statutory language, which "authoriz[es] a conviction for receiving stolen property *even though the defendant also stole the property*, provided he has not actually been convicted of the theft." *Siry*, 15 Cal. 5th at 353 n.15 (quoting *Allen*, 21 Cal. 4th 846, 857 (1999)).

But the situation at issue in *Lacagnina* and briefly discussed by *Siry*—where the defendant alleged to have violated § 496 also stole the property—is not the one at hand here.  Plaintiffs do

---

[4] Plaintiffs do not argue that the court committed clear error or that the Prior Order was manifestly unjust, so this third ground for reconsideration is not at issue here.  *See generally* Mot.

Case No.: 20-cv-04812-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION
8

not allege that Apple stole their property. *See generally* FAC. Rather, this entire action arises, at bottom, out of gift card scams conducted by third parties. When read in context of the discussion of the statutory language of § 496, *Siry*'s language casting doubt on "*Lacagnina*'s dictum that [§] 496(a) contemplates that property must already have been stolen when it comes into the defendant's hands" does not suggest that a defendant who legitimately receives property that is somehow later rendered stolen by a third party may be liable under § 496 for receipt of stolen property. Therefore, Plaintiffs have not shown a material change in law that changes this Court's analysis in the Prior Order that, "[b]ased on a plain reading of the statute's use of past tense, . . . the property must be stolen before receipt" by a defendant such as Apple, who is not alleged to have committed the theft. *See* Prior Order 10–11. And, as discussed in the Prior Order, the allegations in the FAC do not adequately plead that the property was stolen before Apple received it. *Id.* at 11 (citing FAC ¶¶ 63–65, 75).

Plaintiffs asserted in their written submissions and during oral argument that the FAC alleges that the stolen property was Plaintiffs' money. *See* Mot. 14. This proposition is not supported by the allegations in the FAC. *Compare id.* at 14 (citing FAC ¶¶ 276–277), *with, e.g.*, FAC ¶¶ 276–277 (alleging Plaintiffs were the rightful owners of the money used to purchase the gift cards and converted to stored value in the gift cards and that Plaintiffs were convinced to provide the codes on the back of the cards to the scammers), *id.* ¶¶ 66–67 (describing methods by which scammers can "monetize the stored value [on the gift cards]"). Plaintiffs also contend that the property was stolen upon Plaintiffs' purchase of the gift cards at the retail stores, so that Apple was immediately in receipt of stolen property. Mot. 14. Even assuming for the purposes of this Motion that the FAC adequately alleges that the stolen property was Plaintiffs' money, rather than stored value, Plaintiffs do not point to any allegations in the FAC that support this argument. *See id.* The Court's own review of the FAC finds no allegations that the theft occurred at the point of sale, and in fact the FAC includes allegations to the contrary. *See, e.g.*, FAC ¶ 71 ("Approximately 45 days after the end of the fiscal month, Apple . . . pays Apple Developers 70% of the total purchases for the period (including those from Apple IDs associated with scammed

Case No.: 20-cv-04812-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION
9

iTunes gift cards).").

Accordingly, the Court finds that Plaintiffs have not stated a claim for receipt of stolen property under § 496. The Court also declines Plaintiffs' invitation to permit them to amend their complaint at this late stage of the action, a year after the issuance of the order granting in part and denying in part the motion to dismiss the FAC. *See* ECF No. 167 ("Reply") 10.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiffs' Motion for Partial Reconsideration of the Court's Amended Order Granting in Part and Denying in Part the Motion to Dismiss the First Amended Complaint.

**IT IS SO ORDERED.**

Dated: June 13, 2023

EDWARD J. DAVILA
United States District Judge