# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement" or "Agreement") is made by and between Michel Polston, Nancy Martin, Michael Rodriguez, Maria Rodriguez, and Andrew Hagene (each a "Plaintiff," and collectively, "Plaintiffs"), on behalf of themselves and the putative class (the "Class" or "Settlement Class" as defined below), and Apple Inc. and Apple Value Services, LLC (collectively, "Apple" or "Defendants") in *Barrett v. Apple Inc. & Apple Value Services, LLC*, Case No. 5:20-cv-04812-EJD (N.D. Cal.). Each of the Plaintiffs and Defendants are referred to individually as "Party" and collectively as the "Parties." This Settlement is entered into as of the date of the last signature.

### DEFINITIONS

As used herein, the following terms have the meanings set forth below:

A. "Action" means *Barrett v. Apple Inc. & Apple Value Services, LLC*, Case No. 5:20-cv-04812-EJD (N.D. Cal.).

B. "Administrative and Notice Costs" means all fees, costs, and expenses incurred by the Settlement Administrator while carrying out its duties under this Agreement, including, without limitation: issuing Email, Mail, and Website Notice; reviewing and approving claims; and administering, calculating, and distributing the Settlement Amount to Settlement Class Members.

C. "Apple Counsel" means Apple's counsel of record in the Action.

D. "Attorneys' Fees and Costs" means the amount of attorneys' fees and reimbursement of costs and expenses awarded to Class Counsel by the Court.

E. "Claim Deadline" means the deadline to submit a claim to the Settlement Administrator to receive a Class Payment, and shall be the same date as the Objection and Exclusion Deadline, defined below.

F. "Class" means the Settlement Class, defined below.

G. "Class Counsel" means the following attorneys and law firms, including all professionals and support staff at those firms who have worked on the Action:

    a. Joseph P. Guglielmo, Scott + Scott Attorneys at Law LLP, 230 Park Ave., 17th Floor, New York, NY 10169

    b. Nyran Rose Rasche, Cafferty Clobes Meriwether & Sprengel LLP, 135 South LaSalle Street, Suite 3210, Chicago, Illinois 60603

    c. Anthony F. Fata, Kirby McInerney LLP, 211 West Wacker Drive, Suite 550, Chicago, IL 60606

H. "Class Payment" means a distribution from the Settlement Amount, after payment of

Administrative and Notice Costs, Attorneys' Fees and Costs, and Service Awards, to each Settlement Class Member in an amount equal to the face value at the time of purchase of the Eligible Gift Card(s) which are the subject of the Settlement Class Member's claim, less any amounts the Settlement Class Member has already been refunded, cashed out, or received in compensation from any source in connection with their purchase of such Eligible Gift Card(s). If, after all notice and administration expenses, any attorneys' fees and costs, and any Service Awards are paid, the total value of payments to eligible Settlement Class members would exceed the remaining Settlement Amount, the payments of all eligible Settlement Class members shall be reduced *pro rata*.

I.    "Court" means the United States District Court of the Northern District of California, where the Action is pending.

J.    "Effective Date" means five days after which all of the following events and conditions of this Agreement have occurred or have been met: (a) the Court has entered a Final Approval Order approving the Settlement, and (b) the Court has entered Final Judgment that has become final in that the time for appeal or writ of certiorari has expired or, if an appeal or writ of certiorari is taken and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Final Judgment shall not become final. In the event of an appeal or other effort to obtain review, the Parties may agree jointly in writing to deem the Effective Date to have occurred; however, there is no obligation to agree to advance the Effective Date.

K.    "Eligible Gift Card" means Apple App Store & iTunes gift cards.

L.    "Email Notice" means the notice of the Settlement to be emailed to all Settlement Class Members for whom Defendants can locate an email address through reasonable efforts in connection with the Settlement, in the form attached hereto as Exhibit 1, and as set forth below.

M.    "Final Approval Hearing" means the Court hearing where the Parties will request the Final Approval Order be entered approving this Agreement, and where Class Counsel will request that the Court enter Final Judgment.

N.    "Final Approval Order" means the final order to be entered by the Court, following the Final Approval Hearing, approving the Settlement. A proposed Final Approval Order is attached hereto as Exhibit 2.

O.    "Final Judgment" means a document labeled by the Court as such and that has the effect of a judgment under Fed. R. Civ. P. 54. The Final Judgment will set the amounts of the Attorneys' Fees and Costs award and Service Award and allow for the distribution of Class Payment. A proposed Final Judgment is attached hereto as Exhibit 3.

P.    "Integrators" means integrators of Eligible Gift Cards.

Q.    "Mail Notice" means the notice of the Settlement to be transmitted via United States Mail

2

to Settlement Class Members (a) for whom Apple can locate through reasonable efforts a physical address, but not an email address, or (b) for whom Apple can locate a physical address through reasonable efforts and the Email Notice is returned as undeliverable, in connection with the Settlement, in the form attached hereto as Exhibit 4, and as set forth below.

R.    "Notice Date" means the date set forth in the Preliminary Approval Order for commencing the transmission of the Email Notice, the mailing of the Mail Notice, the publication of the Publication Notice, and the publication of the Website Notice.

S.    "Objection" means the written notice that a Settlement Class Member may submit to the Court objecting to the Settlement.

T.    "Objection and Exclusion Deadline" means the date by which a Settlement Class Member must submit an Objection, if any, to the Court or an Opt-Out Form to the Settlement Administrator.    The Objection and Exclusion Deadline shall be 90 days after the Notice Date.

U.    "Objector" means a person or entity who is a Settlement Class Member who submits an Objection.

V.    "Opt-Out Form" means a Settlement Class Member's request to be excluded from the Settlement by submitting a written request to be excluded to the Settlement Administrator containing their name, address, and email address.

W.    "Preliminary Approval Order" means the Court's order preliminarily approving the Settlement and providing for Email Notice, Mail Notice, Publication Notice, and Website Notice.

X.    "Publication Notice" means the notice of the Settlement to be published in print publications and in a digital media campaign in connection with the Settlement, in the form attached hereto as Exhibit 5, and as set forth below.

Y.    "Released Claims" means any and all damages, suits, claims, debts, demands, assessments, obligations, liabilities, attorneys' fees, costs, expenses, rights of action and causes of action, of any kind or character whatsoever, whether based on contract (express, implied, or otherwise), statute, or any other theory of recovery, and whether for compensatory or punitive damages, and whether known or unknown, suspected or unsuspected, occurring before the effective date of the settlement arising out of or related to the subject matter of the Action or the facts underlying the Action.

Z.    "Released Parties" means Defendants, Integrators, and Retailers, and each of Defendants', Integrators', and Retailers' present and former principals, agents, servants, partners, joint venturers, directors, officers, managers, employees, contractors, predecessors, successors, assigns, administrators, representatives, parents, shareholders, subsidiaries, affiliates, insurers, underwriters, accountants, and lawyers.

AA.    "Releasing Parties" means Plaintiffs and all Settlement Class Members, including any and

all of their respective principals, agents, servants, partners, joint venturers, employees, contractors, predecessors, assigns, heirs, spouses, beneficiaries, executors, administrators, representatives, insurers, underwriters, accountants, and lawyers, provided that any Settlement Class Member who timely and properly excludes themselves under Section 5 below shall not be included herein.

BB.    "Retailers" means retailers of Eligible Gift Cards.

CC.    "First Amended Class Action Complaint" means the First Amended Class Action Complaint filed in this Action (ECF No. 59).

DD.    "Settlement Amount" means the amount of thirty-five million dollars ($35,000,000.00) from which the Class Payments, Administrative and Notice Costs, Attorneys' Fees and Costs, and Service Awards shall be paid.

EE.    "Service Awards" means the awards sought by Plaintiffs and approved by the Court in consideration for their service during the course of the Action. Any such Service Award is separate and apart from any Class Payment that each Plaintiff may receive as Settlement Class Members.

FF.    "Settlement Administrator" means KCC Class Action Services LLC ("KCC"), an independent settlement administrator, or any such administrator agreed on by the Parties and approved by the Court to provide notice and administer the settlement claims in this Action.

GG.    "Settlement Website" means a publicly accessible website created and maintained by the Settlement Administrator for the purpose of providing the Settlement Class with notice of and information about the proposed Settlement, as well as the option of submitting a claim within a specified time period to the Settlement Administrator to receive the Class Payment by physical check or Automatic Clearing House ("ACH," a/k/a direct deposit) transfer.

HH.    "Settlement Class" shall mean all persons who purchased an Apple App Store & iTunes gift card (an "Eligible Gift Card") in the United States and its territories from January 1, 2015 to July 31, 2020, provided the redemption code of such Eligible Gift Card to a third party unknown to them who sought the code under false pretenses, and did not receive a full refund or other form of compensation for their complete losses from Apple or any third party. Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Defendants have a controlling interest; all employees of any law firm involved in prosecuting or defending this litigation, as well as their immediate family members; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members. Also excluded from the Class are Settlement Class Members who timely and validly request exclusion.

II.    "Settlement Class Members" means any person who meets the criteria set forth in the definition of "Settlement Class" as defined above.

JJ.    "Unclaimed Settlement Amount" means any amount of the Settlement Amount remaining after payment of Administrative and Notice Costs, Attorneys' Fees and Costs, Service Awards, and all Class Payments to eligible Settlement Class Members.

KK.    "Website Notice" means the notice of the Settlement to be displayed to all Settlement Class Members in connection with the Settlement on the Settlement Website maintained by the Settlement Administrator, in the form attached hereto as Exhibit 6, and as set forth in Section 6.2 below.

## RECITALS

This Agreement is made for the following purposes and with reference to the following facts:

WHEREAS, on July 17, 2020, Plaintiffs filed their initial complaint in this Action, individually and on behalf of a putative nationwide class, asserting claims relating to Apple's purported refusal to refund consumers in connection with "victim-assisted" fraud and statements made in connection with such purported refusal.

WHEREAS, on October 8, 2020, Apple filed a motion to dismiss Plaintiffs' initial complaint, which Plaintiffs opposed.

WHEREAS, on March 4, 2021, the Court granted Apple's motion to dismiss in full, with leave to amend.

WHEREAS, on March 26, 2021, as permitted by the Court, Plaintiffs filed their First Amended Complaint.

WHEREAS, on April 28, 2021, Apple filed a motion to dismiss Plaintiffs' First Amended Complaint, which Plaintiffs opposed.

WHEREAS, on June 13, 2022, the Court granted in part and denied in part Apple's motion to dismiss Plaintiffs' First Amended Complaint.

WHEREAS, on June 24, 2022, Apple answered the First Amended Complaint.

WHEREAS, on June 15, 2023, Plaintiffs filed a motion seeking to certify a nationwide class, which would be split into a "Contact Subclass" and "Non-Contact Subclass."

WHEREAS, on July 28, 2023, the Parties conducted a mediation before Randy Wulff, after which the Parties reached a settlement in principle.

WHEREAS, the Parties have investigated the facts and have analyzed the relevant legal issues regarding the claims and defenses asserted in this Action, including through significant motion practice and extensive fact and expert discovery.

WHEREAS, Class Counsel and Plaintiffs believe that the claims asserted in the Action have merit and have examined and considered the benefits to be obtained under this Settlement, the risks associated with the continued prosecution of this complex and time-consuming litigation, and the likelihood of ultimate success on the merits, and have concluded that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

WHEREAS, Apple has at all times vigorously denied, and continues to deny, all of the material allegations in the Action and any fault, liability, or wrongdoing of any kind. Apple has nonetheless opted to enter into this Settlement in light of the expense that would be necessary to defend the Action, the benefits of disposing of protracted and complex litigation, and the desire of Apple to conduct its business unhampered by the distractions of continued litigation. WHEREAS, Plaintiffs have at all times vigorously prosecuted the Action and vigorously sought to prove the material facts and establish Apple's liability. Plaintiffs have nonetheless opted to enter into this Settlement in light of the risks inherent in litigation and the benefits to the Class of resolving otherwise protracted and complex litigation.

WHEREAS, the Parties desire to settle the Action in its entirety as to the Plaintiffs, the Settlement Class, Apple, and the other Released Parties with respect to all claims arising out of the facts underlying this Action. The Parties intend this Agreement to bind Plaintiffs (both as the class representatives and individually), Apple, Class Counsel, and all Settlement Class Members.

In light of the foregoing, for good and valuable consideration, the Parties, and each of them, hereby warrant, represent, acknowledge, covenant, and agree, subject to approval by the Court, as follows:

## 1.    CONFIDENTIALITY

1.1    The Parties must comply with all portions of the Stipulated Protective Order (ECF No. 48 in the Action).

1.2    The Parties, Class Counsel, and Apple Counsel agree that until publication of this Settlement Agreement by submission to the Court, the terms of this Settlement Agreement and all associated documents and communications, including the negotiations leading to the execution of the Settlement Agreement and all submissions and arguments related to the mediation proceedings, shall not be disclosed by the Parties, Class Counsel, or Apple Counsel other than as necessary to finalize the Settlement and Notice. Upon publication of the Settlement Agreement by submission to the Court, the nondisclosure obligations set forth in this paragraph will no longer apply to the as-filed Settlement Agreement or the terms thereof, but such obligations will continue to apply to all other materials and information covered by this paragraph, including but not limited to any negotiations leading to the execution of this Settlement Agreement.

1.3    Other than to a court in any case filing or via the forms of notice contemplated herein and/or agreed upon by the Parties, the Parties, Class Counsel, and Apple Counsel agree not to initiate publicity regarding the settlement or submit information about the settlement to Jury Verdicts. Notwithstanding the foregoing, Class Counsel may list the Action on their law firm websites and publicity materials as a representative case along with a neutral and factual description of the subject matter of the Action, including the amount of the settlement. Any comments made by Class Counsel concerning the settlement or the Action, including in response to inquiries from the press, shall be in neutral terms to communicate that the Action has been resolved between the Parties and shall not contain inflammatory language about the Parties, the allegations or defenses asserted in the Action, or their perceived conduct in the Action.

## 2.    CONSIDERATION FOR SETTLEMENT AND CLASS PAYMENTS

2.1    Settlement Amount.  Defendants agree to pay a total of $35 million, by wire transfers, in settlement of the Action, in full resolution of the claims made by the Plaintiffs and the Settlement Class in the Action.  The Settlement Amount shall be used to make the Class Payments, pay the Administrative and Notice Costs, and pay any Attorneys' Fees and Costs and Service Awards awarded by the Court.  In no event shall Defendants' total monetary obligation with respect to the Agreement exceed $35 million.  Defendants will make no further payments in connection with the Agreement, and, except as provided in Section 3.6 of this Agreement, no portion of the Settlement Amount will revert to Defendants.

2.2    Class Payment to Settlement Class Members.    Settlement Class Members shall be compensated in an amount equal to the face value of the Eligible Gift Card(s) at the time of purchase of the Eligible Gift Card(s) which are the subject of the Settlement Class Member's claim, less any amounts the Settlement Class Member has already been refunded, cashed out, or received in compensation from any source in connection with their purchase of such Eligible Gift Card(s).  If, after all notice and administration expenses, any attorneys' fees and costs, and any Service Awards are paid, the total value of payments to eligible Settlement Class members would exceed the remaining Settlement Amount, the payments of all eligible Settlement Class members shall be reduced *pro rata*.

2.3    Payment Method.   On or before thirty (30) days after the Effective Date of the Settlement, Defendants shall provide to the Settlement Administrator from the Settlement Amount the funds required to issue Class Payments via check or ACH transfer.  The Settlement Administrator will distribute the Class Payment to Settlement Class Members in accordance with Section 6 below.  Such distribution will occur within ninety (90) days of the Effective Date, subject to such supervision and direction of the Court and the Parties as may be necessary or as circumstances may require.   In the Email Notice, Mail Notice, Publication Notice, and Website Notice Settlement Class Members will be notified of the Settlement and each will be given the option to submit a claim to the Settlement Administrator to receive the Class Payment by physical check or ACH transfer.

2.4    Application of Unclaimed Settlement Amount.   If after paying all Class Payments, notice and administration expenses, and any attorneys' fees, costs, and Service Awards that may be approved by the Court, there are funds remaining in the Settlement Amount, then Class Counsel and Apple Counsel shall meet and confer to discuss a proposal to present to the Court regarding a cy pres distribution.  To the extent a cy pres distribution is approved by the Court, Defendants shall provide to the Settlement Administrator from the Settlement Amount the funds required to issue such cy pres distribution on or before thirty (30) days after the Court order approving such distribution.  In no event shall the Unclaimed Settlement Amount be returned to Apple.

## 3.    OBTAINING COURT APPROVAL OF THE AGREEMENT

3.1    Settlement Class.   Solely for the purposes of settlement and the proceedings contemplated herein, the Parties stipulate and agree that Plaintiffs will seek certification of the Settlement Class, which Apple will not oppose.  The certification of the Settlement Class shall be binding only with respect to the Settlement set forth in the Settlement Agreement.

3.2    Class Counsel shall draft and file the motion requesting issuance of the Preliminary Approval Order and shall provide that draft to Apple Counsel in the Action no later than 7 days before filing.  The motion shall be written in a neutral manner that does not contain inflammatory language about the Parties, the allegations or defenses asserted in the Action, or the Parties' perceived conduct in the Action.  Apple may provide feedback concerning the motion, and Class Counsel will meet and confer with Apple in good faith regarding Apple's feedback.  Additionally, Apple may file supplemental briefing in support of Plaintiffs' preliminary approval motion.

3.3    Upon filing of the motion requesting issuance of the Preliminary Approval Order, Apple shall provide timely notice of such motion to the appropriate official as required by the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*.

3.4    Final Approval and Final Judgment.   The Parties shall seek a date for the final approval and fairness hearing no sooner than 60 days after the date set forth in the Preliminary Approval Order for the end of the notice period, and the motion requesting final approval of the Settlement shall be due 30 days before the hearing.  Class Counsel shall draft and file the motion requesting final approval of the Settlement, the Proposed Final Approval Order, and the Proposed Final Judgment and shall provide those drafts to Apple Counsel at least 10 days before filing such motion with the Court.  Apple may provide feedback concerning the motion, and Class Counsel will meet and confer with Apple in good faith regarding Apple's feedback.

3.5    In the event that the Agreement is not approved, or in the event that its approval is conditioned on any modifications (including modifications to the proposed form and method of notice) that are not acceptable to Apple and/or Plaintiffs, then (a) this Agreement shall be null and void and of no force and effect and (b) any release shall be of no force or effect.   In such event, the Action will revert to the status that existed before the Agreement's execution date, the Parties shall each be returned to their respective procedural postures so that the Parties may take such litigation steps that they otherwise would have been able to take absent the pendency of this Settlement, and neither the Agreement nor any facts concerning its negotiation, discussion, terms, or documentation shall be admissible in evidence for any purpose in this Action or in any other litigation.

3.6    In the event that the Court does not grant final approval of the Agreement or the judgment contemplated herein does not become final for any reason, the Settlement Amount (including accrued interest) shall be returned to Apple within 15 days, less any Administrative and Notice Costs already incurred by the Settlement Administrator.

## 4.    OBJECTIONS

4.1    Objections.   Any Settlement Class Member who has not submitted a timely written Opt-Out Form and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, the Attorneys' Fees and Costs award, or the Service Award must comply with the below requirements.

4.2    Content of Objections.   All Objections and supporting papers must be in writing and must:

    (1)    Clearly identify the case name and number, *Barrett v. Apple Inc. & Apple Value Services, LLC*, Case No. 5:20-cv-04812-EJD;

(2)    Include the full name, address, telephone number, and email address of the person objecting and a signature executed by the person objecting;

(3)    Include the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel);

(4)    State the grounds for the Objection; and

(5)    Include any reasonably available proof that the person objecting is a Settlement Class Member.

4.3    <u>Submission of Objections</u>.  Any Objections from Settlement Class Members regarding the proposed Agreement must be submitted in writing to the Court.  If a Settlement Class Member does not submit a timely written Objection, the Settlement Class Member will not be able to participate in the Final Approval Hearing.

4.4    <u>Deadline for Objections</u>.  Objections must be submitted by the Objection and Exclusion Deadline, which is 90 days after the Notice Date.

4.4.1    If submitted through ECF, Objections must be submitted no later than 11:59 p.m. PST of the date of the Objection and Exclusion Deadline.

4.4.2    If submitted by U.S. mail or other mail services, Objections must be postmarked by the Objection and Exclusion Deadline. The date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an Objection has been timely submitted.   In the event a postmark is illegible or unavailable, the date of mailing shall be deemed to be three days prior to the date that the Court scans the Objection into the electronic case docket.

4.5    Settlement Class Members who fail to submit timely written Objections in the manner specified above shall be deemed to have waived any Objections and shall be foreclosed from making any Objection to the Agreement and the proposed Settlement by appearing at the Final Approval Hearing, or through appeal, collateral attack, or otherwise.

4.6    <u>Attendance at Final Approval Hearing</u>.  Any Objector who timely submits an Objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the Objector's counsel.    Any Objector wishing to appear and be heard at the Final Approval Hearing must include a request to appear and provide notice of his or her intention to appear in the body of the Objector's Objection.

4.7    <u>Objectors' Attorneys' Fees and Costs</u>.   If an Objector makes an Objection through an attorney, the Objector shall be solely responsible for the Objector's attorneys' fees and costs unless the Court orders otherwise.    In no event shall Apple be responsible for more than the Settlement Amount.

4.8    <u>No Solicitation of Settlement Objections</u>.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Class Members or other counsel

purporting to represent Settlement Class Members to submit written Objections to the Settlement or encourage an appeal from the Court's Final Approval Order.

## 5.    REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

5.1    Opt-Out Forms.    The Email, Mail, and Website Notice shall advise all Settlement Class Members of their right to exclude themselves from the Settlement.    This Agreement will not bind Settlement Class Members who exclude themselves from the Settlement.

5.2    How to Request Exclusion.    To request to be excluded from the Settlement, Settlement Class Members must timely submit a completed Opt-Out Form.    The Opt-Out Form must be sent by United States mail to the Settlement Administrator.

5.3    Content of Opt-Out Form.    All Opt-Out Forms and supporting papers must be in writing and must:

(1)    Clearly identify the case name and number, *Barrett v. Apple Inc. & Apple Value Services, LLC*, Case No. 5:20-cv-04812-EJD; and

(2)    Include the full name, address, telephone number, email address of the person requesting exclusion and a signature executed by the person requesting exclusion; and

(3)    Include any reasonably available proof that the person requesting exclusion is a Settlement Class Member.

5.4    Deadline to Request Exclusion.    To be excluded from the Settlement, the completed Opt-Out Form must be received by the Objection and Exclusion Deadline, which is 90 days after the Notice Date.

5.5    Effect of Exclusion.    Any person or entity who falls within the definition of the Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Agreement; shall not be eligible to apply for any benefit under the terms of the Agreement; and shall not be entitled to submit an Objection to the Settlement. In the event that a Settlement Class Member timely submits both an Objection and an Opt-Out Form, the Opt-Out Form shall prevail.

5.6    Exclusion List.    No later than 14 days after the Objection and Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Apple Counsel with the number and identity of the persons who have timely and validly excluded themselves from the Settlement.

5.7    The Parties agree to refrain from any conduct that would encourage members of the Settlement Class to request exclusion.

## 6.    SETTLEMENT ADMINISTRATION

6.1    Apple will provide to the Settlement Administrator the names, email addresses, and physical addresses for all Settlement Class Members whose records it can locate through

10

reasonable efforts.  The Settlement Administrator shall administer the Email, Mail, Publication and Website Notice described herein and pursuant to the Preliminary Approval Order.  The Settlement Administrator shall keep the Settlement Class Members' identities and contact information strictly confidential and shall only use them for purposes of administering this Settlement.

6.2     The Parties agree upon and will request the Court's approval of the following forms and methods of notice to the Settlement Class:

6.2.1   The Settlement Administrator shall establish and maintain the Settlement Website with a mutually acceptable domain name.  The Settlement Website shall be optimized for viewing on both mobile devices and personal computers.   The Settlement Website will include case-related documents, including, but not limited to, the operative complaint and answer to that complaint, this Agreement, the Website Notice, the Preliminary Approval Order, Plaintiffs' Motion for Attorneys' Fees and Costs, a set of frequently asked questions, information on how to submit an Objection or request exclusion, and contact information for Class Counsel, Apple Counsel, and the Settlement Administrator.  The Settlement Website shall remain accessible until thirty (30) calendar days after the Settlement Administrator has completed its obligations under this Settlement Agreement.

6.2.2   The Settlement Administrator shall also establish a toll-free telephone number (the "Toll-Free Number") where members of the Settlement Class can receive instructions for accessing Settlement information and case documents.

6.2.3   The Settlement Administrator shall email each Settlement Class Member for whom Apple can locate an email address through reasonable efforts a copy of the Email Notice substantially in the form attached hereto as Exhibit 1.   The Email Notice shall inform Settlement Class Members of the fact of the Settlement and that Settlement information is available on the Settlement Website.

6.2.4   The Settlement Administrator shall mail to each Settlement Class Member (a) for whom Apple can locate through reasonable efforts a physical address, but not an email address, or (b) for whom Apple can locate a physical address through reasonable efforts and the Email Notice is returned as undeliverable, a copy of the Mail Notice substantially in the form attached hereto as Exhibit 4.  The Mail Notice shall inform Settlement Class Members of the fact of the Settlement and that Settlement information is available on the Settlement Website.

6.2.5   The Settlement Administrator shall publish in print publications and in a digital media campaign, as set forth in the Declaration of Carla Peak of KCC, attached as Exhibit 7, a copy of the Publication Notice substantially in the form attached hereto as Exhibit 5.  Apple shall approve the content, design, layout, placement, medium, timing, duration, targeting parameters, and target audience for all publications, posts, and advertisements under this Section, and approval shall not be withheld without good cause.  The Publication Notice shall inform Settlement Class Members of the fact of the Settlement and that Settlement information is available on the Settlement Website.

11

6.2.6   Website Notice will also be available to all Settlement Class Members on the Settlement Website.

6.2.7   The Settlement Website shall explain how Class Payment will be distributed. Settlement Class Members will be given the option of submitting a claim within a specified time period to the Settlement Administrator to receive the Class Payment by physical checkor ACH transfer.

6.3   Claims Package

6.3.1   In order to receive Class Payment, Settlement Class Members who did not receive direct notice via email or U.S. Mail ("Unknown Claimants") must submit the following items through the Settlement Website, U.S. Mail or private courier:

a)   Contact Information:  The Settlement Class Member's name and contact information, including a physical address, working telephone number, and email address;

b)   Payment Information:  Any necessary information to complete payment via the Settlement Class Member's payment method of choice (e.g., physical checkor ACH transfer);

c)   Attestation Regarding Scam Incident & Lack of Refund: An attestation by the Settlement Class Member that:  (1) they purchased the Eligible Gift Card(s) during the Class Period and provided the redemption code of the Eligible Gift Card(s) to a third party; (2) the third party was unknown to them and sought the redemption code under false pretenses (together with (1), the "Scam Incident"); and (3) the Settlement Class Member's claim excludes any amounts the Settlement Class Member has already been refunded, cashed out, or received in compensation from any source in connection with their purchase of Eligible Gift Card(s).

d)   Proof of Purchase: Proof of purchase of the Eligible Gift Card(s) that are the subject of the Settlement Class Member's claim.  This requirement may be satisfied by submitting:

i.   A sales receipt that includes (i) the purchase date; (ii) the original purchase price; and (iii) at least the last four digits of any gift card number(s) associated with any alleged Eligible Gift Card(s); or

ii.   Evidence of a report to a law enforcement or other government agency that includes (i) the purchase or scam date; (ii) the original purchase price or amount lost in the scam; and (iii) the gift card number(s) associated with any alleged Eligible Gift Card(s); or

iii.   Evidence of a contemporaneous report to a gift card retailer, gift card integrator, bank, credit card company, or the AARP that includes (i) the purchase or scam date; (ii) the original purchase price or amount lost in

12

the scam; and (iii) the gift card number(s) associated with any alleged Eligible Gift Card(s).

e) <u>Proof of Alleged Third-Party Fraud:</u>  Proof that the Settlement Class Member provided the redemption code of Eligible Gift Card(s) to a third party unknown to the Settlement Class Member and who sought the redemption code under false pretenses.  This requirement may be satisfied by submitting:

    i.    A report to a law enforcement or other government agency reflecting that the Settlement Class Member was a victim of the type of fraud alleged here, *i.e.*, a fraud in which the Settlement Class member provided the redemption code of the Eligible Gift Card(s) to a third party unknown to the Settlement Class Member, who sought the redemption code under false pretenses; or

    ii.    A contemporaneous report to a gift card retailer, gift card integrator, bank, credit card company, or the AARP reflecting that the Settlement Class Member was a victim of the type of fraud alleged here, *i.e*., a fraud in which the Settlement Class member provided the redemption code of the Eligible Gift Card(s) to a third party unknown to the Settlement Class Member, who sought the redemption code under false pretenses; or

    iii.    An attestation that the Settlement Class Member previously contacted Apple to report their Scam Incident ("<u>Prior Contact Attestation</u>"), together with the contact information that the Unknown Claimant provided to Apple when making their report (to enable Apple to locate records of the report).

        1.    Any claimant making a Prior Contact Attestation will be deemed to have satisfied the Proof of Alleged Third-Party Fraud requirement set forth in this subsection unless Apple, in its sole discretion, undertakes efforts to confirm whether the Settlement Class Member indeed contacted Apple to report their Scam Incident.  If Apple elects to confirm whether the Settlement Class Member indeed contacted Apple regarding this issue and is unable to locate records of such contact after a reasonably diligent search using the information provided by the Settlement Class Member, that Settlement Class Member will receive notice that they must then submit the documentation required by Section 6.3.1(e)(i) or (e)(ii) as necessary to complete their claim.

6.3.2   In order to receive Class Payment, Settlement Class Members who received direct notice via email or U.S. Mail ("<u>Known Claimants</u>"), must submit the following items through the Settlement Website, U.S. Mail or private courier:

a)      The items listed in Section 6.3.1(a)–(e) above, except that Known Claimants may also satisfy the Proof of Purchase requirement set forth in Section 6.3.1(d) by submitting an attestation that the Settlement Class Member previously contacted Apple to report their Scam Incident and contemporaneously provided Apple with documentation satisfying the requirements of Section 6.3.1(d) ("<u>Prior Documentation Attestation</u>"), together with the contact information that the Known Claimant provided to Apple when making their report (to enable Apple to locate the documentation).

b)      Known Claimants making a Prior Documentation Attestation will be deemed to have satisfied the Proof of Purchase requirement set forth in this subsection unless Apple, in its sole discretion, undertakes efforts to confirm whether the Settlement Class Member indeed provided Apple with the documentation required in Section 6.3.1(d). If Apple elects to confirm whether the Settlement Class Member previously provided Apple with such documentation and is unable to locate records of such documentation after a reasonably diligent search using the information provided by the Settlement Class Member, Apple will inform Class Counsel, and the Parties will meet and confer in good faith on whether that Settlement Class Member will receive notice that they must then submit the documentation required by Section 6.3.1(d) as necessary to complete their claim.

6.4      The Settlement Administrator will review all claims to determine their validity and eligibility under this Section. The Settlement Administrator will reject any claim that does not materially comply with the instructions in Section 6.3 above; is not submitted by a Settlement Class Member; or is duplicative or fraudulent.

6.5      Based on information provided by the Parties to date, the Settlement Administrator has agreed to perform all settlement notice and administration duties required by the Settlement Agreement at a cost (the "<u>Administrative and Notice Costs</u>") not expected to exceed nine hundred and seventy-seven thousand five hundred dollars ($977,500.00). This amount shall cover all costs and expenses related to the settlement administration functions to be performed by the Settlement Administrator, including providing Email Notice, Mail Notice, Publication Notice, and Website Notice and performing the other administration processes described in this Agreement. On or before thirty (30) days after preliminary approval of the Settlement by the Court, Defendants shall make a payment of $977,500.00 from the Settlement Amount to the Settlement Administrator. Class Counsel shall petition the Court for disbursement of only those funds needed to pay costs and expenses related to the settlement notice and administration functions to be performed by the Settlement Administrator, including the claims administration process. In the event that unanticipated costs and expenses arise in connection with the notice and/or administration process, such that they exceed the capped amount of $977,500.00, the Settlement Administrator shall promptly raise the matter with Apple Counsel and Class Counsel as soon as practicable after becoming aware of the unanticipated costs and expenses. All Administrative and Notice Costs will be paid from the Settlement Amount.

6.6      The Email Notice, Mail Notice, Publication Notice, and Website Notice shall provide information on the procedure by which Settlement Class Members may request exclusion from the

Settlement Class or submit an Objection to the Settlement.

6.7     No later than 14 days after the Objection and Exclusion Deadline, the Settlement Administrator shall give written notice to Apple and Class Counsel of the total number and identity of Settlement Class Members who have timely and validly requested exclusion from the Settlement Class.   If the number of Settlement Class Members who timely and validly request exclusion from the Settlement Class exceeds a certain confidential number which has been agreed upon by the Parties in writing, and which number will be provided under seal to the Court upon request, Apple, in its sole discretion, may elect to reject this Settlement, in which case the entire Agreement shall be null and void.   Alternatively, Apple may elect to waive this condition and proceed with the Settlement.  Any such waiver by Apple must be unambiguous and in writing and provided to Class Counsel with 14 days after the Settlement Administrator provides Apple and Class Counsel the total number and identity of Settlement Class Members who timely and validly requested exclusion from the Settlement Class.

## 7.     ATTORNEYS' FEES AND COSTS AND SERVICE AWARD

7.1     Class Counsel may apply to the Court for up to 33 1/3% of the Settlement Amount in attorneys' fees and for reasonable reimbursable out-of-pocket costs and expenses, which, if approved by the Court, the Settlement Administrator will pay from the Settlement Amount.  Class Counsel's Motion for Attorneys' Fees and Costs shall be filed at least thirty-five (35) days before the Objection and Exclusion Deadline and shall be posted on the Settlement Website within three (3) days of it being filed.  Defendants reserve the right to object to or oppose Class Counsel's requests for fees, costs, and expenses.  Plaintiffs and Class Counsel reserve the right to oppose any arguments by Defendants regarding fees, costs or expenses.  Defendants shall bear no liability for any attorneys' costs, fees, or expenses not approved by the Court or any attorneys' costs, fees, or expenses not paid from the Settlement Amount.  Except as otherwise provided herein, Class Counsel and Defendants' counsel shall bear their own respective fees, costs, and expenses.

7.2     Class Counsel may also apply to the Court for a Service Award for each of the Plaintiffs except Michael Rodriguez, which, if approved by the Court, the Settlement Administrator will pay from the Settlement Amount.   The Service Award is not a measure of damages whatsoever, but is solely an award for the Plaintiff's service.   Apple, recognizing that the Settlement may entitle Class Counsel to seek a reasonable Service Award for Plaintiffs, will not object to the application, but reserves the right to object to or oppose the amount of the Service Award sought.

7.3     Class Counsel shall provide a Form W-9 for the Plaintiffs for whom Service Awards are sought, and for Class Counsel, within fifteen (15) days of the issuance of the Preliminary Approval Order.   The Settlement Administrator shall issue an IRS Form Misc.-1099 for the Service Award payment to Plaintiffs.   On or before the later of the Effective Date or thirty (30) days after the Court issues an order, if any, providing for an award of attorneys' fees, costs, and expenses and any Service Awards, Defendants shall provide to the Settlement Administrator from the Settlement Amount the funds required to issue such awards.  On or before the later of thirty (30) days after the Effective Date or thirty (30) days after Defendants provide to the Settlement Administrator the funds to make such awards, the Settlement Administrator shall disburse any Service Awards approved by the Court to Plaintiffs and wire any Attorneys' Fees and Costs approved by the Court to an account specified by Class Counsel.

7.4     Apple shall not be liable for any additional fees or expenses of Plaintiffs or any Settlement Class Member in connection with the Action.   Class Counsel agree that they will not seek any additional fees or costs from Apple in connection with the Action or the Settlement of the Action beyond the approved Attorneys' Fees and Costs award.   Apple expressly agrees that it will not seek to recover its Court costs, attorneys' fees, or expenses once the Court enters a Final Approval Order and Final Judgment.

## 8.     RELEASES AND WARRANTIES

8.1     Except as otherwise set forth herein or as to obligations created hereby, as of the Effective Date and Apple's funding of the Settlement Amount, each Settlement Class Member who does not validly and timely request exclusion from the Settlement, on their own behalf and on behalf of their present and former principals, agents, servants, partners, joint venturers, employees, contractors, predecessors, assigns, heirs, spouses, beneficiaries, executors, administrators, representatives, insurers, underwriters, accountants, and lawyers, separately and collectively, releases and forever discharge and covenants not to sue, and is permanently enjoined from suing Defendants, Integrators of Eligible Gift Cards and retailers of Eligible Gift Cards, and each of Defendants', Integrators', and Retailers' present and former principals, agents, servants, partners, joint venturers, directors, officers, managers, employees, contractors, predecessors, successors, assigns, administrators, representatives, parents, shareholders, subsidiaries, affiliates, insurers, underwriters, accountants, and lawyers, separately and collectively, from any and all damages, suits, claims, debts, demands, assessments, obligations, liabilities, attorneys' fees, costs, expenses, rights of action, and causes of action, of any kind or character whatsoever, whether based on contract (express, implied, or otherwise), statute, or any other theory of recovery, and whether for compensatory or punitive damages, and whether known or unknown, suspected or unsuspected, occurring before the Effective Date of the settlement arising out of or related to the subject matter of this Action or the facts underlying this Action (previously defined as "Released Claims").  This release will include claims relating to the Released Claims of which the Releasing Parties are presently unaware or which the Releasing Parties do not presently suspect to exist which, if known to the Releasing Parties, would materially affect the Releasing Parties' release of the Released Parties.

8.2     The Releasing Parties expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, or any other similar provision under federal or state law.   The Releasing Parties understand that California Civil Code § 1542 states:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Releasing Parties expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or

equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.   In connection with such waiver and relinquishment, the Releasing Parties hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.   In furtherance of such intention, the release herein given by the Releasing Parties to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.   Each Releasing Party and Released Party expressly acknowledges that he/she/it has been advised by his/her/its attorney of the contents and effect of Section 1542, and with knowledge, each of the Releasing Parties and Released Parties hereby expressly waives whatever benefits he/she/it may have had pursuant to such section.   Plaintiffs and Settlement Class Members who do not validly and timely request exclusion from the Settlement shall be deemed by operation of the Final Approval Order and Final Judgment to have acknowledged that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

8.3     The amount of the Class Payment pursuant to this Agreement shall be deemed final and conclusive against all Settlement Class Members who shall be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the releases provided for herein.

8.4     No person shall have any claim of any kind against the Parties, their counsel, or the Settlement Administrator with respect to the matters set forth in Section 6 hereof, or based on determinations or distributions made substantially in accordance with this Agreement, the Final Approval Order, the Final Judgment, or further order(s) of the Court.

8.5     Except as otherwise set forth herein or as to obligations created hereby, Defendants will be deemed to have completely released and forever discharged Plaintiffs and Class Counsel from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Action, except for claims relating to the enforcement of the Settlement or this Agreement, and for the submission of false or fraudulent claims for Settlement benefits.

9.     **APPLE'S DENIAL OF LIABILITY; AGREEMENT AS DEFENSE IN FUTURE PROCEEDINGS**

9.1     Apple has indicated its intent to vigorously contest each and every claim in the Action and continues to vigorously deny all of the material allegations in the Action.   Apple enters into this Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind. Apple nonetheless has concluded that it is in its best interests that the Action be settled on the terms and conditions set forth herein in light of the expense that would be necessary to defend the Action,

the benefits of disposing of protracted and complex litigation, and the desire of Apple to conduct its business unhampered by the distractions of continued litigation.

9.2    Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Apple of the truth of any of the allegations in this Action, or of any liability, fault, or wrongdoing of any kind, nor as an admission or concession by Plaintiffs of any lack of merit of their claims against Apple.

9.3    To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability or admission by Apple.

9.4    To the extent permitted by law, the Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for the Released Claims.

## 10.    MISCELLANEOUS

10.1    Extensions of Time.    All time periods and dates described in this Agreement are subject to the Court's approval.    Unless otherwise ordered by the Court, the Parties through their counsel may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.    These time periods and dates may be changed by the Court or the Parties' counsel's written consent without notice to the Settlement Class Members.

10.2    Integration.    This Agreement, including all exhibits, constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.    No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

10.3    Governing Law.    This Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.

10.4    Gender and Plurals.    As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

10.5    Survival of Warranties and Representations.    The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

10.6    Representative Capacity.    Each person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so.

10.7    Counterparts.    This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.

10.8    Cooperation of Parties.    The Parties to this Agreement and their counsel agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement.

10.9    Execution Voluntary.    This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them.    The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing. Each of the Parties has cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement. Accordingly, in any construction or interpretation to be made of this Agreement, this Agreement shall not be construed as having been drafted solely by any one or more of the Parties or their counsel.  The Agreement has been, and must be construed to have been, drafted by all Parties and their counsel, so that any rule that construes ambiguities against the drafter will have no force or effect.

10.10   Notices.

      10.10.1    All Notices to Class Counsel provided for herein shall be sent by email and a hard copy sent by overnight mail to: the three individual attorneys identified in Definition G, at the addresses shown therein.

      10.10.2    All Notices to Apple provided for herein shall be sent by email and a hard copy sent by overnight mail to:

- Apple Inc., 1 Apple Park Way, MS:60-1NYJ, Cupertino, California 95014; Attn: Chief Litigation Counsel

- Apple Value Services, LLC, 1 Apple Park Way, MS: 37-2AVS, Cupertino, California 95014; Attn: Chief Legal Officer

- David R. Singh, Weil, Gotshal & Manges LLP, 201 Redwood Shores Parkway, Redwood Shores, CA 94065, david.singh@weil.com.

      10.10.3    The notice recipients and addresses designated above may be changed by written notice pursuant to this Section.

10.11   Modification and Amendment.    This Agreement may be amended or modified only by a written instrument signed by the Parties' counsel and approved by the Court.

10.12   Severability.  If any provision of this Settlement Agreement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement Agreement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt to renegotiate the Settlement Agreement or, if that proves unavailing, either Party can terminate the Settlement Agreement without prejudice to any Party.

10.13   Any and all disputes arising out of or related to the Settlement or this Agreement must be

brought by the Parties and/or each member of the Settlement Class exclusively in this Court.   The Parties and each member of the Settlement Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or related to the Settlement or this Agreement.

*[Signatures on next page]*

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: 02/23/2024 _____

_Michel I Polston_
_____
MICHEL POLSTON

Dated: _____

_____
NANCY MARTIN

Dated: _____

_____
MICHAEL RODRIGUEZ

Dated: _____

_____
MARIA RODRIGUEZ

Dated: _____

_____
ANDREW HAGENE

Dated: _____

_____
JOSEPH GUGLIELMO,
**Scott + Scott Attorneys at Law LLP**

Dated: _____

_____
NYRAN ROSE RASCHE,
**Cafferty Clobes Meriwether & Sprengel LLP**

Dated: _____

_____
ANTHONY FATA,
**Kirby McInerney LLP**

ON BEHALF OF PLAINTIFFS

21

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: _____

Dated: 02/21/2024

_____
MICHEL POLSTON

_____
NANCY MARTIN

Dated: _____

_____
MICHAEL RODRIGUEZ

Dated: _____

_____
MARIA RODRIGUEZ

Dated: _____

_____
ANDREW HAGENE

Dated: _____

_____
JOSEPH GUGLIELMO,
**Scott + Scott Attorneys at Law LLP**

Dated: _____

_____
NYRAN ROSE RASCHE,
**Cafferty Clobes Meriwether & Sprengel LLP**

Dated: _____

_____
ANTHONY FATA,
**Kirby McInerney LLP**

ON BEHALF OF PLAINTIFFS

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: _____

MICHEL POLSTON

Dated: _____

NANCY MARTIN

*Michael Rodriguez*

Dated: 02/23/2024

MICHAEL RODRIGUEZ

Dated: _____

MARIA RODRIGUEZ

Dated: _____

ANDREW HAGENE

Dated: _____

JOSEPH GUGLIELMO,
**Scott + Scott Attorneys at Law LLP**

Dated: _____

NYRAN ROSE RASCHE,
**Cafferty Clobes Meriwether & Sprengel
LLP**

Dated: _____

ANTHONY FATA,
**Kirby McInerney LLP**

ON BEHALF OF PLAINTIFFS

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: _____

    MICHEL POLSTON

Dated: _____

    NANCY MARTIN

Dated: _____

    MICHAEL RODRIGUEZ

Dated: 02/23/2024

*Maria Rodriguez*

    MARIA RODRIGUEZ

Dated: _____

    ANDREW HAGENE

Dated: _____

    JOSEPH GUGLIELMO,
    **Scott + Scott Attorneys at Law LLP**

Dated: _____

    NYRAN ROSE RASCHE,
    **Cafferty Clobes Meriwether & Sprengel LLP**

Dated: _____

    ANTHONY FATA,
    **Kirby McInerney LLP**

    ON BEHALF OF PLAINTIFFS

The Parties have agreed to the terms of this Agreement and have signed below.

Dated: _____

_____
MICHEL POLSTON

Dated: _____

_____
NANCY MARTIN

Dated: _____

_____
MICHAEL RODRIGUEZ

Dated: _____

_____
MARIA RODRIGUEZ

Dated: 02/23/2024

_____
ANDREW HAGENE

Dated: 2/26/24

_____
JOSEPH GUGLIELMO.
**Scott + Scott Attorneys at Law LLP**

Dated: 02/26/24

_____
NYRAN ROSE RASCHE.
**Cafferty Clobes Meriwether & Sprengel LLP**

Dated: 2-26-24

_____
ANTHONY FATA.
**Kirby McInerney LLP**

ON BEHALF OF PLAINTIFFS

21

Dated: Feb. 28 , 2024

HEATHER GRENIER
**Vice President of Commercial Litigation
and LGS Operations, Apple Inc.**

Dated: _____, 2024

PHILIP LUONGO
**CEO, Apple Value Services, LLC**

Dated: _____, 2024

DAVID R. SINGH,
**Weil, Gotshal & Manges LLP**

ON BEHALF OF APPLE

Dated: _____, 2024

    _____

HEATHER GRENIER
**Vice President of Commercial Litigation
and LGS Operations, Apple Inc.**

Dated: ____3/4____, 2024

*Philip J. Luongo Jr.*
_____

PHILIP LUONGO
**CEO, Apple Value Services, LLC**

Dated: _____, 2024

    _____

DAVID R. SINGH,
**Weil, Gotshal & Manges LLP**

ON BEHALF OF APPLE

Dated: _____, 2024

_____
HEATHER GRENIER
**Vice President of Commercial Litigation and LGS Operations, Apple Inc.**

Dated: _____, 2024

_____
PHILIP LUONGO
**CEO, Apple Value Services, LLC**

Dated: _____April 1, 2024

_____
DAVID R. SINGH,
**Weil, Gotshal & Manges LLP**

ON BEHALF OF APPLE

# EXHIBIT A-1

**If you were tricked into purchasing an App Store & iTunes Gift Card and providing the redemption code to someone unknown to you at any point between January 2015 and July 2020, you should read this Notice of Class Action Settlement as it may impact your legal rights.**

*A court authorized this notice.  This is not a solicitation.*

**You must file a Claims Package by [DATE] to receive cash benefits from this Settlement.  To file a Claims Package, please visit the website, www.[URL].com.**

A Settlement has been reached with Apple Inc. and Apple Value Services, LLC ("Apple" or "Defendants") in *Barrett v. Apple*, No. 5:20-cv-04812-EJD (N.D. Cal.), a class action lawsuit alleging that Apple did not provide consumers with refunds in connection with a certain type of gift card scam conducted by third-party fraudsters, and allegedly sought to unlawfully limit its liability with regards to this type of scam.  Apple, which was *not* the party that perpetrated the scams, denies that it had any responsibility to provide such refunds and denies all allegations of wrongdoing.

You received this email because Apple's records indicate you may be a "Class Member" and entitled to receive a payment called the "Class Payment."  The Court has decided that everyone who fits the following description is a Class Member, and is thus included in the Settlement:

- "Settlement Class" shall mean all persons who purchased an App Store & iTunes Gift Card (an "Eligible Gift Card") in the United States and its territories from January 1, 2015 to July 31, 2020, provided the redemption code of such Eligible Gift Card to a third party unknown to them who sought the code under false pretenses, and did not receive a full refund or other form of compensation for their complete losses from Apple or any third party.

**What are your options?**

- **Stay in the Class and Submit a Claim.**  The Parties to the Lawsuit have settled for $35 million.  If you purchased an App Store & iTunes Gift Card between January 2015 and July 2020 anywhere in the United States, provided the redemption code for this gift card to someone unknown to you who sought the code under false pretenses, and did not receive a full refund or other form of compensation for your complete losses from Defendants or any other source, you are eligible to file a claim for the amount equal to the face value of the eligible App Store & iTunes Gift Card(s) you purchased.  Instructions for filing a claim can be found on the Settlement Website at www.[URL].com and in Section 6.3 of the Settlement Agreement, available on the Settlement Website.  Your claims package must be received by [DATE].

- Please note that all claims are subject to the administrator verifying the authenticity of the submitted documentation.  Please also note that the Class Payments may be reduced depending on the number of valid claims.  Final payment amounts will be calculated and distributed based on the total number and value of valid claims submitted by Class Members.

- If you are a Class Member, you have the option of electing to receive a Class Payment by ACH transfer or by check.  If you decide to stay in the Class, you will give up the right to sue Apple in a separate lawsuit related to the subject matter of this Lawsuit.  The Released Claims are described in more detail in Section 8 of the Settlement Agreement available at www.[URL].com.

- **Ask to Be Excluded (Opt Out).**  If you decide to opt out of this Settlement, you will keep the right to sue Apple in a separate lawsuit related to the subject matter of the claims this Settlement resolves, but you give up the right to get a Class Payment from this Settlement.  This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Apple related to the subject matter of this Lawsuit.  If you elect to opt out of this Settlement and the Settlement is approved, you will no longer be represented by Class Counsel (see below) and will be responsible for retaining legal representation at your expense should you choose to sue Apple in a separate

lawsuit. Instructions for requesting to opt out of the Settlement can be found in Section 5 of the Settlement Agreement, available at www.[URL].com. Your opt-out request must be received by [DATE].

- **Object to the Settlement.** If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. If the Settlement is approved by the Court, you may still be able to receive a Class Payment. If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you wish to retain your own attorney for purposes of an objection, you are responsible for hiring and paying that attorney. Instructions for objecting and attending the Final Approval Hearing where the Parties will request that the Final Approval Order be entered approving the Settlement can be found in Section 4 of the Settlement Agreement, available at www.[URL].com. Your objection must be filed or postmarked on or before [DATE].

- The Final Approval Hearing is currently scheduled for [DATE], but that date is subject to change without further notice. The current date of the Final Approval Hearing can found on the Settlement Website.

**How are the lawyers paid?**

- Class Counsel may ask the Court for an award of Attorneys' Fees of up to one third of the $35 million Settlement Amount, and Costs not to exceed [AMOUNT], as well as Service Awards not to exceed [AMOUNT] per Plaintiff.

- Class Counsel will move for both the Service Awards and for Attorneys' Fees and Costs at the Final Approval Hearing, and the Court will determine the amounts to be awarded. The Service Awards and Attorneys' Fees and Costs will be paid from the $35 million that the Parties settled for before making Class Payments to Class Members. Apple reserves the right to object to the amount of the Service Awards and any Attorneys' Fees and Costs.

**More detailed information, including the Settlement Agreement, is available at www.[URL].com or by calling [PHONE NUMBER].**

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, you may: (1) see the Settlement Agreement available at www.[URL].com; (2) contact Class Counsel representing the Class Members (see below); (3) access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or (4) visit the office of the Clerk of Court for the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS NOTICE, THIS SETTLEMENT, OR THE CLAIMS PROCESS.**

The Court appointed the following attorneys to represent you as "Class Counsel":

Joseph P. Guglielmo, Scott + Scott Attorneys at Law LLP, 230 Park Avenue, 17th Floor, New York, NY 10169 (jguglielmo@scott-scott.com)

Nyran Rose Rasche, Cafferty Clobes Meriwether & Sprengel LLP, 135 South LaSalle Street, Suite 3210, Chicago, IL 60603 (nrasche@caffertyclobes.com)

Anthony F. Fata, Kirby McInerney LLP, 211 West Wacker Drive, Suite 550, Chicago, IL 60606 (afata@kmllp.com)

# EXHIBIT A-2

1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11 CARL BARRETT, et al.,                     Case No. 5:20-cv-04812-EJD

12           Plaintiffs,

13                                           **[PROPOSED] ORDER GRANTING**
                                             **FINAL APPROVAL OF CLASS**
14 v.                                        **ACTION SETTLEMENT AND**
                                             **AWARDING ATTORNEYS' FEES,**
15 APPLE INC., et al.,                       **COSTS AND SERVICE AWARDS**

16

17           Defendants.

18

19

20

21

22

23

24

25

26

27

28

This matter comes before the Court to determine whether to approve the settlement between Plaintiffs Nancy Martin, Michel Polston, Michael Rodriguez, Maria Rodriguez, and Andrew Hagene (each a "Plaintiff", and collectively, "Plaintiffs") and Defendants Apple Inc. and Apple Value Services, LLC (collectively, "Defendants" or "Apple"). The Court, having reviewed and considered the Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. ___) and Motion for Award of Attorneys' Fees and Costs and Class Representative Service Awards (ECF No. ___), the Settlement Agreement and Release ("Settlement Agreement"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, including at the Fairness Hearing, hereby **ORDERS** as follows:

1. The Court has jurisdiction over the subject matter of the above-captioned action (the "Action") and over the Parties to the Settlement, including Plaintiffs, Defendants, and all members of the Settlement Class.

2. For purposes of this Order ("the Order"), except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreement.

3. Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Award of Attorneys' Fees and Costs and Class Representative Service Awards are **GRANTED**.

4. The Court finds that the Settlement Amount of $35 million to be fair, adequate, and reasonable, appears to be the product of arm's-length and informed negotiations, and treats all members of the class fairly in accordance with Rule 23 of the Federal Rules of Civil Procedure.

5. The Parties shall perform their obligations pursuant to the terms of the Settlement Agreement and the Order.

6. The following Settlement Class is certified under Federal Rule of Civil Procedure 23(c) for settlement purposes:

"Settlement Class" shall mean all persons who purchased an Apple App Store & iTunes gift card (an "Eligible Gift Card") in the United States and its territories from January 1, 2015 to July 31, 2020, provided the redemption code of such Eligible Gift Card to a third party unknown to them who sought the code under false pretenses, and did not receive a full refund or other form of compensation for their complete losses from Apple or any third party. Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Defendants have a controlling interest; all employees of any law firm involved in prosecuting or defending this litigation, as well as their immediate family members; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members. Also excluded from the Class are Settlement Class Members who timely and validly request exclusion.

7. Pursuant to Federal Rule of Civil Procedure 23(g), the Court previously appointed Nyran Rose Rasche and Nickolas Hagman of Cafferty Clobes Meriwether & Sprengel LLP; Anthony Fata and Sarah Flohr of Kirby McInerney LLP; and Joseph Guglielmo and Amanda Rolon of Scott+Scott as Class Counsel.

8. The form, manner, and content of the Email, Mail, Publication, and Website Notice were the best notice practicable under the circumstances, satisfied due process, provided adequate information to the Certified Class of all matters relating to the Class Settlement, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).

9. Defendants shall fund the Settlement Amount of $35 million in accordance with the terms of the Settlement Agreement, the Order, and the corresponding judgment in this Action (the "Judgment").

10. Plaintiffs shall be paid Service Awards from the Settlement Amount in accordance with the terms of the Settlement Agreement, the Order, and the Judgment, in the following amounts:

Andrew Hagene:      $_____

Maria Rodriguez:    $_____

Michel Polston:     $_____

Nancy Martin:       $_____

[PROPOSED] ORDER GRANTING FINAL APPROVAL

11. Class Counsel shall be paid $_____ in attorneys' fees and $_____ in costs in accordance with the terms of the Settlement Agreement and the Order.

12. The Settlement Administrator, KCC Class Action Services LLC, shall be paid $_____ in settlement administration costs in accordance with the terms of the Settlement Agreement and the Order.

13. The Settlement Administrator shall disburse the Settlement Amount in accordance with the terms of the Settlement Agreement, the Order, and the Judgment.

14. As of the Effective Date and Defendants' funding of the Settlement Amount, all Class Members who did not validly and timely request exclusion from the Settlement have released the Released Claims (as defined in the Settlement Agreement), against all of the Released Parties (as defined in the Settlement Agreement).

15. As of the Effective Date and Defendants' funding of the Settlement Amount, Defendants have released the claims set forth in Section 8.5 of the Settlement Agreement.

16. The Court retains jurisdiction over the Parties, including Class Members, for the purposes of construing, enforcing, and administering the Order and the Judgment, as well as the Settlement Agreement itself.

17. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that final judgment of dismissal with prejudice as to the Defendants should be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgment, as Final Judgment, in accordance with the Settlement Agreement. The Clerk is **DIRECTED** to enter the proposed and approved form of Judgment, approved by this Court on _____, pursuant to Federal Rule of Civil Procedure 58.

1

**IT IS SO ORDERED.**

2

3

Dated: _____                _____

4                                            EDWARD J. DAVILA

5                                            United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BARRETT, et al., | Case No. 5:20-cv-04812-EJD |
| Plaintiffs, | |
| v. | **[PROPOSED] JUDGMENT** |
| APPLE INC., et al., | |
| Defendants. | |

Judgment is hereby entered in accordance with the Order Granting Final Approval of Class Action Settlement and Awarding Attorneys' Fees, Costs, and Service Awards.

**JUDGMENT APPROVED AS TO FORM:**


_____

EDWARD J. DAVILA
United States District Judge

**JUDGMENT ENTERED:** _____

By:  CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A-4

**If you were tricked into purchasing an App Store & iTunes Gift Card and providing the redemption code to someone unknown to you, this Class Action Settlement may impact your legal rights.**

*A court authorized this notice.
This is not a solicitation.*

**1-000-000-0000
www.[website].com**

XXX

Settlement Administrator
P.O. Box XXX
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #__

«Barcode»

Postal Service: Please do not mark barcode

Claim#: XXX-12345678901-1

«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

A Settlement has been reached with Apple Inc. and Apple Value Services, LLC ("Apple") in, a class action lawsuit alleging that Apple did not provide consumers with refunds in connection with a certain type of gift card scam and sought to unlawfully limit its liability. Apple, which was <u>not</u> the party that perpetrated the scams, denies all allegations of wrongdoing.

**Who's included?** The Settlement includes all persons who purchased an App Store & iTunes Gift Card ("Eligible Gift Card") in the U.S. and its territories from 1/1/15-7/31/20, provided the redemption code of such Eligible Gift Card to a third party unknown to them who sought the code under false pretenses, and did not receive a full refund or other form of compensation for their complete losses from Apple or any third party ("Settlement Class Members").

**What does the Settlement provide?** Apple has agreed to create a $35 million Settlement fund. After deducting administration expenses, attorneys' fees and costs, and Service Awards, the balance of the fund will be used to make payments to Settlement Class members who submit a valid Claim Package. Settlement Class members may receive an amount up to the face value of their Eligible Gift Card at the time of purchase, less any amounts they have already been compensated in connection with their Eligible Gift Card purchase.

**How do I get a payment?** You must submit a valid Claim Package by **Month XX, 2024**. Claim Packages are available and may be submitted online at www.[website].com.

**What are my other options?** If you do nothing, your rights will be affected and you won't get a payment. If you don't want to be legally bound by the Settlement, you must exclude yourself from it by **Month XX, 2024**. Unless you exclude yourself, you won't be able to sue or continue to sue Apple or Released Parties for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (*i.e.*, don't exclude yourself), you may object to it and ask for permission for you or your lawyer to appear and speak at the hearing—at your own cost—but neither hiring your own lawyer nor appearing at the hearing are necessary to object. Objections are due by **Month XX, 2024**.

**The Court's Fairness Hearing.** The Court will hold a Final Approval Hearing in this case (*Barrett v. Apple*, No. 5:20-cv-04812-EJD) on **Month XX**, 2024 to consider whether to approve: the Settlement; a request for attorneys' fees not to exceed one third of the $35 million Settlement Amount and costs not to exceed [**AMOUNT**]; and Service Awards not to exceed [**AMOUNT**] per Plaintiff.

**Want more information, including contact information for Class Counsel?** Call 1-___-___-____; visit www.[website].com; or write to *Barrett v. Apple*, Attn: Settlement Administrator, P.O. Box XXX, City, ST 00000-0000.

# EXHIBIT A-5

***Did you lose money in a gift card scam?***

**If you were tricked into purchasing an App Store & iTunes Gift Card and providing the redemption code to someone unknown to you at any point between January 2015 and July 2020, you should read this Notice of Class Action Settlement as it may impact your legal rights.**

*A court authorized this notice.  This is not a solicitation.*

**You must file a Claims Package by [DATE] to receive cash benefits from this Settlement.  To file a Claims Package, please visit the website, www.[URL].com.**

A Settlement has been reached with Apple Inc. and Apple Value Services, LLC ("Apple") in *Barrett v. Apple*, No. 5:20-cv-04812-EJD (N.D. Cal.), a class action lawsuit alleging that Apple did not provide consumers with refunds in connection with a certain type of gift card scam conducted by third-party fraudsters, and allegedly sought to unlawfully limit its liability with regards to this type of gift card scam.  Apple, which was ***not*** the party that perpetrated the scams, denies that it had any responsibility to provide such refunds and denies all allegations of wrongdoing.

Your options are: (1) stay in the class and submit a claim; (2) ask to be excluded from the class (opt out); or (3) object to the Settlement.

The Court has appointed Class Counsel to represent you, and will decide whether to approve the Settlement at a Final Approval Hearing currently scheduled for [DATE].  That date is subject to change without further notice. The current date of the Final Approval Hearing can found on the Settlement Website.

Class Counsel may ask the Court for an award of Attorneys' Fees of up to one third of the $35 million Settlement Amount, and Costs not to exceed [AMOUNT], as well as Service Awards not to exceed [AMOUNT] per Plaintiff.  The Court will determine the amounts to be paid, which will come from the Settlement Amount.

To learn more about your options or to contact Class Counsel, you may visit the Settlement Website at www.[URL].com or call [PHONE NUMBER].  The deadline to file a claim, opt out, or object is [DATE].

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS NOTICE, THIS SETTLEMENT, OR THE CLAIMS PROCESS.**

# EXHIBIT A-6

<u>I</u>N THE <u>U</u>NITED <u>S</u>TATES <u>D</u>ISTRICT <u>C</u>OURT FOR THE <u>N</u>ORTHERN <u>D</u>ISTRICT OF <u>C</u>ALIFORNIA

**IF YOU WERE TRICKED INTO PURCHASING AN APP STORE & iTUNES GIFT CARD AND PROVIDING THE REDEMPTION CODE TO SOMEONE UNKNOWN TO YOU AT ANY POINT BETWEEN JANUARY 2015 AND JULY 2020, YOU SHOULD READ THIS NOTICE OF CLASS ACTION SETTLEMENT AS IT MAY IMPACT YOUR LEGAL RIGHTS.**

*A court authorized this notice.  This is not a solicitation.*

- A Settlement has been reached with Apple Inc. and Apple Value Services, LLC ("Apple" or "Defendants") in *Barrett v. Apple*, No. 5:20-cv-04812-EJD (N.D. Cal.), a class action lawsuit alleging that Apple did not provide consumers with refunds in connection with a certain type of gift card scam conducted by third-party fraudsters, and allegedly sought to unlawfully limit its liability with regards to this type of scam.  Apple, which was ***not*** the party that perpetrated the scams, denies that it had any responsibility to provide such refunds and denies all allegations of wrongdoing.

- You may be included in this Settlement as a "Class Member" and entitled to receive a payment called the "Class Payment" if you purchased an App Store & iTunes Gift Card between January 2015 and July 2020 anywhere in the United States, you provided the redemption code for this gift card to someone unknown to you who sought the code under false pretenses, and you did not receive a full refund or other form of compensation for your complete losses from Defendants or any third party.

- The criteria to be a Class Member are defined more fully in the answers to Questions 5 and 6 below.  Together, all Class Members are collectively known as the "Class."

- You must file a Claim Package by [date] to receive cash benefits from this Settlement.

- Your rights are affected whether you act or don't act.  Read this notice carefully.

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **STAY IN THE CLASS** | The Parties to the Lawsuit have settled for $35 million.  If you purchased an App Store & iTunes Gift Card between January 2015 and July 2020 anywhere in the United States, you provided the redemption code for this gift card to someone unknown to you who sought the code under false pretenses, and you did not receive a full refund or other form of compensation for your complete losses from Defendants or any third party, you are eligible to file a claim for the amount equal to the face value of the eligible App Store & iTunes Gift Card(s) you purchased, less any amounts you have already been refunded, cashed out, or received in compensation from any source in connection with your purchase of the App Store & iTunes Gift Card(s).  Please note that the Class Payments may be reduced depending on the number of valid claims.  Final payment amounts will be calculated and distributed based on the total number and value of valid claims submitted by Class Members. |
| | If you are a Class Member, you have the option of electing to receive a Class Payment by ACH transfer or by check. |
| | If you decide to stay in the Class, you will give up the right to sue Apple in a separate lawsuit related to the subject matter of the claims in the Lawsuit.  The Released Claims are described in more |

**QUESTIONS?  CALL 1•[XXX-XXX-XXX] OR VISIT WWW.[URL].COM**

i

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| | detail in Section 8 of the Settlement Agreement available at www.[URL].com. |
| **ASK TO BE EXCLUDED (OPT OUT)**<br><br>**DEADLINE: [DATE]** | If you decide to opt out of this Settlement, you will keep the right to sue Apple at your expense in a separate lawsuit related to the subject matter of the claims this Settlement resolves, but you give up the right to get a Class Payment from this Settlement.<br><br>This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Apple related to the subject matter of the claims in this Lawsuit.  If you opt out of this Settlement and the Settlement is approved, you will no longer be represented by Class Counsel. |
| **OBJECT TO THE SETTLEMENT**<br><br>**DEADLINE: [DATE]** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement.<br><br>You may object to the Settlement, and if the Settlement is approved by the Court, you may still be able to receive a Class Payment. |
| **GO TO A HEARING ON:**<br><br>**[DATE]** | You may object to the Settlement and ask the Court for permission to speak at the Final Approval Hearing where the Parties will request that the Final Approval Order be entered approving the Settlement.<br><br>You may object to the Settlement and speak at the Final Approval Hearing, and if the Settlement is approved by the Court, you may still be able to receive a Class Payment. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court overseeing this case still has to decide whether to approve the Settlement.

- This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, you may: (1) see the Settlement Agreement available at www.[URL].com; (2) contact Class Counsel representing the Class Members (contact info listed under Question 16 below); (3) access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or (4) visit the office of the Clerk of Court for the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS NOTICE, THIS SETTLEMENT, OR THE CLAIMS PROCESS.**

**QUESTIONS?  CALL 1•[XXX-XXX-XXX] OR VISIT WWW.[URL].COM**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ....................................................................................................... **1**

    1.   Why was this Notice issued? .......................................................................... 1

    2.   What is a class action? .................................................................................. 1

    3.   What is the Lawsuit about? ............................................................................ 1

    4.   Why is there a Settlement? ........................................................................... 1

**WHO IS INCLUDED IN THE SETTLEMENT** .................................................................. **1**

    5.   How do I know if I am part of the Settlement? .............................................. 1-2

    6.   I'm still not sure if I am included in the Class. ............................................... 2

**THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY** ..................... **2**

    7.   What does the Settlement provide? ............................................................... 2

    8.   How much will my Class Payment be? ........................................................... 2

**HOW TO GET A CLASS PAYMENT** ............................................................................... **2**

    9.   How do I get a Class Payment? ................................................................... 2-3

    10.  When would I get my Class Payment? ........................................................... 3

    11.  What rights am I giving up to get a Class Payment and stay in the Class? ................ 3

    12.  What are the Released Claims? .................................................................... 3

**OPTING OUT OF THE SETTLEMENT** ........................................................................... **4**

    13.  How do I request to opt out of the Settlement? .............................................. 4

    14.  If I opt out, can I still get a Class Payment from this Settlement? ...................... 4

    15.  If I do not opt out, can I sue Apple for the same claims later? .......................... 4

**THE LAWYERS REPRESENTING THE CLASS** ............................................................ **4**

    16.  Do I have a lawyer in this case? .................................................................. 4-5

    17.  How will the lawyers be paid? ....................................................................... 5

    18.  May I get my own lawyer? ............................................................................. 5

**OBJECTING TO THE SETTLEMENT** ............................................................................. **5**

    19.  How do I tell the Court that I do not like the Settlement? ................................. 5

    20.  What is the difference between objecting and asking to opt out? ...................... 5

**THE COURT'S FINAL APPROVAL HEARING** ............................................................... **6**

    21.  When and where will the Court decide whether to approve the Settlement? .............. 6

    22.  Do I have to come to the Final Approval Hearing? ........................................... 6

**QUESTIONS?  CALL 1•[XXX-XXX-XXX] OR VISIT WWW.[URL].COM**

23. May I speak at the Final Approval Hearing? ........................................................ 6

**IF YOU DO NOTHING** ................................................................................................. **6**

24. What happens if I do nothing at all? ................................................................... 6

**GETTING MORE INFORMATION** ................................................................................ **6**

25. Are more details available? ................................................................................ 6

**QUESTIONS?  CALL 1•[XXX-XXX-XXX] OR VISIT WWW.[URL].COM**

BASIC INFORMATION

| 1.    Why was this Notice issued? |
|---|

A federal Court authorized this Notice because you have a right to know about the proposed Settlement of the Lawsuit and all of your options before the Court decides whether to approve the proposed Settlement. This Notice explains the Lawsuit, the Settlement, your legal rights, what benefits are available, and who can get them.

Judge Edward Davila of the United States District Court for the Northern District of California is currently overseeing this case and will decide whether to approve the Settlement.    The case is entitled *Barrett v. Apple Inc.*, No. 5:20-cv-04812-EJD (N.D. Cal.).    The people who sued (in this case, Nancy Martin, Michel Polston, Michael Rodriguez, Maria Rodriguez, and Andrew Hagene) are called the Plaintiffs.    The companies they are suing are Apple Inc. and Apple Value Services, LLC, which are called the Defendants.

| 2.    What is a class action? |
|---|

In a class action, one or more people called "Class Representatives" (in this case, Michael Rodriguez, Maria Rodriguez, and Andrew Hagene) are appointed to represent people who have similar claims.    All of the people with similar claims are a "Class" or "Class Members."    One court resolves the issues for all Class Members, except for those who opt out of the Class.

| 3.    What is the Lawsuit about? |
|---|

Plaintiffs brought claims  under California laws based on allegations that Apple did not provide consumers with refunds in connection with a certain type of gift card scam conducted by third-party fraudsters, and allegedly sought to unlawfully limit its liability with regards to this type of gift card scam.

Apple, which is *not* the party that perpetrated the gift card scams, maintains that it did nothing wrong and asserts numerous defenses to the claims in this case.    The proposed Settlement to resolve this Lawsuit is not an admission of guilt or any wrongdoing of any kind by Apple, and it is not an admission by Apple of the truth of any of the allegations in the Lawsuit.

| 4.    Why is there a Settlement? |
|---|

The Court has not decided in favor of the Class or Defendants.    Instead, the Class Representatives and Defendants agreed to a Settlement.    This way, they avoid the cost, burden, and uncertainty of a trial and people who lost money in the type of gift card scam at issue can get benefits.    The Class Representatives and their attorneys think the proposed Settlement is best for all Class Members.

WHO IS INCLUDED IN THE SETTLEMENT

| 5.    How do I know if I am part of the Settlement? |
|---|

Plaintiffs and Defendants have decided that everyone who fits the following description is a Class Member, and is thus included in the Settlement:

> "Settlement Class" shall mean all persons who purchased an App Store & iTunes Gift Card (an "Eligible Gift Card") in the United States and its territories from January 1, 2015 to July 31, 2020, provided the redemption code of such Eligible Gift Card to a third party unknown to them who

sought the code under false pretenses, and did not receive a full refund or other form of compensation for their complete losses from Apple or any third party. Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Defendants have a controlling interest; all employees of any law firm involved in prosecuting or defending this litigation, as well as their immediate family members; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members. Also excluded from the Class are Settlement Class Members who timely and validly request exclusion.

| 6. | I'm still not sure if I am included in the Class. |
|---|---|

If you are still not sure whether you are included in the Class, you can visit the website www.[URL].com, call toll-free 1-[XXX-XXX-XXXX], or write to the *Barrett v. Apple* Class Action Settlement Administrator, [ADDRESS], for more information.

**THE SETTLEMENT BENEFITS-WHAT YOU GET IF YOU QUALIFY**

| 7. | What does the Settlement provide? |
|---|---|

The Parties to the Lawsuit have agreed to a $35 million Settlement. Apple will provide to the Settlement Administrator information for all Class Members for whom it has records. The Settlement Administrator will contact all such Class Members via email or U.S. mail, and will additionally publish notice of this Settlement in print publications and in a digital media campaign. The Settlement Administrator will evaluate all claims by potential Class Members to determine their validity and eligibility and will determine the Class Payment that will be made available to Class Members in accordance with the description provided in the response to Question 8 below.

| 8. | How much will my Class Payment be? |
|---|---|

You may receive the full amount you paid for the gift cards. Class Members shall be compensated in an amount equal to the face value at the time of purchase of the App Store & iTunes Gift Card(s) which are the subject of the Settlement Class Member's claim, less any amounts the Settlement Class Member has already been refunded, cashed out, or received in compensation from any source in connection with their purchase of such App Store & iTunes Gift Card(s). If, after all notice and administration expenses, any attorneys' fees and costs, and any Service Awards are paid, the total value of payments to eligible Settlement Class members would exceed the remaining Settlement Amount, the payments of all eligible Settlement Class members shall be reduced pro rata.

**HOW TO GET A CLASS PAYMENT**

| 9. | How do I get a Class Payment? |
|---|---|

To receive Class Payment, you must submit all of the following items through the website, www.[URL].com:

- Your name, address, telephone number, and email address.

- Any necessary information to complete payment via your payment method of choice (e.g., check or ACH transfer).

**QUESTIONS?  CALL 1•[XXX-XXX-XXX] OR VISIT WWW.[URL].COM**

- An attestation by you that:  (1) you purchased the App Store & iTunes Gift Card(s) that are the subject of your claim during the Class Period and provided the redemption code of these Gift Card(s) to a third party; (2) the third party was unknown to you and sought the redemption code under false pretenses; and (3) your claim excludes any amounts you have already been refunded, cashed out, or received in compensation from any source in connection with your purchase of the App Store & iTunes Gift Card(s) at issue.

- Proof of purchase of the App Store & iTunes Gift Card(s) that are the subject of your claim. This requirement may be satisfied by submitting:

  - A sales receipt that includes:  (i) the purchase date; (ii) the original purchase price; and (iii) at least the last four digits of any gift card number(s) associated with the App Store & iTunes Gift Card(s) that are the subject of your claim; or

  - Evidence of a report to a law enforcement or other government agency that includes:  (i) the purchase or scam date; (ii) the original purchase price or amount lost in the scam; and (iii) the gift card number(s) associated with the App Store & iTunes Gift Card(s) that are the subject of your claim; or

  - Evidence of a contemporaneous report to a gift card retailer, gift card integrator, bank, credit card company, or the AARP that includes:  (i) the purchase or scam date; (ii) the original purchase price or amount lost in the scam; and (iii) the gift card number(s) associated with the App Store & iTunes Gift Card(s) that are the subject of your claim; or

  - ONLY if you received direct notice of the Settlement by email or U.S. mail, an attestation that you previously contacted Apple to report your Scam Incident and provided Apple with one or more of the proofs of purchase set forth above, together with the contact information that you provided to Apple when making your report (to enable Apple to locate records of the report).

- Proof that you provided the redemption code of the App Store & iTunes and Gift Card(s) that are the subject of your claim to someone unknown to you and who sought the redemption code under false pretenses.  This requirement may be satisfied by submitting:

  - A report to a law enforcement or other government agency reflecting that you were a victim of the type of fraud in which you provided the redemption code of an App Store & iTunes Gift Card(s) to someone unknown to you, who sought the redemption code under false pretenses; or

  - A contemporaneous report to a gift card retailer, gift card integrator, bank, credit card company, or the AARP reflecting that you were a victim of the type of fraud in which you provided the redemption code of an App Store & iTunes Gift Card(s) to someone unknown to you, who sought the redemption code under false pretenses; or

  - an attestation that you previously contacted Apple to report your Scam Incident, together with the contact information that you provided to Apple when making your report (to enable Apple to locate records of the report).

## 10.  When would I get my Class Payment?

**QUESTIONS?  CALL 1•[XXX-XXX-XXX] OR VISIT WWW.[URL].COM**

The Court will hold a hearing on [DATE], at [TIME], to decide whether to grant final approval of the Settlement.   If the Court approves the Settlement, there may be objections.    It is always uncertain whether objections will be filed and, if so, how long it will take to resolve them.    Class Payments will be distributed to Class Members as soon as possible, if and when the Court grants final approval of the Settlement and any objections are overruled with finality.    The Court may also elect to move the Final Approval Hearing to a different date or time in its sole discretion, without providing further notice to the Class.   The current date and time of the Final Approval Hearing can be confirmed at www.[URL].com.

## 11. What rights am I giving up to get a Class Payment and stay in the Class?

Unless you opt out, you will remain in the Class.   If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you.   You won't be able to sue, continue to sue, or be part of any other lawsuit against Apple that is related to the subject matter of the claims in this Lawsuit.   The rights you are giving up are called Released Claims, which are explained in Question 12.

## 12. What are the Released Claims?

Generally, if and when the Settlement Agreement becomes final, Class Members who do not opt out will permanently release Apple Inc. and Apple Value Services, integrators of App Store and iTunes Gift Cards, and retailers of App Store and iTunes Gift Cards, including Defendants', Integrators', and Retailers' past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the foregoing), from claims that are related to the subject matter of the claims in this Lawsuit. The Released Claims are described in more detail in Section 8 of the Settlement Agreement, available at www.[URL].com.

### OPTING OUT OF THE SETTLEMENT

If you want to keep the right to sue or continue to sue Apple at your expense for any claim related to the subject matter of this Lawsuit, and you do not want to receive a Class Payment from this Settlement, you must take steps to get out of the Settlement.  This is called opting out of, or excluding yourself from, the Settlement.

## 13. How do I request to opt out of the Settlement?

To opt out, you must send a letter with the following:

- Your name, address, telephone number, email address, and personally executed signature;

- A statement that you wish to opt out of the Class in *Barrett v. Apple Inc.*, No. 5:20-cv-04812-EJD; and

- Any reasonably available proof that you are a Settlement Class Member.

You must mail your opt-out request to:

[ADDRESS]

**QUESTIONS?  CALL 1•[XXX-XXX-XXX] OR VISIT WWW.[URL].COM**

Your opt-out request must be received no later than **[DATE].**

| **14. If I opt out, can I still get a Class Payment from this Settlement?** |
| --- |

No.   If you opt out, you are telling the Court that you don't want to be part of the Class in this Settlement. You can only get a Class Payment if you remain in the Class.   See Question 9.

| **15. If I do not opt out, can I sue Apple for the same claims later?** |
| --- |

No.   Unless you opt out, you are giving up the right to sue Apple regarding any claims that are related to the subject matter of the claims in this Lawsuit.   You must opt out of this Lawsuit to have the ability to start or continue with your own lawsuit or be part of any other lawsuit against Apple.

THE LAWYERS REPRESENTING THE CLASS

| **16. Do I have a lawyer in this case?** |
| --- |

Yes.   The Court appointed the following attorneys to represent you as "Class Counsel":

- Joseph P. Guglielmo, Scott + Scott Attorneys at Law LLP, 230 Park Avenue, 17th Floor, New York, NY 10169 (jguglielmo@scott-scott.com)

- Nyran Rose Rasche, Cafferty Clobes Meriwether & Sprengel LLP, 135 South LaSalle Street, Suite 3210, Chicago, IL 60603 (nrasche@caffertyclobes.com)

- Anthony F. Fata, Kirby McInerney LLP, 211 West Wacker Drive, Suite 550, Chicago, IL 60606 (afata@kmllp.com)

You do not have to pay Class Counsel out of your own pocket.   If you want to be represented by your own lawyer and have that lawyer appear in Court for you in this case, you may hire one at your own expense.

| **17. How will the lawyers be paid?** |
| --- |

Class Counsel may ask the Court for an award of Attorneys' Fees of up to one third of the $35 million Settlement Amount, and Costs not to exceed [AMOUNT], as well as Service Awards not to exceed [AMOUNT] per Plaintiff.  Class Counsel will move for both the Service Awards and for Attorneys' Fees and Costs at the Final Approval Hearing, and the Court will determine the amounts to be awarded.  The Service Awards and Attorneys' Fees and Costs will be paid from the $35 million that the Parties settled for before making Class Payments to Class Members.  Apple reserves the right to object to the amount of the Service Awards and any Attorneys' Fees and Costs.

A copy of Class Counsel's motion for Attorneys' Fees and Costs and for the Class Representatives' Service Awards will be available at www.[URL].com by [DATE].

| **18. May I get my own lawyer?** |
| --- |

If you are in the Class, you are not required to hire your own lawyer because Class Counsel is working on your behalf.  However, if you want your own lawyer, you may hire one at your own expense.   If you opt out of the Settlement, you will no longer be represented by Class Counsel once the Settlement is approved.

OBJECTING TO THE SETTLEMENT

| 19. How do I tell the Court that I do not like the Settlement? |
| --- |

If you are a Class Member, you can tell the Court if there is something about the Settlement that you do not like by submitting an objection.   You can't ask the Court to change the Settlement or order a different Settlement; the Court can only approve or reject the Settlement.   If the Court denies approval, no Class Payments will be sent out and the Lawsuit will continue.    If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing.   If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney.   If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must:  (a) clearly identify the case name and number (*Barrett v. Apple Inc.*, No. 5:20-cv-04812-EJD); (b) include your full name, address, telephone number, email address, and personally executed signature; (c) include the full name, address, telephone number, and email address of your attorney (if you are represented by counsel); (d) state the grounds for the objection; (e) include any reasonably available proof that you are a Settlement Class Member; (f) be submitted to the Court either by mailing to the Clerk of Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, or by filing in person at any location of the United States District Court for the Northern District of California; and (g) be filed or postmarked on or before **[DATE]**.

| 20. What is the difference between objecting and opting out? |
| --- |

Objecting is simply telling the Court that you don't like something about the Settlement.    You can object only if you stay in the Class (and do not opt out).    Opting out is telling the Court that you don't want to be part of the Class.   If you opt out, you cannot object because the Settlement no longer affects you.

THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you don't have to.

| 21. When and where will the Court decide whether to approve the Settlement? |
| --- |

The Court will hold a Final Approval Hearing on [DATE], at [TIME], at the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, Courtroom 4, 5th Floor, San Jose, CA 95113.  At this hearing, the Court will decide whether to approve the Settlement, Class Counsel's request for Attorneys' Fees and Costs, and the Service Awards to the Class Representatives.  If there are objections, the Court will consider them.    The Court may elect to move the Final Approval Hearing to a different date or time in its sole discretion, without providing further notice to the Class.  The current  date and time of the Final Approval Hearing can be confirmed at www.[URL].com.

**QUESTIONS?  CALL 1•[XXX-XXX-XXX] OR VISIT WWW.[URL].COM**

## 22. Do I have to come to the Final Approval Hearing?

No.   Class Counsel will answer any questions the Court may have.    However, you are welcome to come to the Final Approval Hearing at your own expense.   If you send an objection, you do not have to come to Court to talk about it.   As long as you mailed your written objection on time, the Court will consider it.   You may also pay your own lawyer to attend, but that is not necessary.

## 23. May I speak at the Final Approval Hearing?

Yes.    You may ask the Court for permission to speak at the Final Approval Hearing.

### IF YOU DO NOTHING

## 24. What happens if I do nothing at all?

If you are a Class Member and you do nothing, you will not be eligible to receive a Class Payment. However, you will still be bound by the Settlement.

That is, you will not receive a payment, but you will give up the rights explained in Question 12, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Apple related to the Lawsuit or for claims that in any way are related to the subject matter of the claims in this Lawsuit.

### GETTING MORE INFORMATION

## 25. Are more details available?

Visit the website at www.[URL].com, where you will find the Settlement Agreement and other related documents.   You may also call toll-free at 1-[XXX-XXX-XXXX] or write to [ADDRESS].   You may also contact Class Counsel (contact info listed under Question 16 above) or access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT A-7

1   HAL D. CUNNINGHAM (CA Bar No. 243048)
    SCOTT+SCOTT ATTORNEYS AT LAW LLP
2   600 W. Broadway, Suite 3300
    San Diego, CA 92101
3   Telephone: 619-233-4565
    hcunningham@scott-scott.com
4

5   *Attorneys for Plaintiffs and the Class*

6   [Additional counsel on signature page]

7

8

9

10              **UNITED STATES DISTRICT COURT**
11        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                    **SAN JOSE DIVISION**
12

13  CARL BARRETT, et al.,                    Case No. 5:20-cv-04812-EJD

14                 Plaintiffs,               **DECLARATION OF CARLA A. PEAK**
                                             **IN SUPPORT OF SETTLEMENT**
15          v.                               **NOTICE PLAN**

16  APPLE INC., et al.,

17                 Defendants.

18

19

20

21

22

23

24

25

26

27

28

I, Carla A. Peak, pursuant to 28 U.S.C. § 1746 declare as follows:

1.    My name is Carla A. Peak. I have personal knowledge of the matters set forth herein, and if called as a witness I could and would testify competently to them.

2.    I am Vice President of Legal Notification Services for KCC Class Action Services, LLC ("KCC"), a firm that provides comprehensive class action services, including legal notification, email and postal mailing campaign implementation, website design, call center support, class member data management, claims processing, check and voucher disbursements, tax reporting, settlement fund escrow and reporting, and other related services critical to the effective administration of class actions. KCC has developed efficient, secure and cost-effective methods to properly handle the voluminous data and mailings associated with the noticing, claims processing and disbursement requirements of settlements to ensure the orderly and fair treatment of class members and all parties in interest.

3.    I am a nationally recognized expert in the field of legal notification and I have served as an expert in over 500 federal and state cases involving class action notice plans.

4.    KCC has been selected by counsel for the parties to serve as the Settlement Administrator for the settlement in this case.

5.    I provide this Declaration to describe my and KCC's experience,[1] as well as the proposed notice plan (the "Notice Plan" or "Notice Program") for the Settlement[2] designed to provide notice to Settlement Class Members for this class action settlement. KCC will work with the parties to implement the Notice Plan, as well as make any decisions about notice and administration.

---

[1]    KCC acquired Gilardi & Co. LLC in 2015. This Declaration combines the class action notice and administration experience of both firms.

[2]    Capitalized terms not defined herein are defined in the Settlement Agreement.

**EXPERIENCE**

6.       As an industry leader, KCC has been retained to administer more than 7,500 class actions and distributed settlement payments totaling well over a trillion dollars. Our experience includes many of the largest and most complex administrations of both private litigation and of actions brought by state and federal government regulators.

7.       KCC has administered notice plans in a wide range of class actions in the Northern District of California, for example: *Abante Rooter and Plumbing, Inc. v. Alarm.com Inc.*, No. 4:15-cv-06314 11; *Aruliah v. Impax Laboratories, Inc.*, No. 3:14-cv-03673; *Banks v. Nissan North America, Inc.*, No. 4:11-cv-02022; *Bonoan v. Adobe, Inc.*, No. 3:19-cv-01068; *Camberis v. Ocwen Loan Servicing, LLC*, No. 3:14-cv-02970; *Chen v. Chase Bank USA, N.A.*, No. 3:19-cv-01082; *Chinitz v. Intero Real Estate Services*, No. 5:18-cv-05623; *Cisneros v. American General Financial Services, Inc.*, No. 3:11-cv-02869; *Diaz v. Google LLC*, No. 5:21-cv-03080; *Drieu v. Zoom Video Communications, Inc.*, No. 3:20-cv-02353; *Edwards v. National Milk Producers Federation*, No. 4:11-cv-04766; *Ehret v. Uber Technologies, Inc.*, No. 3:14-cv-00113; *Heath v. Google LLC*, No. 5:15-cv-01824; *Hickcox-Huffman v. US Airways, Inc.*, No. 5:10-cv-05193; *Hendricks v. StarKist Co.*, No. 4:13-cv-00729; *Holman v. Experian Information Solutions, Inc.*, No. 4:11-cv-00180; *In re Anthem, Inc. Data Breach Litig.*, No. 5:15-md-02617; *In re Carrier IQ, Inc., Consumer Privacy Litig.*, No. 3:12-md-02330; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 4:07-cv-05944; *In re Extreme Networks, Inc. Securities Litig.*, No. 5:15-cv-04883; *In re Facebook Biometric Information Privacy Litig.*, No. 3:15-cv-03747; *In re HIV Antitrust Litig.*, No. 3:19-cv-02573; *In Re GEICO General Insurance Co.*, No. 4:19-cv-03768; *In re Lidoderm Antitrust Litig.*, No. 3:14-md-02521; *In Re LinkedIn User Privacy Litig.*, No. 5:12-cv-03088; *In Re Lithium Ion Batteries Indirect Antitrust Litig.*, No. 4:13-md-02420; *In Re: NCAA Athletic Grant-In-Aid Antitrust Litig.*, No. 4:14-md-02541; *In re Nexus 6P Products Liability Litig.*, No. 5:17-cv-02185; *In re: Nvidia GTX 970 Graphics Chip Litig.*, No. 4:15-cv-00760; *In Re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-02143; *Johnson v. Triple Leaf Tea Inc.*, No. 3:14-cv-01570; *Knight v. Concentrix Corp.*, No. 4:18-cv-07101; *McArdle v AT&T Mobility LLC*, No. 4:09-cv-01117;

2

1  *Mullins v. Premier Nutrition Corp.*, No. 3:13-cv-01271; *Nevarez v. Forty Niners Football*
2  *Company, LLC*, No. 4:16-cv-07013; *Norris v. Mazzola*, No. 3:15-cv-04962; *Perks v. Activehours*
3  *Inc.*, No. 5:19-cv-05543; *Perrine v. Sega of America, Inc.*, No. 3:13-cv-01962; *Schneider v.*
4  *Chipotle Mexican Grill, Inc.*, No. 4:16-cv-02200; *Sheikh v. Tesla, Inc.*, No. 5:17-cv-02193;
5  *Ragano v. Michaels Stores, Inc.*, No. 3:11-cv-03908; *Slovin v. Sunrun, Inc.*, No. 4:15-cv-05340;
6  *Steinfeld v. Discover Financial Services*, No. 3:12-cv-01118; and *Weeks v. Google LLC*, No. 5:18-
7  cv-00801.

8       8.    KCC has also administered notice plans in a wide range of federal consumer class
9  actions, including: *Cicciarella v. Califia Farms, LLC*, No. 7:19-cv-08785 (S.D.N.Y); *Crane v.*
10 *Sexy Hair Concepts, LLC*, No. 1:17-cv-10300 (D. Mass.); *Elkies v. Johnson & Johnson Services,*
11 *Inc.*, No. 2:17-cv-07320 (C.D. Cal.); *Eubank v. Pella Corp.*, No. 1:06-cv-04481 (N.D. Ill.); *Flaum*
12 *v. Doctor's Associates, Inc.*, No. 0:16-cv-61198 (S.D. Fla.); *Friend v. FGF Brands (USA), Inc.*,
13 No. 1:18-cv-07644 (N.D. Ill.); *Lerma v. Schiff Nutrition International, Inc.*, No. 3:11-CV-01056
14 (S.D. Cal.); *In re Morning Song Bird Food Litig.*, No. 3:12-cv-01592 (S.D. Cal.); *In re Trader*
15 *Joe's Tuna Litig.*, No. 2:16-cv-01371 (C.D. Cal.); *Khan v. BooHoo.com USA, Inc.*, No. 2:20-cv-
16 03332 (C.D. Cal.); *McCrary v. The Elations Company*, LLC, No. 5:13-cv-00242 (C.D. Cal.);
17 *Morrisey v. Tula Life, Inc.*, No. 2021L000646 (Cir. Ct. Ill.); *Poertner v. The Gillette Co. and The*
18 *Procter & Gamble Co.*, No. 6:12-cv-00803 (M.D. Fla.); *Rikos v. The Procter & Gamble Co.*, No.
19 1:11-cv-00226 (S.D. Ohio); and *Suchanek v. Sturm Foods, Inc.*, No. 3:11-cv-00565 (S.D. Ill.).

20      9.    I have personally been involved in many large and significant cases, including *In*
21 *re Experian Data Breach Litigation*, No. 8:15-cv-01592 (C.D. Cal.), a national data breach class
22 action involving over 15 million T-Mobile consumers whose information was stored on an
23 Experian server; *In re: The Home Depot, Inc., Customer Data Security Breach Litig.*, No. 1:14-
24 md-02583 (N.D. Ga.), a national data breach class action involving over 40 million consumers
25 who made credit or debit card purchases in a Home Depot store; *In re: Skelaxin (Metaxalone)*
26 *Antitrust Litigation*, No. 1:12-md-02343 (E.D. Tenn.), a multi-state antitrust settlement involving
27 both third party payors and consumers that purchased or paid for the brand and generic version of

28

1   the prescription drug metaxalone; *Chambers v. Whirlpool Corporation*, No. 8:11-cv-01733 (C.D.

2   Cal.), a national product defect case involving class members who experienced or may experience

3   the overheating of an automatic dishwasher control board; *In re Trans Union Corp. Privacy*

4   *Litigation*, MDL No. 1350 (N.D. Ill.), perhaps the largest discretionary class action notice

5   campaign involving virtually every adult in the United States and informing them about their rights

6   in the $75 million data breach settlement; and *In re Residential Schools Litigation*, No. 00-CV-

7   192059 (Ont. S.C.J.), the largest and most complex class action in Canadian history incorporating

8   a groundbreaking notice program to disparate, remote aboriginal persons qualified to receive

9   benefits in the multi-billion dollar settlement.

10      10.     In forming my opinions, I draw from my in-depth class action case experience. I

11  have worked in the class action notification field for more than 20 years. During that time, I have

12  been involved in all aspects in the design and implementation of class action notice planning, as

13  well as the drafting of plain language notice documents that satisfy the requirements of Rule 23

14  and adhere to the guidelines set forth in the *Manual for Complex Litigation, Fourth* and by the

15  Federal Judicial Center ("FJC").

16      11.     The reach of the Notice Program is consistent with other effective court-approved

17  notice programs. Additionally, the Notice Program is intended to comply with the FJC's 2010

18  Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (the "FJC

19  Checklist"), which considers at least 70% reach among class members to be reasonable.

**NOTICE PLAN**

***Proposed Class Definition***

22      12.     The Settlement Class is defined all persons who purchased an Apple App Store &

23  iTunes Gift Card (an "Eligible Gift Card") in the United States and its territories from January 1,

24  2015 to July 31, 2020, provided the redemption code of such Eligible Gift Card to a third party

25  unknown to them who sought the code under false pretenses, and did not receive a full refund or

26  other form of compensation for their complete losses from Apple or any third party.

4

13.    Excluded from the Settlement Class are Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Defendants have a controlling interest; all employees of any law firm involved in prosecuting or defending this litigation, as well as their immediate family members; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members. Also excluded from the Class are Settlement Class Members who timely and validly request exclusion.

### *Individual Notice*

14.    It is my understanding that email addresses are available for approximately 95,000 Settlement Class Members and approximately 2,700 postal addresses are available for Settlement Class Members without an associated email address (the "Class List").

15.    KCC will send an email notice to all Settlement Class Members for which an email address is available on the Class List. Prior to distributing the email notice, all email addresses will be subject to a cleansing and validation process to, among other things, remove extra spaces and fix common domain name errors, as well as compare addresses against known bad email addresses and verify email existence with Internet Service Providers ("ISPs").

16.    The email notice will be formatted to avoid common "red flags" that could cause the email to be blocked by spam filters. For example, the content of the notice will be placed in the body of the email rather than as an attachment to avoid spam filters and improve deliverability. The email notice will contain a link to the case website.

17.    The email campaign will return data regarding the number of emails successfully delivered and email bouncebacks. Where an email is undeliverable, and a mailing address is available, notice will be sent by mail.

DECLARATION OF CARLA A. PEAK IN SUPPORT OF SETTLEMENT NOTICE PLAN
CASE NO. 5:20-CV-04812-EJD

18. Prior to mailing, the postal addresses will be checked against the National Change of Address (NCOA)[3] database maintained by the USPS; certified via the Coding Accuracy Support System (CASS);[4] and verified through Delivery Point Validation (DPV).[5]

19. Notices returned by the USPS as undeliverable will be re-mailed to any address available through postal service forwarding order information. For any returned mailing that does not contain an expired forwarding order with a new address indicated, KCC will conduct further address searches using credit and other public source databases to attempt to locate new addresses and will re-mail these notices where possible.

### *Target Analysis*

20. The Notice Plan is designed to reach all adults in the United States and its territories. The publication notice portion of the Notice Plan will include some, but not exclusive, focus on adults over the age of 55. Because adults 55 years of age or older who are members of the Settlement Class likely have a propensity to utilize more traditional forms of print and online media, KCC created a robust, multi-faceted print and online media campaign to provide the best notice possible under the circumstances of this litigation.

---

[3] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[4] Coding Accuracy Support System is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.

[5] Records that are ZIP+4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.

*Media Campaign*

21.     In addition to the individual notice efforts described above, KCC will implement a media campaign consisting of print publications, online advertisements, a press release, and outreach to media organizations and member groups that are concerned with senior adults.

22.     KCC will cause the Publication Notice to appear in print  and online digital replicas, where applicable, of publications agreed to by the parties.

23.     Approximately 390,700,000 digital impressions will be purchased programmatically via one or more ad exchanges and distributed over various websites and the social media platform Facebook. The impressions will be broadly targeted and appear alongside content related to news and/or seniors and retirement, where available.

24.     The notices will appear on both desktop and mobile devices, including tablets and smartphones, in display and native ad formats. All digital media notices will include an embedded link to the settlement website.

25.     The Notice Plan also includes a paid search campaign to help drive Settlement Class Members who are actively searching for information about the litigation to the dedicated settlement website. Paid search ads are driven by the user's search activity, meaning that if someone searches for (or has recently searched for) terms related to the litigation, the user may be served with an advertisement directing them to the dedicated settlement website. The search terms used as part of the paid search campaign will directly relate to the settlement, as well as the subject matter of the class action (i.e., victim-assisted gift card fraud).

26.     The digital media campaign will be monitored by KCC's digital specialists to analyze key campaign performance indicators and make real-time modifications, as needed.

*Press Release*

27.     KCC will cause a press release to be issued nationwide to a variety of press outlets. The press release will help garner "earned media" (*i.e*., other media may report about the story). Earned media can provide a valuable role in distributing news and information about the litigation through trusted sources.

28.     The subject matter of this litigation has already received extensive news coverage via Reuters, Aura, Metro US, Fox News, The Verge, 9 to 5 Mac, Yahoo News, Newsweek, PYMNTS, Daily Mail, Mac Daily News, Retail Wire, Apple Support, and other media outlets; therefore, these press outlets may report news regarding the settlement.

*Organizational Outreach*

29.     KCC will conduct an organizational outreach campaign whereby relevant senior organizations will be provided with information about the settlement and asked to share it with interested parties. Organizations may include organizations such as AARP, the National Council on Aging, Working Daughter, Senior Lifestyle, the Alliance of Retired Americans, and more.

*Response Mechanisms*

30.     KCC will establish and maintain a case-specific website to allow Settlement Class Members to obtain additional information about the settlement as well as relevant court filings from the action. Settlement Class Members will be able to complete their claims forms online. Settlement Class Members will be also able to view, download, and/or print the long form Website Notice, the First Amended Class Action Complaint, Defendant's Answer to the First Amended Class Action Complaint, the Settlement Agreement, Plaintiffs' Motion for Preliminary Approval, the Court's Preliminary Approval Order, and other relevant documents and court filings. Settlement Class Members will also be able to review a list of frequently asked questions and answers, and important dates and deadlines.

31.     KCC will establish a case-specific toll-free number to allow Settlement Class Members to call to learn more about the settlement in the form of frequently asked questions and speak with a live representative to answer settlement related questions. The toll-free number will also allow Settlement Class Members to request to have additional information mailed to them.

32.     KCC will establish a case-specific email address to allow Settlement Class Members to correspond directly with KCC regarding the settlement.

**CLAIMS PROCESS**

33.      To obtain a settlement payment, Settlement Class Members must submit a claim form online or by mail. Each identifiable Settlement Class Member who is sent an individual notice will be assigned a unique identifier or "Claim ID" that may be used to expedite claims filing by "pre-populating" name, mailing address, and/or email address information. Claim IDs will be provided in the Postcard Notices and Email Notices. Settlement Class Members who receive an individual notice and wish to file a claim online may enter their Claim ID to view and submit a claim form that has been automatically pre-populated with information corresponding to their unique identifier.

34.      The claim form will seek information necessary to validate and process Settlement Class Members' claims, such as their full name, mailing address, telephone number, email address, and any documentation necessary to substantiate their claim, as well as their signature as verification that all information provided on the claim form is accurate. If a claim is denied due to lack of signature or other required information or documentation, the Settlement Class Member will be notified and provided with an opportunity to correct the claim.

35.      KCC will process all claim forms in accordance with the Settlement Agreement. For purposes of this settlement and the costs of administration, KCC has estimated that up to 50% of the Settlement Class will file a claim. However, the claims rate could be more or less than estimated and will ultimately be determined at the conclusion of the administration.

**CAFA NOTIFICATION**

36.      Upon filing of the Settlement Agreement with the Court, KCC will work with Apple Counsel to fulfill the notice requirements of the Class Action Fairness Act ("CAFA"). KCC will include information detailing CAFA notice fulfillment in a separate report.

**NOTICE PLAN COSTS**

37.      KCC has agreed to cap the costs of notice and settlement administration at $977,500. These costs are based upon the scope of work currently contemplated and include tasks such as data intake and processing, distributing the Email Notice, printing and mailing the Mail

1  Notice, address searches, re-mailing Mail Notices to updated and/or newly located addresses,

2  postage, the media campaign disseminating the Publication Notice, the declaration in support of

3  preliminary approval, weekly case reporting, setting up and maintaining the Settlement Website,

4  including the Website Notice, processing claims and exclusion requests, automated call support

5  (including script drafting and management, monthly maintenance fees, updates, listening to,

6  transcribing and responding to voicemails), processing claims filed, curing deficient claims, claim

7  calculations, disbursements and handling, and staff hours.

8      38.    The costs of settlement administration are consistent with industry standards and

9  cases of similar size and expected scope. These estimated costs are the product of extensive pre-

10 administration consultation with the parties on the expected scope of work. Notice and settlement

11 administration costs as a general matter are a combination of media placements, unitized pricing,

12 and hourly rates. While KCC can and does project costs based upon input from the parties about

13 the likely engagement, informed by our own past experience, ultimately, we are a neutral third-

14 party administrator tasked with handling any administrative tasks requested and required by the

15 circumstances of the administration, regardless of whether the administration falls within

16 projections or greatly exceeds them. These realities are beyond KCC's control and cannot be

17 altered by KCC to limit the work required.

18                              **CONCLUSION**

19     39.    I believe that the proposed Notice Plan is expected to reach more than 85% of the

20 Class, on average 2.7 times each, through the direct and indirect notice efforts described above.

21 Coverage will be further enhanced through the press release and organizational outreach.

22     40.    In my opinion, the Notice Plan proposed is consistent with other effective settlement

23 notice programs. It is the best notice practicable and meets the "reasonably certain to inform" due

24 process communications standard of *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 315

25 (1950). The Notice is consistent with the guidelines set forth in Rule 23, the *Manual for Complex*

26 *Litigation, Fourth*, and the FJC Checklist, which considers 70% reach among class members to be

27 a "high percentage" and reasonable.

28

1

2          I declare under penalty of perjury under the laws of the United States of America that the

3   foregoing is true and correct.

4          Executed this 26th day of February 2024, at Sellersville, Pennsylvania.

5

6

7

8                                                        Carla A. Peak

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CARLA A. PEAK IN SUPPORT OF SETTLEMENT NOTICE PLAN
CASE NO. 5:20-CV-04812-EJD