UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL BARRETT, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>APPLE INC., et al.,<br><br>   Defendants. | Case No.   5:20-cv-04812-EJD<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 282 |

Plaintiffs Nancy Martin, Michel Polston, Maria Rodriguez, and Andrew Hagene ("Plaintiffs"), on behalf of themselves and the Settlement Class as defined below, and Defendant Apple Inc. ("Defendant or Apple") entered into a Settlement Agreement proposing a settlement of this action and its dismissal with prejudice. Settlement Agreement, ECF No. 266-2. Before the Court now is Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion for Final Approval").[1] Mot., ECF No. 282. The Court received no written objections from Settlement Class Members. The Court held a hearing on December 12, 2024, and heard oral arguments from both parties. ECF No. 285. There were no objectors present at the hearing.

Having considered the motions briefing, terms of the Settlement Agreement, arguments of counsel, and other matters on file in this action, the Court **GRANTS** the Motion for Final Approval. The Court finds the Settlement Agreement to be fair, adequate, and reasonable. The

---

[1] The Court is also in receipt of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards ("Motion for Attorneys' Fees"). Mot. for Attorneys' Fees, ECF No. 273; Opp'n to Mot. for Attorneys' Fees, ECF No. 275; Reply in Supp. of Mot. for Attorneys' Fees, ECF No. 279. The Court heard oral arguments from both parties at the December 12, 2024, hearing and took this motion under submission, pending the Court's review of Plaintiffs' new time sheets and further information from the parties regarding the claims rate.

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL
1

1  provisional appointments of the Settlement Class Representatives and Class Counsel are
2  confirmed.

## I. BACKGROUND

This case arises out of Apple's alleged conduct in connection with a scam in which Settlement Class Members were tricked into purchasing Apple App Store & iTunes gift cards by third-party scammers. *See* First Am. Compl. ("FAC"), ECF No. 59; *see also* Order Granting Mot. to Dismiss, ECF No. 97 (describing factual allegations in greater detail).

After two motions to dismiss, the Court ultimately found that Plaintiffs adequately pled Apple's conduct gave rise to claims under the California Consumers Legal Remedies Act ("CLRA"), California Unfair Competition Law ("UCL"), California Penal Code section 496, and common law conversion. *See* Order Granting Mot. to Dismiss. Plaintiffs subsequently filed their motion for class certification, but the parties reached settlement with the assistance of professional mediator, Randall W. Wulff, just before Apple's opposition deadline. *See* Mot. 3. Prior to reaching settlement, the parties had engaged in two years of contentious discovery, including written discovery requests and responses, voluminous document productions, and third-party discovery. *Id.* at 2.

The Court granted Plaintiffs' Motion for Preliminary Approval on May 16, 2024 and provisionally certified the Settlement Class; appointed Nyran Rose Rasche and Nikolas Hagman of Cafferty Clobes Meriwether & Sprengel LLP, Anthony Fata and Sarah Flohr of Kirby McInerney LLP, and Joseph Guglielmo and Amanda Rolon of Scott+Scott, together with their law firms as Class Counsel for the Settlement Class; appointed Plaintiffs as Class Representatives; and appointed KCC Class Action Services, LLC ("KCC") to serve as the Settlement Administrator. Preliminary Approval Order ¶¶ 3, 5, 9, ECF No. 269.

### A. Terms of the Settlement Agreement

#### 1. Class Definition

Pursuant to the provisional class certification in the Court's Preliminary Approval Order, the Settlement Agreement defines the Settlement Class as follows:

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL
2

> [A]ll persons who purchased an Apple App Store & iTunes gift card (an "Eligible Gift Card") in the United States and its territories from January 1, 2015 to July 31, 2020, provided the redemption code of such Eligible Gift Card to a third party unknown to them who sought the code under false pretenses, and did not receive a full refund or other form of compensation for their complete losses from Apple or any third party. Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Defendants have a controlling interest; all employees of any law firm involved in prosecuting or defending this litigation, as well as their immediate family members; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members. Also excluded from the Class are Settlement Class Members who timely and validly request exclusion.

Settlement Agreement ¶ HH, ECF No. 266-2.

### 2. Class Relief

The Settlement Agreement provides for a $35 million non-reversionary fund, which will be used to fully reimburse claimants for the money they lost in the scams. *Id.* ¶ 2.1. There is no injunctive relief. To the extent that there are funds left over, the funds will be deployed in equal part to four entities that work to prevent financial exploitation of elderly and vulnerable adults: AARP Foundation, National Council on Aging, National Adult Protective Services Association, and Consumer Federation of America. Joint Decl. in Supp. of *Cy Pres* Recipients, ECF No. 289.

### 3. Release and Dismissal of Action

In exchange for the relief described above, the Settlement Agreement calls for the dismissal of this action with prejudice and includes a general release for all Settlement Class Members. *Id.* ¶ 8.2.

### 4. Attorneys' Fees and Expenses

The Settlement Agreement provides that Class Counsel may apply to the Court to receive up to 33% of the Settlement Amount in attorneys' fees, as well as reasonable reimbursement for out-of-pocket costs and expenses. *Id.* ¶ 7.1. Class Counsel may apply to the Court for a service award for Plaintiffs. *Id.* ¶ 7.2. Apple reserved its right to object to or oppose Class Counsel's request for fees, costs, expenses, and service awards. *Id.* ¶¶ 7.1, 7.2.

## B. Class Notice and Claims Administration

The Settlement Agreement is being administered by KCC. Order Granting Prelim.

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL
3

Approval 4. Following the Court's Preliminary Approval Order, KCC implemented the Court-approved Notice Plan. Mot. 18–21. The Notice Plan included email notice, mail notice, publication notice, and a settlement website. Decl., of Carla A. Peak ("Peak Decl."), ECF No. 282-2. The Settlement Website included copies of the notice, claim form, and other case-related documents. *Id.* ¶¶ 24, 25. Class Members could submit claims online through the settlement website as well. *Id.* The Notice Plan reached approximately 85% of the Settlement Class. *Id.* ¶ 38.

### C. Objections

The Court received no written objections, and no objectors appeared at the December 12, 2024, hearing. One Settlement Class Member submitted a request for exclusion. Mot. 7.

## II. FINAL APPROVAL OF SETTLEMENT

### A. Legal Standard

At final approval, the Court must first conduct a "rigorous" analysis to confirm that the requirements for class certification under Rule 23(a) and 23(b)(3) are met. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619–22 (1997); *In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (citations omitted). A court may then approve a proposed class action settlement only "after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court must balance several factors to gauge fairness and adequacy, including the following:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Furthermore, class settlements reached prior to formal class certification require a "heightened fairness inquiry." *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir.

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL
4

2019). When reviewing such a pre-certification settlement, the district court must not only explore the *Churchill* factors but also "look[] for and scrutinize[] any subtle signs that class counsel have allowed pursuit of their own self-interests . . . to infect the negotiations." *Id.* at 1043 (internal quotation marks omitted).

### B.  Discussion

#### 1.  Class Certification

The Court finds that class treatment remains appropriate under Rule 23(a) and Rule 23(b)(3).

First, the Court finds that Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy remain satisfied. Plaintiffs anticipated a Settlement Class comprised of approximately 500,000 individuals who all share a common injury—monetary loss as the result of a third-party scam. Mot. 8. The existence of this injury as to each Settlement Class Member could be determined by resolving the same questions, including: whether Apple was obligated to refund consumers; whether Settlement Class Members suffered resulting losses; and the way to calculate Settlement Class Members' losses. *Id.* at 8–9. Plaintiffs' claims are also typical, if not identical, to that of other Settlement Class Members in that the claims against Apple all arise from the same nucleus of facts, i.e., Apple's refusal to refund money stolen from them in a false pretenses gift card scam. *Id.* For that same reason, and in the absence of any facts to the contrary, there is also no indication that Plaintiffs' interests would conflict with that of the Settlement Class such that representation would be inadequate.

Second, as to Rule 23(b)(3), the Court finds that common questions predominate and that the class action mechanism is a superior process for this litigation. Common questions of law and fact predominate over any questions affecting individuals here because every Settlement Class Member has been subjected to the same alleged conduct which caused the same type of harm. The class action mechanism is also superior here given the small amount in dispute for individual class members in comparison to the cost of individual litigation. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1123 (9th Cir. 2017). The alternatives to class certification—approximately 500,000

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL
5

1  separate, individual and time-consuming proceedings, or a complete abandonment of claims by a
2  majority of class members—are not preferable.
3  Therefore, the Court finds that all factors have been met and the Class shall remain
4  certified for the purposes of the Settlement Agreement.  The Court also reaffirms the appointment
5  of Class Counsel and Class Representatives pursuant to Rule 23(g) for all the reasons identified in
6  its Preliminary Approval Order.

### 2. Adequacy of Notice

Adequate notice requires the best notice practicable, whereby the notice must be reasonably calculated to apprise the Settlement Class members of the proposed settlement and of their right to object or to exclude themselves; must constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and must meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).  Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  Ultimately, "the class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982).

The Court finds that the Notice Plan provided the best notice practicable.  Pursuant to the procedures approved by the Court in its Preliminary Approval Order, KCC carried out the Notice Plan and reached 85% of potential Settlement Class Members.  The Notice Plan employed methods including email notice, mail notice, publication notice, and a settlement website, which contained all necessary case-related documents.  Given the lengths that KCC took to notify the Settlement Class and the resulting expansive reach of the Class Notice, the Court finds that the Court-approved Notice Plan has been fully and properly implemented by the parties and Class Administrator and the Settlement Class has been provided adequate notice of the pendency of this action and the opportunity to opt out or present their objections.

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL
6

### 3.  Settlement Is Fair and Reasonable

The Court finds that the Settlement Agreement is fair, reasonable, and adequate under the *Churchill* factors.  The Court will analyze each factor in turn.

#### a.  Strength of the Case

To assess strength of the case, "the district court's determination is nothing more than an amalgam of delicate balancing, gross approximations and rough justice." *Officers for Justice*, 688 F.2d at 625 (internal quotations omitted).  There is no "particular formula by which that outcome must be tested," *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009), and the district court is not required to render specific findings on the strength of all claims.  *Lane*, 696 F.3d at 823 (9th Cir. 2012).

The Court finds that the Settlement Agreement adequately reflects the strength of Plaintiffs' case, as well as Apple's position.  The strengths of this case include the large number of potential class members, the survival of claims through two motions to dismiss, and the undisputed fact that many Settlement Class Members were severely impacted by financial crimes involving large sums of money.  However, this litigation presents significant hurdles that could weaken Plaintiffs' case, including untested theories of third-party scam liability and a lack of factually similar cases—this is the first case to receive recovery for victims of a gift card scam such as this.  The Settlement Agreement strikes the appropriate balance in these circumstances.

#### b.  Risk, Expense, Complexity, and Likely Duration of Further Litigation

The Court finds that the risks, expense, complexity, and likely duration of further litigation also support the Court's final approval of the Settlement Agreement.  Given Apple's maintenance of no liability, Apple's participation as a third-party to the underlying scam, the lack of guarantee for substantial damages, the untested factual circumstances of this case, and the additional time and expense further litigation undoubtably would create, a negotiated resolution under these circumstances was proper.  *See, e.g.*, *Lane*, 696 F.3d at 820 (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL

7

trial"); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (stating that the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015) (the fact that the amount of damages may not be susceptible of exact proof or may be uncertain, contingent, or difficult of ascertainment does not bar recovery).

### c.   Risk of Maintaining Class Action Status Throughout Trial

Although a class can be certified for settlement purposes, the notion that a district court could decertify a class at any time is an inescapable and weighty risk that weighs in favor of a settlement. *See Rodriguez*, 563 F.3d at 966 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

The Court finds that the risk of maintaining class action status throughout trial favors approval of the Settlement Agreement. Specifically here, issues regarding class representatives' non-compliance with discovery obligations, lack of documentary proof, and fading memories could have placed Plaintiffs' class action status at risk during trial.

### d.   Amount Offered

The Court finds that the monetary relief is fair, adequate, and reasonable. Under the terms of the Settlement Agreement, Apple will pay $35 million into a non-reversionary common settlement fund. The fund will issue monetary awards directly to claimants, as well as cover attorneys' fees and costs, the cost of class notice and settlement administration, and the Class Representatives' service awards, with the remaining funds to be distributed to four *cy pres* recipients that work in furtherance of preventing financial exploitation of elderly and vulnerable adults: AARP Foundation, National Council on Aging, National Adult Protective Services Association, and Consumer Federation of America. And notably, all Settlement Class Members are expected to receive 100% of the money they lost in the scams.

### e.   Extent of Discovery

Prior to reaching the Settlement Agreement, the Parties engaged in approximately two years of contentious discovery, requiring participation in regular discovery conferences with

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL
8

Magistrate Judge DeMarchi. Mot. 12–13. The Court finds that the amount of investigation and discovery conducted shows that the parties had adequately developed a perspective on the strengths and weaknesses of their respective cases to "make an informed decision about settlement." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)).

### f.  Experience and Views of Counsel

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Rodriguez*, 563 F.3d at 967. Consequently, "'[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness.'" *In re Omnivision Techns., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2009) (quoting *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)).

Given the extensive experience of Class Counsel with complex class action lawsuits of a similar size to the instant case, the Court finds that this factor also favors approval of the settlement.

### g.  Presence of a Governmental Participant

The Class Action Fairness Act, or "CAFA," requires that notice of a settlement be given to state and federal officials and provides those officials a window of time to comment. 28 U.S.C. § 1715(b). "Although CAFA does not create an affirmative duty for either state or federal officials to take any action in response to a class action settlement, CAFA presumes that, once put on notice, state or federal officials will raise any concerns that they may have during the normal course of the class action settlement procedures." *Garner*, 2010 WL 1687832, at *14.

No governmental agency is involved in this litigation. The Attorney General of the United States and Attorneys General of each State have been notified of the proposed Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, and had an opportunity to raise any concerns or objections. Peak Decl., ¶¶ 5–7. No objections have been made by the government to date.

### h.  Reaction of Class Members to the Proposed Settlement

"[T]he absence of a large number of objections to a proposed class action settlement raises

a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation omitted).

The Court finds that the reaction of the class was overwhelmingly positive. Out of the estimated 500,000 class members, the Court received no objections and only one request for exclusion.

In sum, all the applicable factors weigh in favor of finding that the Settlement Agreement is fair and reasonable.

### 4. Collusion

The Ninth Circuit has articulated the following "subtle signs" of collusion of which a court should be "particularly vigilant" when scrutinizing settlements achieved prior to class certification: (1) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded"; (2) "clear sailing" arrangements; and (3) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (internal quotations and citations omitted).

The Court finds that there is no evidence of conflicts of interest nor are there "subtle signs" of collusion here. The Settlement Agreement was reached only after hard-fought arm's-length negotiations between experienced counsel, including one full-day mediation session with experienced mediator Randall W. Wulff and other continued negotiations. Mr. Wulff's involvement and mediator's proposal demonstrates, in part, non-collusive conduct. *See G. F. v. Contra Costa Cnty.*, No. 13-cv-03667, 2015 WL 4606078, at *13 (N.D. Cal. July 30, 2015) ("[T]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.") (internal quotation marks and citation omitted). The Parties also did not reach an agreement regarding the amount of attorney's fees to which they were entitled. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019). Rather, the attorneys' fees will be provided from the Settlement Fund, indicating that the parties have not negotiated a "clear

sailing" arrangement, which "carries the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class." *Bluetooth*, 654 F.3d at 947 (internal quotation marks omitted).

### III. CONCLUSION

Based on the preceding discussion, the Court finds that the Settlement Agreement is fair, adequate, and reasonable; that it satisfies Federal Rule of Civil Procedure 23(e) and the fairness and adequacy factors; and that it should be approved and implemented.

The Motion for Final Approval is **GRANTED**. This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Federal Rule of Civil Procedure 58.

Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement Agreement.

The parties shall file a post-distribution accounting statement in accordance with this District's Procedural Guidance for Class Action Settlements no later than **August 29, 2025**.

The Court sets a compliance deadline hearing on **September 11, 2025, at 9:00 a.m.** to verify timely filing of the post-distribution accounting.

**IT IS SO ORDERED.**

Dated: December 19, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL
11