UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL BARRETT, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>APPLE INC., et al.,<br><br>   Defendants. | Case No. 5:20-cv-04812-EJD<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Re: Dkt. No. 273 |

Before the Court is Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards. Mot., ECF No. 273. For the reasons stated below, the Court **GRANTS** Class Counsel's motion.

## I. BACKGROUND

On December 19, 2024, the Court granted Class Counsel's Motion for Final Approval of the Class Action Settlement. Order, ECF No. 291. The Court incorporates the facts of the Settlement Agreement as described in that Order. At that time, the Court deferred ruling on the present motion pending Class Counsel's submission of supplemental billing records and further briefing on the updated claims rate. Having received this additional information, the Court now rules on Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards. *See* Suppl. Decl., ECF No. 292.

Class Counsel seek $11.65 million in attorneys' fees, $546,657.27 in litigation expenses, and $10,000 services awards for four named Plaintiffs, Michel Polston, Nancy Martin, Maria Rodriguez, and Andrew Hagene (collectively, "Named Plaintiffs"). Apple filed an opposition, which the Court will discuss in its analysis below. *See* Opp'n, ECF No. 275.

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOT. FOR FEES, EXPENSES, AND SERVICE AWARDS
1

## II. DISCUSSION

The Court will discuss in turn Class Counsel's requests for attorneys' fees, expenses, and service awards.

### A. Standing

As an initial matter, however, the Court addresses Class Counsel's argument that Apple does not have standing to challenge the fees award because any fees will come from the common class fund, not from Apple. Class Counsel cite to this Court's order in *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827- EJD, 2023 WL 2090981, at *11 n.7 (N.D. Cal. Feb. 17, 2023), *appeal dismissed*, No. 23-15416, 2023 WL 10447843 (9th Cir. Aug. 8, 2023), where the Court found "that Apple lacks standing to object to the proposed fee awards as 'a settling defendant in a class action [that] has no interest in the amount of attorney fees awarded when the fees are to be paid from the class recovery rather than the defendant's coffers.'" *Id.*

The Court agrees that Apple does not have an interest in the amount of fees awarded here; but nevertheless, as it did in *In re Apple Inc. Device Performance Litigation*, the Court will still examine Apple's arguments as helpful for the Court to satisfy its fiduciary duties. *See, e.g., In re: Cathode Ray Tube (Crt) Antitrust Litig.*, 2016 WL 3648478, at *23 (N.D. Cal. July 7, 2016) ("Even if a Court finds that a putative objector lacks standing to object, it may still consider that putative objector's objections to a class settlement, which may help the Court satisfy its fiduciary duties.") (citing *Stetson v. Grissom*, 2016 WL 2731587, at *2 (9th Cir. May 11, 2016)).

### B. Attorneys' Fees

Attorneys' fees may be awarded in a certified class action under Federal Rule of Civil Procedure 23(h). Such fees must be found "fair, reasonable, and adequate" in order to be approved. Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). To "avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Id.* at 963. "[T]he members of the class retain an interest in assuring that the fees to be paid class counsel are not unreasonably high," since unreasonably high fees are a

likely indicator that the class has obtained less monetary or injunctive relief than they might otherwise. *Id.* at 964. Courts analyze an attorneys' fee request based on either the "lodestar" method or a percentage of the total settlement fund made available to the class, including costs, fees, and injunctive relief. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth Circuit encourages courts to use the lodestar method as a cross-check in order to avoid a "mechanical or formulaic approach that results in an unreasonable reward." *In re Bluetooth*, 654 F.3d at 944–45 (citing *Vizcaino*, 290 F.3d at 1050–51).

Accordingly, the Court will examine whether the request is an appropriate percentage of the fund and then use the lodestar method as a cross-check.

### 1. Percentage of the Fund

When using the percentage of the fund method, courts consider a number of factors, including the results achieved, the risk, counsel's performance, the burdens of litigation, and whether the case was handled on a contingency basis. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954–55 (9th Cir. 2015) (quoting *Vizcaino*, 290 F.3d at 1047–50). "[T]he most critical factor [in determining appropriate attorney's fee awards] is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). Under the percentage of the fund method, courts in the Ninth Circuit "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *In re Bluetoo*th, 654 F.3d at 942 (citing *Six (6) Mexican Workers*, 904 F.2d at 1311). The benchmark should be adjusted when the percentage recovery would be "either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers*, 904 F.2d at 1311.

Here, Class Counsel ask for a fee award of $11.65 million, which is equal to 33.33% of the Settlement Fund. Apple opposes Class Counsel's request for attorneys' fees, arguing in part that the recovery and claims rate here is not exceptional, this is not an unusually risky case, there are no comparable cases, and contingency alone does not justify an upward deviation.

Having considered the relevant factors, the Court exercises its discretion to find that a

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOT. FOR FEES, EXPENSES, AND SERVICE AWARDS
3

33.33% request is appropriate in these circumstances. The $25 million non-reversionary Settlement Fund is an excellent result in large part because the Settlement Fund will fully reimburse all class members for the money they lost in the scams. During the hearing, the Court originally noted concerns about the claims rate, which at that time was 2.1% for known class members and 10.75% for unknown class members, and the Court requested additional briefing after the claims period closed. In the updated briefing, Class Counsel report a final claim rate of 2.32% for known class members and 14.52% for unknown class members. The Court is now satisfied that Class Counsel made every effort to maximize the claim rate before the period closed. This result was also hard-fought. The parties only reached settlement after approximately four years of litigation, including two years of discovery, two rounds of motions to dismiss, a motion for class certification, which was pending when the parties reached settlement, and mediation discussions. Class Counsel further undertook substantial risk by agreeing to litigate this case on a purely contingent basis given the magnitude of the class, complicated and technical facts, well-funded defendants, and numerous contested issues. The Court also notes that an award of this percentage is consistent with other awards in the Ninth Circuit. *See, e.g., In re Vizio, Inc., Consumer Priv. Litig.*, 2019 WL 12966638, at *6 (C.D. Cal. July 31, 2019), *judgment entered sub nom. in re VIZIO, Inc., Consumer Priv. Litig.*, No. 16-ml-3818854, 2019 WL 3818854 (C.D. Cal. Aug. 14, 2019) (awarding 33% of the settlement amount in attorneys' fees in consumer protection case asserting violations of the CLRA and UCL); *see also Martinelli v. Johnson & Johnson*, No. 2:15- cv-01733, 2022 WL 4123874, at *9 (E.D. Cal. Sept. 9, 2022) (same).

### 2. Lodestar

Under the lodestar approach, a court multiplies the number of hours reasonably expended by the reasonable hourly rate. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). A reasonable hourly rate is typically the prevailing market rate in the relevant community. *Id.* Since a benchmark award might be reasonable in some cases but arbitrary in cases involving an extremely large settlement fund, the purpose of the comparison with the lodestar is to ensure counsel is not overcompensated. *In re Coordinated Pretrial Proceedings in Petroleum Prods.*

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOT. FOR FEES, EXPENSES, AND SERVICE AWARDS
4

*Antitrust Litig.*, 103 F.3d 602, 607 (9th Cir. 1997).

Here, as of July 31, 2024, Class Counsel spent 16,622.5 hours between three law firms litigating this action, resulting in a lodestar of $11,701,465. Accordingly, Class Counsel's requested fee of $11.65 million has a negative multiplier of 0.99. Among the participating law firms, the hourly rates charged by attorneys range from $500 to $1,545.

During the hearing, Apple raised concerns regarding the lack of itemized billing records to support Class Counsel's lodestar calculations. Though the Court originally shared Apple's concerns, after receiving and reviewing the supplemental billing records submitted by Class Counsel, the Court is now satisfied that the hourly rates and number of hours attributed to this case are reasonable. The reasonableness is further supported by an examination of the hours not included in this lodestar calculation, including timekeepers with fewer than ten hours, and the time spent since July 31, 2024. Considering the above, the Court finds that the lodestar cross-check confirms the reasonableness of the percentage-based calculation.

Therefore, the Court **GRANTS** Class Counsel's request for attorneys' fees in the amount of $11.65 million.

### C. Expenses

Class Counsel also seek $546,657.27 in litigation expenses. Class Counsel are entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters). Costs compensable under Rule 23(h) include "nontaxable expenses that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Court finds that Class Counsel's request for compensation in the amount of $546,657.27 is supported by the record and the amount is reasonable, fair, and adequate.

Therefore, the Court **GRANTS** Class Counsel's request for $546,657.27 in litigation expenses.

### D. Service Awards

Service awards are "intended to compensate class representatives for work undertaken on behalf of a class" and "are fairly typical in class action cases." *DVD-Rental*, 779 F.3d at 943 (internal quotation marks and citation omitted). The district court must evaluate a service award request using relevant factors including "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton*, 327 F.3d at 977. "Such awards are discretionary and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958–59 (internal citation omitted). The Ninth Circuit has emphasized that district courts must "scrutiniz[e] all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163 (9th Cir. 2013).

Here, Class Counsel request service awards of $10,000 for four Named Plaintiffs. Apple does not challenge the $10,000 award as to Plaintiffs Hagene and Rodriguez, but argues that Plaintiffs Martin and Polston are ineligible for a service award because they were not class representatives, and they made inconsistent statements in their depositions.

The Court finds that the requested service awards as to all four Named Plaintiffs are reasonable. All Named Plaintiffs made considerable efforts in this case, including spending numerous hours reviewing drafts of pleadings and discovery responses, participating in telephone calls with Class Counsel, retrieving documents to produce during discovery, responding to several discovery requests from Defendants, preparing for and appearing for their depositions, and reviewing and approving the Settlement. Though Martin and Polston are not class representatives, their considerable efforts furthered the interest of the class and benefited Class Counsel's litigation strategy. *See, e.g., Trujillo v. City of Ontario*, No. 04-cv-1015, 2009 WL 2632723, at *5 (C.D. Cal. Aug. 25, 2009) (awarding $10,000 service awards to individuals who were named plaintiffs

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOT. FOR FEES, EXPENSES, AND SERVICE AWARDS
6

1  but not class representatives in part because of their contributions to the prosecution of the

2  litigation). The Court also observes that this award is consistent with others in this district. *See,*

3  *e.g., Nelson v. Avon Products, Inc.*, No. 13-cv-02276, 2017 WL 733145, at *6–7 (N.D. Cal. Feb.

4  24, 2017) (finding $10,000 service award appropriate given the plaintiff's discovery efforts and

5  active participation in the litigation); *Moore v. PetSmart, Inc.*, No. 12-cv-3577-EJD, 2015 WL

6  5439000, at *13 (N.D. Cal. Aug. 4, 2015) (same).

The Court further finds no evidence that Martin and Polston committed perjury or were deceptive in their depositions. Though they could not find documentation to support their claims and made some inconsistent statements, i.e., changing the names of the technology companies that could have been the source of the scam, the Court is not troubled by this conduct given the unique circumstances of this case. As discussed in the hearing, this class is generally comprised of older, unsophisticated, and vulnerable individuals who fell victim to a third-party scammer online, and documentation of the scam was often discarded by class members or destroyed per the instruction of the scammer. The lack of documentation and inconsistent statements thus carries less weight in the Court's examination of credibility here than it might in other class actions.

Therefore, the Court **GRANTS** Class Counsel's request for service awards in the amount of $10,000 for Named Plaintiffs Hagene, Rodriguez, Martin, and Polston.

### III.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion for Attorneys' Fees and Expenses. Class Counsel are awarded $11.65 million in attorneys' fees and $546,657.27 in litigation expenses. Named Plaintiffs are granted a service award of $10,000 each.

**IT IS SO ORDERED.**

Dated: April 3, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-04812-EJD
ORDER GRANTING MOT. FOR FEES, EXPENSES, AND SERVICE AWARDS
7